## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RYANAIR DAC,<br><br>       Plaintiff,<br><br>     v.<br><br>BOOKING HOLDINGS INC.,<br>BOOKING.COM B.V., KAYAK<br>SOFTWARE CORPORATION,<br>PRICELINE.COM LLC, and AGODA<br>COMPANY PTE. LTD,<br><br>       Defendants. | C.A. No. 20-01191-LPS |

## DECLARATION OF GERARD KELLY IN SUPPORT OF MOTION TO DISMISS

I, Gerard Kelly, declare:

1.      I am over the age of twenty-one (21) and of sound mind.  I am an attorney with the law firm of Mason, Hayes & Curran LLP ("MHC") in Dublin, Ireland.  MHC represents Booking Holdings Inc. ("BHI") and its subsidiaries in various matters in Ireland and across Europe.

2.      After earning my BA in Law and Accounting at the University of Limerick, I earned an LLM in Commercial Law at University College Dublin, a Postgraduate Diploma in Copyright Law at King's College London, and an LLM in International Intellectual Property from the University of London.

3.      I am the Head of the Intellectual Property Law and Technology Disputes team at MHC.  I specialize in commercial and intellectual property litigation.  I have two decades of experience with litigation in the Irish courts.

4.      I submit this Declaration in order to provide information on certain questions of Irish law and legal procedure that are relevant to the Defendants' motion to dismiss in the above-captioned matter.

5.      Plaintiff Ryanair DAC ("Ryanair") filed a Plenary Summons against Booking.com B.V. ("Booking.com"), a BHI subsidiary, and ORY SRG Finland AB in the Irish High Court on November 14, 2019.  The attached **Exhibit 1** is a true and correct copy of the Plenary Summons.  MHC and I represent Booking.com in this action.

6.      The Plenary Summons alleges Booking.com engages in data scraping in violation of Ryanair's Terms of Use.  The allegations in the Plenary Summons regarding data scraping appear to arise from the same facts and circumstances as are alleged in the complaint filed by Ryanair in the United States District for the District of Delaware, which I have reviewed.

7.      The co-defendant in the case is ORY SRG Finland AB, a wholly-owned subsidiary of Etraveli Group.

8.      The Plenary Summons makes claims for breach of contract, negligence, misrepresentation in tort or contract, nuisance, passing off, trespass to goods, conversion, trademark infringement, copyright infringement, wrongful interference in economic relations, and breach of property rights.  The suit seeks wide-ranging remedies, including an injunction, declaratory orders, specific performance, damages, and restitution.

9.      BHI and its other subsidiaries—Agoda Company Pte. Ltd, Priceline.com LLC, and KAYAK Software Corporation ("KAYAK")—are not parties to the Irish proceedings.  Pursuant to Order 15 Rule 13 of the Rules of the Superior Courts, the Irish High Court may at any stage prior to the making of final orders in the matter, and either upon or without the application of either party

2

(including Ryanair), order that additional parties be joined to the proceedings.  It is therefore possible that the other BHI subsidiaries could be joined to the Irish proceedings in order to enable the court to "effectually and completely" adjudicate the matter before it.

10.     The Irish High Court is able to compel non-party witnesses to testify. For witnesses in Ireland, their testimony can be compelled by subpoena.  For witnesses based in the European Union ("EU"), the Evidence Regulation provides a means by which a witness in another EU Member State can be compelled to give evidence in civil or commercial proceedings in Ireland.  For witnesses based outside of the EU, the Irish court can be asked to issue a letter of request or rogatory seeking the assistance of the relevant foreign court in the taking of the witness' evidence.  For witnesses based in the United Kingdom, the Irish court could also make a request under the Evidence (Proceedings in Other Jurisdictions) Act 1975, which is applicable post-Brexit.

11.     In addition, the Irish Courts allow for the provision of oral evidence by way of video link.  There is no prescribed criteria that has to be satisfied in order for this to be permitted, and the Judge therefore has wide discretion in this regard in accordance with the inherent jurisdiction of the court.

