# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RYANAIR DAC,<br><br>      Plaintiff,<br><br>   v.<br><br>BOOKING HOLDINGS INC., BOOKING.COM B.V., KAYAK SOFTWARE CORPORATION, PRICELINE.COM LLC, and AGODA COMPANY PTE. LTD,<br><br>      Defendants. | C.A. No. 20-01191-LPS |

**BOOKING HOLDINGS INC., BOOKING.COM B.V., KAYAK SOFTWARE CORPORATION, PRICELINE.COM LLC, AND AGODA COMPANY PTE. LTD.'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT <u>OR, IN THE ALTERNATIVE, TO STAY</u>**

OF COUNSEL:

John H. Hemann
Kathleen Hartnett
Lauren Pomeroy
COOLEY LLP
101 California St., 5th Fl.
San Francisco, CA 94111
(415) 693-2200
jhemann@cooley.com
khartnett@cooley.com
lpomeroy@cooley.com

Dated: February 25, 2021

Jeffrey L. Moyer (#3309)
Valerie A. Caras (#6608)
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
moyer@rlf.com
caras@rlf.com

*Attorneys for Defendants*

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................. 1

ARGUMENT ......................................................................................................................... 1

I. THE COMPLAINT SHOULD BE DISMISSED UNDER THE DOCTRINE OF *FORUM NON CONVENIENS* ............................................................................... 1

    A. Ireland Provides an Adequate Alternative Forum ................................. 1

    B. Ryanair's Delaware Forum Choice Merits Little Deference ................. 2

    C. The Balance of Private and Public Interest Factors Heavily Favor Dismissal .................................................................................................. 3

        1. The Private Interest Factors Favor Dismissal ............................ 3

        2. The Public Interest Factors Favor Dismissal ............................. 6

II. THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT IMPERMISSIBLY SEEKS EXTRATERRITORIAL APPLICATION OF U.S. LAW ............................................................................................................................ 7

III. ALTERNATIVELY, THIS CASE SHOULD BE STAYED PENDING THE SUPREME COURT'S RESOLUTION OF *VAN BUREN* AND *LINKEDIN* ................... 9

IV. CONCLUSION ............................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Apple Inc. Device Performance Litig.*,
   347 F. Supp. 3d 434 (N.D. Cal. 2018) ...................................................................................7

*Arcelik, A.S v. E.I. DuPont de Nemours & Co.*,
   C.A. No. 15-961-LPS, 2018 WL 1401327 (D. Del. Mar. 20, 2018) ........................................2

*Eurofins Pharma US Holdings v. BioAlliance Pharma SA*,
   623 F.3d 147 (3d Cir. 2010)..............................................................................................3, 6

*Gulf Oil Corp. v. Gilbert*,
   330 U.S. 501 (1947)..............................................................................................................6

*hiQ Labs, Inc. v. LinkedIn Corp.*,
   938 F.3d 985 (9th Cir. 2019) ............................................................................................9, 10

*Lacey v. Cessna Aircraft Co.*,
   862 F.2d 38 (3d Cir. 1988)....................................................................................................5

*LinkedIn Corp. v. hiQ Labs, Inc.*,
   No. 19-1116 (filed Mar. 9, 2020)........................................................................................9, 10

*Morrison v. Nat'l Australia Bank Ltd.*,
   561 U.S. 247 (2010)...........................................................................................................8, 9

*Path to Riches, LLC v. CardioLync, Inc.*,
   290 F. Supp. 3d 280 (D. Del. 2018).......................................................................................3

*Piper Aircraft v. Reyno*,
   454 U.S. 235 (1981)...........................................................................................................1, 2

*Ryanair DAC v. Expedia Inc.*,
   No. C 17-1789, 2018 WL 3727599 (W.D. Wash. Aug. 6, 2018) ....................................7, 8, 9

*Snöfrost AB v. Hakansson*,
   353 F. Supp. 3d 99 (D. Mass. 2018) .....................................................................................1

*Triple Crown America, Inc. v. Biosynth AG*,
   No. CIV.A. 96-7476, 1998 WL 227885 (E.D. Pa. Apr. 30, 1998) ...........................................2

*United States v. Ivanov*,
   175 F. Supp. 2d 367 (D. Conn. 2001)....................................................................................8