12.     I am familiar with the procedural history and status of the action Ryanair filed against Booking.com in the High Court.  The Irish case has not progressed against Booking.com since Ryanair filed the Plenary Summons.  My law firm entered an Appearance to the proceedings on behalf of Booking.com on January 20, 2020.  McCann Fitzgerald Solicitors entered an Appearance to the proceedings on behalf of OY SRG Finland AB on February 26, 2020. Such entry of an Appearance requested service of a Statement of Claim.

13.     Since filing this action, Ryanair has not done anything to pursue the litigation.  Its next step would be delivery of a Statement of Claim, which Ryanair has not yet served.  Once the Statement of Claim is served, Booking.com's defense will then be due within 28 days unless a notice for particulars is raised by Booking.com in respect of the Statement of Claim.  Nothing is due from Booking.com until it receives Ryanair's Statement of Claim.

14.     Ryanair's attempts to limit travel agencies from selling Ryanair tickets raise potential claims under European Union competition law, including for abuse of dominant position.  In *LMnext CH S.A (Lastminute.com s.r.l.) v. Ryanair Ltd.,* Case 29237/2019 (Nov. 12, 2019), and *Viaggiare s.r.l. v. Ryanair Ltd.*, Case 29238/2019 (Nov. 12, 2019), an action brought by two Italian online travel agencies, the Supreme Court of Italy found a legal basis for further proceedings against Ryanair for abuse of its dominant position leading to discriminatory behavior by preventing effective competition and harming consumers.

15.     Ryanair has filed many similar lawsuits related to alleged "data scraping" in the High Court, including against Momondo A/S,[1] Vola.ro SRL, Flightbox Sp. z o.o, and Skyscanner Ltd.  The attached **Exhibit 2** is a true and correct copy of the webpage located at http://highcourtsearch.courts.ie/hcslive/case_search.show?sessionId=1904217726&yearNo=&recordNo=&processType=P&plaintiffSurname=ryanair+dac&plaintiffFirstName=&dependantSurname=&dependantFirstName=&setDownType=&setDownNo=&setDownNoX=&setDownVenue=&courtListDate=&listType=&appealCourtRef=&supremeCourtRef=&actionButton=Search, accessed on January 20,

---

[1] Momondo is now a subsidiary of KAYAK.  Ryanair's lawsuit against Momondo predates the KAYAK acquisition.

4

2021.  Exhibit 2 is a search of the Irish High Court website for "Ryanair DAC" as a plaintiff.

16.     The High Court has found that it has jurisdiction to hear a data scraping case brought by Ryanair against a foreign online travel agency.  The attached **Exhibit 3** is a true and correct copy of an opinion from the High Court in one such case, *Ryanair DAC v. SC Vola.ro SRL*, [2019] IEHC 239 (Jan. 14, 2019).

17.     In addition to simply filing its Statement of Claim in the High Court, Ryanair could, subject to the court considering there to be egregious delay, accelerate the litigation against Booking.com by applying to have the case transferred from the ordinary High Court to a division of the Irish High Court, known as the Commercial Court. The Commercial Court has the power to hear and fast track IP disputes at its discretion and proceedings, including claims for IP infringement, qualify as "commercial proceedings" under the Irish court rules for this purpose.  The Judge in charge of the Commercial Court case manages the litigation and short deadlines are imposed for the exchange of pleadings, witness statements, and submissions.  A trial in the Irish Commercial Court could ordinarily be expected within a year.

18.     I practice regularly in the High Court and to my knowledge, there is no court congestion problem in the Irish courts.  Litigation can move quickly through the system but because there is no active case management or oversight by the Irish High Court, progress depends on the plaintiff being proactive in advancing the litigation.

MHC-24274357-1

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed in Dublin, Ireland on January 21, 2021.

_____

Gerard Kelly

MHC-24274357-1