*Van Buren v. United States*,
   No. 19-783 (filed Dec. 18, 2019).......................................................................................9, 10

# TABLE OF AUTHORITIES
# CONTINUED

**Page(s)**

*Weisel Partners LLC v. BNP Paribas*,
   No. C 07-6198, 2008 WL 3977887 (N.D. Cal. Aug. 26, 2008).................................................2

*Wilmot v. Marriott Hurghada Mgmt., Inc.*,
   712 F. App'x 200 (3d Cir. 2017) ..............................................................................................2

*Wilmot v. Marriott Hurghada Mgmt., Inc.*,
   No. 15-618-RGA-MPT, 2016 WL 3457007 (D. Del. June 22, 2016) ......................................7

*Windt v. Qwest Commc'ns, Inc.*,
   529 F.3d 183 (3d Cir. 2008)..............................................................................................2, 3, 5

**Statutes**

18 U.S.C.
   § 1030(a)(2) ..............................................................................................................................8
   § 1030(b)-(c) .............................................................................................................................9
   § 1030(g)....................................................................................................................................9

**Other Authorities**

Fed. R. Civ. P. 45(b) ..........................................................................................................................5

17 Moore's Federal Practice § 111.74 (2020) ..................................................................................5

## INTRODUCTION

Ryanair has failed to undermine the key premises of Defendants' motion: (1) this case has nothing to do with Delaware and much to do with Ireland; (2) the alleged computer intrusion (the focus of any CFAA claim) occurred entirely *outside* the United States; and (3) the CFAA currently is being interpreted for the first time by the U.S. Supreme Court to resolve a circuit split. The Court should dismiss this case because Delaware is not a convenient forum and because Ryanair cannot justify extraterritorial application of the CFAA. Alternatively, this case should be stayed.

## ARGUMENT

**I.   THE COMPLAINT SHOULD BE DISMISSED UNDER THE DOCTRINE OF *FORUM NON CONVENIENS***

   **A.   Ireland Provides an Adequate Alternative Forum**

Ryanair ignores that a foreign forum is inadequate only in the "rare circumstances" in which "the remedy provided . . . is so clearly inadequate or unsatisfactory that it is no remedy at all . . . ." *Piper Aircraft v. Reyno*, 454 U.S. 235, 254 & n.22 (1981). Under this controlling standard, Ireland is plainly adequate.

The Irish High Court's opinion in *Vola* makes clear that Irish courts have jurisdiction over a claim for "screenscraping." D.I. 18-1 at 24. Moreover, Ryanair has actually filed (though then failed to prosecute) a case in Ireland against Defendant Booking.com regarding the same conduct alleged here.[1] A foreign forum's "availability" requires only the jurisdictional capacity to hear the case—*i.e.*, that it "not languish in some jurisdictional limbo." *Snöfrost AB v. Hakansson*, 353 F. Supp. 3d 99, 106 (D. Mass. 2018). Defendants need not show that Ryanair will *win* in Ireland, but that "there is no danger that they will be deprived of any remedy or treated unfairly" there, which

---

[1] Ryanair has filed multiple lawsuits in Ireland regarding "screenscraping." *See* D.I. 17 at 2-3; D.I. 18 ¶ 15.

there clearly is not. *Piper Aircraft*, 454 U.S. at 255; *see also Wilmot v. Marriott Hurghada Mgmt., Inc.*, 712 F. App'x 200, 204 (3d Cir. 2017) (affirming dismissal absent "authority indicating Egyptian courts would either not hear his claim or provide a grossly inadequate remedy").[2]

Ryanair also is mistaken that the Irish courts do not have jurisdiction over Defendants. Booking.com already is a defendant in Ireland, as is Momondo, an entity controlled by KAYAK. In the event this action is dismissed for *forum non conveniens*, Defendants are amenable to process in Ireland. Supp. Decl. of Gerard Kelly ¶¶ 3-4. *See, e.g.*, *Wilmot*, 712 F. App'x at 203 ("An alternative forum is available if all defendants are amenable to process there."); *Arcelik, A.S v. E.I. DuPont de Nemours & Co.*, C.A. No. 15-961-LPS, 2018 WL 1401327, at *9 (D. Del. Mar. 20, 2018) (denying dismissal where "DuPont has not shown that it is amenable to process in India").[3]

### B.  Ryanair's Delaware Forum Choice Merits Little Deference

A foreign plaintiff's choice to bring suit in the United States receives "a low degree of deference." *See Windt v. Qwest Commc'ns, Inc.*, 529 F.3d 183, 191 (3d Cir. 2008); *see also Wilmot*, 712 F. App'x at 203 ("significantly less deference" to foreign plaintiff's choice). This is not "wrong," as Ryanair claims, D.I. 26 at 6, but the controlling legal standard.

---

[2] Ryanair's citations to *Weisel Partners LLC v. BNP Paribas*, No. C 07-6198, 2008 WL 3977887, at *9 (N.D. Cal. Aug. 26, 2008) and *Triple Crown America, Inc. v. Biosynth AG*, No. CIV.A. 96-7476, 1998 WL 227885, at *1 (E.D. Pa. Apr. 30, 1998), are inapposite, as they involved no showing of claims or remedies in the foreign forum. Here, Defendants have made such a showing, and Ryanair has actually filed for relief in Ireland against some Defendants. *See* D.I. 17 at 9.

[3] For the avoidance of doubt, Defendants' amenability to process in Ireland is limited to the specific allegations presented by Ryanair in this matter, and is not, nor should it be construed as, an acknowledgement of any broader amenability to process in Ireland or elsewhere in any other action. Defendants also reserve all rights to argue in any Irish action by Ryanair concerning the specific allegations presented in this matter that, notwithstanding personal jurisdiction, the matter should be dismissed, including but not limited to because Defendants lack any cognizable connection to the acts alleged—for example, because BHI and KAYAK do not sell Ryanair tickets, and because Ryanair makes no allegations specific to Agoda, which has not sold Ryanair tickets in either the United States or Europe.

While foreign plaintiffs "may bolster the amount of deference due their choice by making a *strong* showing of convenience[,]" *Windt*, 529 F.3d at 190 (emphasis added), Ryanair makes *no* showing of convenience in Delaware. Ryanair argues that three of the five Defendants are incorporated in Delaware,[4] but ignores that a defendant's state of incorporation does not provide the "strong showing of convenience" needed for deference.[5] To the contrary, the mere fact that a party is incorporated in Delaware is not a "bona fide" connection with this forum. *See Path to Riches, LLC v. CardioLync, Inc.*, 290 F. Supp. 3d 280, 291 (D. Del. 2018) (explaining that "organization under Delaware law . . . does not represent a 'bona fide connection' to Delaware").

### C. The Balance of Private and Public Interest Factors Heavily Favor Dismissal

#### 1. The Private Interest Factors Favor Dismissal

***Access to Sources of Proof.*** Ryanair's claim that "the relevant evidence is easily accessible[,]" in this forum, D.I. 26 at 9, is wrong and unsupported. First, it is undisputed that *none* of the relevant evidence is in Delaware. D.I. 20 ¶ 9; D.I. 21 ¶ 18; D.I. 22 ¶ 5; D.I. 23 ¶ 14; D.I. 24 ¶ 18. Ryanair's invocation of Connecticut is beside the point; Defendants have shown that most of the evidence (and all of the key evidence) is located outside the United States, and Ryanair points to no specific or meaningful evidence in Connecticut. *See Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 162 (3d Cir. 2010) (affirming dismissal where most

---

[4] Ryanair attempts to elevate the importance of one of the Delaware-incorporated Defendants, KAYAK, claiming it has admitted to "engaging in the misconduct of which Ryanair complains[,]" *see* D.I. 26 at 7 (citing D.I. 23 ¶ 11). KAYAK has done no such thing; the declaration to which Ryanair cites states merely that "KAYAK does not obtain the Ryanair schedules or fares itself, but rather . . . has obtained them primarily through licenses with Travelfusion Ltd." D.I. 23 ¶ 11.

[5] Even were this reasoning valid (it is not), it provides no justification for bringing into this forum Defendants Booking.com and Agoda, which are registered and headquartered abroad. D.I. 20 ¶¶ 3-4; D.I. 21 ¶¶ 4-5. Ryanair's suggestion that Booking Holdings' state of incorporation should be imputed to foreign subsidiaries for the purposes of this analysis is without merit.

evidence located in France while only some located in nearby states).  Second, as Ryanair seeks to obscure, Defendants are five distinct corporate entities.  Booking.com—Ryanair's main target—is based in Amsterdam, with ***no*** employees or documents in Delaware.[6]  D.I. 20 ¶¶ 3-5, 9-10.  Agoda is headquartered in Singapore, with primary offices in Bangkok, Thailand, and has neither employees nor documents in Delaware, as well as no customers in the United States who have made a booking with Ryanair.  D.I. 21 ¶¶ 5, 11, 16-18.  And two of the three Delaware-incorporated Defendants (non-operating holding company Booking Holdings and KAYAK) sell no Ryanair travel itineraries.  D.I. 22 ¶ 9; D.I. 23 ¶ 9.  Third, Ryanair baselessly claims that the "location of Ryanair's headquarters bear[s] no relevance here[,]" D.I. 26 at 10, ignoring that the allegedly trespassed computer at the center of this dispute *is in Ireland*.  D.I. 19-1 at 160-61.  Finally, Ryanair does not (and cannot) dispute that evidence from the third-party aggregators who interacted with Ryanair's website is mostly in Europe; the record is devoid of evidence that Defendants control the aggregators' evidence.[7]  D.I. 20 ¶ 17; D.I. 21 ¶¶ 12-14; D.I. 23 ¶¶ 10-11; D.I. 24 ¶¶ 12-14.

***Unavailability of Compulsory Process.***  Ryanair does not identify *any* individual witnesses that are within the scope of this Court's compulsory process or rebut that certain third-party aggregators are the primary witnesses concerning the alleged trespass.  *See* D.I. 17 at 14-15.  Instead, Ryanair baldly asserts that these third parties' evidence may be irrelevant or duplicative.  This fails to overcome Defendants' declarations explaining the centrality of the third-party aggregators and their unavailability.  D.I. 20 ¶ 17; D.I. 21 ¶¶ 12-14; D.I. 23 ¶¶ 10-11; D.I. 24 ¶¶ 12-

---

[6] There is no evidence or reason to believe that the BHI and Booking.com CEO has relevant knowledge about the computer intrusion or Ryanair terms of use at issue in this case, and Ryanair does not even attempt to show otherwise.

[7] Defendants' citation of a page from Travelfusion's publicly accessible website fails to show that non-public evidence in the third parties' possession "will be easily accessible to Defendants . . . ."  D.I. 26 at 11 n.7 (citing D.I. 19-1 at 162-67).

-4-

14.[8]  Ryanair's assertion that "Irish courts also lack power to compel these third parties to testify," D.I. 26 at 11, ignores the evidence to the contrary.  D.I. 18 ¶ 10.[9]

***Cost of Witness Attendance.***  Ryanair does not contest that Defendants Booking.com and Agoda are based abroad.  D.I. 20 ¶ 4; D.I. 21 ¶ 5.  Nor does it rebut Defendants' showing that the U.S. defendants' witnesses with relevant knowledge (based on business relationships with third-party aggregators) are located outside of the United States.  D.I. 23 ¶ 11; D.I. 24 ¶ 13.  Instead, Ryanair falls back on its argument that three of the five defendants are incorporated in Delaware, and thus can be compelled to produce knowledgeable employees there.  Even assuming this is so, Ryanair's argument entirely misses the point of this factor, which considers the "costs" and "logistics" associated with obtaining witnesses' presence—not their availability.  *See Windt*, 529 F.3d at 194 (that "many witnesses" were located in the Netherlands favored dismissal).

***View of the Premises.***  Ryanair falsely claims that Defendants failed to address this factor.  D.I. 26 at 13.  Not so.  *See* D.I. 17 at 12 n.7.  Ryanair's computers and servers are in Ireland; if a viewing is unnecessary, this factor is irrelevant, not in Ryanair's favor.  *See* 17 Moore's Federal Practice § 111.74 (2020) (where "there are no premises . . . this factor obviously is irrelevant").

***Other Practical Problems.***  Ryanair incorrectly claims that it is irrelevant that its Terms of Use are governed by Irish law, but Ryanair's CFAA claim is premised on a purported Terms of Use violation.  *See* D.I. 1 ¶¶ 41-64, 122-123.  Ryanair also claims this action is not duplicative of the pending Irish action, but the central Defendant targeted by Ryanair, Booking.com, is in both

---

[8] This case is wholly unlike *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 41, 47 (3d Cir. 1988), *see* D.I. 26 at 12, in which the defendant presented no evidence that foreign third-party witnesses were required, and the plaintiff provided affidavits that such third-party witnesses would appear.

[9] Ryanair also does not dispute that there may be other third-party witnesses, including its consultants, former employees, and customers, who are likely to be located in Ireland or Europe and are beyond this Court's reach.  *See* D.I. 17 at 15; Fed. R. Civ. P. 45(b).

cases.  *See* D.I. 17 at 15.  Ryanair ignores that "avoid[ing] the possibility of incongruous results stemming from parallel actions" weighs in favor of dismissal.  *See Eurofins*, 623 F.3d at 163.

### 2. The Public Interest Factors Favor Dismissal

***Potential Court Congestion.***  Ryanair concedes that "the Delaware District Court is one of the busiest federal courts in the United States," D.I. 26 at 16, but then cites overall filing numbers to compare this Court to the Irish High Court, failing to acknowledge that the Irish High Court had ***40*** judges,[10] as compared to this Court's ***4***.  *See* D.I. 19-1 at 171.  Ryanair also fails to confront its own failure to expedite the Irish action to be heard within a year.  *See* D.I. 17 at 18.

***Community Connection and Jury Burden.***  Ryanair incorrectly argues that three Defendants' incorporation in Delaware is a sufficient "community connection."  *See Eurofins*, 623 F.3d at 163 (explaining that Delaware's interest in overseeing Delaware corporations is "insufficient to outweigh the locus of the alleged culpable conduct in this case"); *see also* D.I. 17 at 18-20.  Ryanair also misrepresents Delaware's role in the Complaint.  *See* D.I. 26 at 17. The Complaint's only reference to Delaware acts is the conclusory allegation that "on information and belief . . . Defendants have [] committed one or more acts alleged in this Complaint within this State and District."  D.I. 1 ¶ 25.  Defendants have presented evidence to the contrary, which Ryanair has not rebutted.  Finally, it is not, as Ryanair claims, "immaterial whether Ryanair tickets were sold via Defendants' websites to residents of Delaware."  *See* D.I. 26 at 17 n.11.  As the Supreme Court has recognized, "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation[,]" *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947), and there is no such "relation" here.

---

[10] Irish Courts Service 2019 Annual Report at p. 23 (https://www.courts.ie/acc/alfresco/9bd89c8a-3187-44c3-a2e9-ff0855e69cb5/CourtsServiceAnnualReport2019.pdf/pdf#view=fitH); *see also* D.I. 26 at 16 n.10.

***Court's Familiarity with Governing Law.***  Ryanair protests that this Court should interpret the CFAA, D.I. 26 at 18, but the relevant question is whether another court offers adequate, more convenient remedies for the same harm, even if through a different cause of action.  *See* D.I. 17 at 20-21.  The law is clear: the alternative, more convenient forum need not offer the identical cause of action.  *See, e.g.*, *Wilmot v. Marriott Hurghada Mgmt., Inc.*, No. 15-618-RGA-MPT, 2016 WL 3457007, at *2 (D. Del. June 22, 2016) (adequate forum finding "does not depend on the existence of the identical cause of action in the other forum"), *aff'd*, 712 F. App'x 200 (3d Cir. 2017).

Ryanair also ignores that the claimed ***basis*** for the alleged CFAA violation is Defendants' alleged violation of Ryanair's Terms of Use, and those terms are governed by Irish law.  *See* D.I. 1 ¶¶ 41-64, 122-23.  Thus, under Ryanair's own theory, an interpretation of its Terms of Use is central to resolving its claim, and plainly an Irish court is in the better position to do so.

## II. THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT IMPERMISSIBLY SEEKS EXTRATERRITORIAL APPLICATION OF U.S. LAW

Ryanair sidesteps Defendants' central, dispositive argument that extraterritorial application of the CFAA is not proper where "the alleged perpetrator, the alleged victim, the alleged website, and all alleged instrumentalities are located outside of the United States."  D.I. 17 at 24.

Instead, Ryanair argues that because the CFAA's definition of "protected computer" includes computers involved in foreign commerce, the CFAA covers *every* computer intrusion in the world, regardless of the connection to the United States.  This interpretation—which has no limiting principle and would run afoul of international law—cannot be the law.  The few cases cited by Ryanair are not to the contrary.  Each of those simply allowed non-U.S. plaintiffs to invoke the CFAA against a U.S. defendant whose domestic actions allegedly violated the CFAA.  *See In re Apple Inc. Device Performance Litig.*, 347 F. Supp. 3d 434, 449 (N.D. Cal. 2018) (U.S. entity allegedly propagated a software update from the United States); *Ryanair DAC v. Expedia Inc.*, No.

C 17-1789, 2018 WL 3727599, at *2 (W.D. Wash. Aug. 6, 2018) (U.S. entity allegedly accessed foreign computers from the state of Washington).[11]  Here, Ryanair does not dispute that all of the alleged computer access occurred abroad, that the entities that directly engaged in the access at issue are foreign third-parties, and that two of the five defendants are foreign.

As a fallback to its overbroad and erroneous reading of the CFAA's reach, Ryanair argues that this case requires domestic, not extraterritorial, application of the CFAA.  This approach finds no support in the cases cited by Ryanair, which presume that foreign CFAA plaintiffs must justify extraterritorial application.  In any event, the proper standard for "domestic" application is whether the conduct that is the "focus" of the statutory prohibition occurs domestically.  *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 266 (2010).  Here, the "focus" of the CFAA provisions at issue is the "accessing" or "exceeding authorized access" of a computer.  *See, e.g.*, 18 U.S.C. § 1030(a)(2) (providing for liability if one "intentionally accesses a computer without authorization or exceeds authorized access").  Such access, to the extent it occurred, undisputedly occurred in Ireland, where Ryanair's systems are located.  Ryanair does not dispute this "focus," *see* D.I. 26 at 21 ("The focus of the foregoing provisions is the unauthorized access to a computer . . . "), but instead advocates for a "conduct test" and/or "effects test."  D.I. 26 at 21-22.  Yet, both of these were rejected by the Supreme Court in *Morrison*.  *See* 561 U.S. at 269.

Rather than addressing the actual "focus" of the CFAA, Ryanair instead points to five alleged facts: (1) three of the five entities (Priceline, KAYAK, and non-operating holding company Booking Holdings) are incorporated in Delaware, with principal places of business in Connecticut, D.I. 26 at 22-23; (2) Booking.com has sold Ryanair tickets to consumers in the U.S., *id.* at 23; (3)

---

[11] Ryanair also cites *United States v. Ivanov*, 175 F. Supp. 2d 367, 369 (D. Conn. 2001), but that case, in which a court upheld the criminal indictment of a Russian national who was alleged to have hacked into ***U.S. computers***, does not have any apparent relevance to the facts of this case.

-8-

Priceline and KAYAK maintain U.S. websites containing Ryanair information, *id.*;[12] (4) Ryanair operates a website directed to U.S. customers, *id.* at 23-24;[13] and (5) Ryanair has some U.S. shareholders, *id.* at 24.  Ryanair also makes the conclusory allegation that "Ryanair has suffered injuries in the United States." *Id.* at 23.  Not one of these allegations pertains to the location of the allegedly unlawful computer access or the actors who engaged in the access.  These allegations are thus irrelevant to the extraterritoriality inquiry.  The statutory focus is accessing or exceeding access to a computer system, and the location of that activity here is foreign.  *See Morrison*, 561 U.S. at 266 (noting that the presumption against extraterritoriality would be a "craven watchdog indeed" if it "retreated to its kennel whenever some domestic activity is involved").

### III.  ALTERNATIVELY, THIS CASE SHOULD BE STAYED PENDING THE SUPREME COURT'S RESOLUTION OF *VAN BUREN* AND *LINKEDIN*

Although the Court should dismiss, alternatively, this matter should be stayed pending the Supreme Court's resolution of *Van Buren* and *LinkedIn*.[14]  *Van Buren* will be decided by the end of June 2021 and pertains to a core CFAA provision also at issue here.  Thus, a stay is warranted.

Ryanair resists a stay by arguing, incorrectly, that *Van Buren* is irrelevant.  First, Ryanair argues that "[t]his case is not a criminal action; it is a civil claim[.]" D.I. 26 at 25.  But the CFAA's prohibitions govern both criminal and civil cases.  *See* 18 U.S.C. § 1030(b)-(c), (g); *HiQ Labs*, 938 F.3d at 1003 (the CFAA "applies both to civil actions and to criminal prosecutions—indeed, § 1030 is primarily a criminal statute." (quotation marks and citation omitted)).

---

[12] Although Ryanair's allegations against all Defendants are insufficient, Ryanair fails to reference *any* relevant conduct by Agoda.com.

[13] This website offers no flights within the United States and merely uses "US" English.

[14] *See Van Buren v. United States*, No. 19-783 (filed Dec. 18, 2019), *granting cert. to* 940 F.3d 1192 (11th Cir. 2019), and *hiQ Labs, Inc. v. LinkedIn Corp.*, 938 F.3d 985 (9th Cir. 2019), *petition for cert. filed, LinkedIn Corp. v. hiQ Labs, Inc.*, No. 19-1116 (filed Mar. 9, 2020).

Ryanair next claims that the question presented in *Van Buren* concerns "exceeds [] access" liability under the CFAA, whereas here "there is no question that Defendants' [*sic*] had no authorization to scrape the Ryanair Website." D.I. 26 at 25-26. But Ryanair is pursuing both "exceed[s] authorization" and "without authorization" theories. *See* D.I. 1 ¶ 122. Thus, the interpretation of the "exceed[s] authorized access" prong in *Van Buren* is directly relevant here.[15]

Ryanair also argues that "the Supreme Court has not granted, and likely will never grant, LinkedIn's petition." D.I. 26 at 26. This argument misunderstands Defendants' point and Supreme Court practice. *LinkedIn* presents a question closely related to *Van Buren* and this case: the availability of "without authorization" CFAA liability for "scraping" public information on a website in violation of terms of use and a cease-and-desist letter. The Supreme Court appears to be "holding" *LinkedIn* pending resolution of *Van Buren*: *LinkedIn* was placed on the Court's September 29, 2020 conference schedule, but the Court released no order regarding *LinkedIn* following that conference or in the ensuing almost five months. Once *Van Buren* is resolved, the Supreme Court will either grant, deny, or take other action on *LinkedIn*. *LinkedIn* is thus unlike the cases cited by Ryanair, which considered petitions in the typical course. *See* D.I. 26 at 26-28.

Defendants' request for a stay pending *Van Buren* and *LinkedIn*'s resolution, with a status report after *Van Buren* is decided, is reasonable and should be granted absent dismissal.[16]

### IV.  CONCLUSION

For the reasons herein and in the Opening Brief, Defendants' motions should be granted.

---

[15] Ryanair's also erroneously contends that *Van Buren* has limited relevance because it involves only one of the five CFAA prongs pled by Ryanair. The five prongs alleged by Ryanair all share critical terms: all five use "without authorization" and two use "exceeds authorized access."

[16] Ryanair incorrectly claims that it will be prejudiced by a stay, D.I. 26 at 29, but a stay will not significantly delay this litigation. Ryanair's prejudice argument also falls flat given its own inaction—for over a year—in prosecuting the Irish action. *See supra*, at pp. 5-6; D.I. 18 ¶ 13.

| | |
|---|---|
| OF COUNSEL: | */s/ Jeffrey L. Moyer* |
| John H. Hemann | Jeffrey L. Moyer (#3309) |
| Kathleen Hartnett | Valerie A. Caras (#6608) |
| Lauren Pomeroy | Richards, Layton & Finger, P.A. |
| COOLEY LLP | One Rodney Square |
| 101 California St., 5th Fl. | Wilmington, DE 19801 |
| San Francisco, CA 94111 | (302) 651-7700 |
| (415) 693-2200 | moyer@rlf.com |
| jhemann@cooley.com | caras@rlf.com |
| khartnett@cooley.com | |
| lpomeroy@cooley.com | *Attorneys for Defendants* |

Dated: February 25, 2021