**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RYANAIR DAC, | |
| Plaintiff, | |
| v. | C.A. No. 20-01191-LPS |
| BOOKING HOLDINGS INC., BOOKING.COM B.V., KAYAK SOFTWARE CORPORATION, PRICELINE.COM LLC, and AGODA COMPANY PTE. LTD, | |
| Defendants. | |

## DEFENDANTS' ANSWER TO COMPLAINT FOR VIOLATIONS OF THE COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030 *et seq.*)

OF COUNSEL:

John H. Hemann
Kathleen Hartnett
Lauren Pomeroy
COOLEY LLP
3 Embarcadero Center, 20th Fl.
San Francisco, CA 94111
(415) 693-2200
jhemann@cooley.com
khartnett@cooley.com
lpomeroy@cooley.com

Dated: January 31, 2022

Jeffrey L. Moyer (#3309)
Valerie A. Caras (#6608)
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
moyer@rlf.com
caras@rlf.com

*Attorneys for Defendants*

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants Booking Holdings Inc. ("BHI"), Booking.com B.V. ("Booking.com"), Kayak Software Corporation ("KAYAK"), Priceline.com LLC ("Priceline"), and Agoda Company Pte. Ltd. ("Agoda") (collectively, "Defendants") hereby answer the Complaint ("Complaint") [Dkt. 1] filed by Plaintiff Ryanair DAC ("Ryanair").  Any and all allegations not specifically admitted herein are denied. Except as otherwise stated, Defendants deny the factual allegations, if any, contained in the headings, subheadings, tables of contents, unnumbered paragraphs, figures, and footnotes in the Complaint.  Defendants reserve the right to seek leave to amend or supplement this Answer as necessary.

1.      On information and belief, Defendants admit the allegations contained in Paragraph 1.

2.      Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 2 and, on that basis, deny them.

3.      On information and belief, Defendants admit that Ryanair offers customers low-fare flights in Europe and North Africa on its website at www.ryanair.com.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 3 and, on that basis, deny them.

4.      Defendants admit the allegations contained in Paragraph 4.

5.      Defendants admit the allegations contained in Paragraph 5.

6.      Defendants admit the allegations contained in Paragraph 6.

7.      Defendants admit the allegations contained in Paragraph 7.

8.      Defendants admit the allegations contained in Paragraph 8.

9.      Defendants admit the allegations contained in Paragraph 9.

10.     Defendants admit the allegations contained in Paragraph 10.

11.     Defendants admit the allegations contained in Paragraph 11.

12.     Defendants admit the allegations contained in Paragraph 12.

13.     Defendants admit that Booking.com, Agoda, and Priceline are online travel booking platforms that facilitate consumer purchases of travel experiences including flights in Europe and North Africa, other transportation, hotels and accommodations, restaurants, and other travel services, and that KAYAK is a metasearch engine that allows consumers to search for airfare and related travel services, but does not directly sell any tickets to consumers.  Except as admitted herein, Defendants deny the allegations of Paragraph 13.

14.     Paragraph 14 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants admit that Ryanair, by its Complaint, purports to bring an action against Defendants under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (the "CFAA"). Defendants deny that Ryanair has stated a claim for violation of the CFAA against them.

15.     Defendants admit that Booking.com, Kayak.com, Priceline.com, and Agoda.com advertise their respective websites with online ads and do not restrict the display of such advertising to non-U.S. visitors.   Except as admitted herein, Defendants deny the allegations of Paragraph 15.

16.     Defendants admit that visitors with U.S. IP addresses may book tickets for flight products on Booking.com.  Defendants admit that Booking.com allows users to choose US Dollars as the selected currency and "English (US)" as the selected language.  Except as admitted herein, Defendants deny the allegations of Paragraph 16.

17.     Defendants admit that visitors with U.S. IP addresses may book tickets for flight products on Agoda.com.  Defendants admit Agoda.com allows users to choose US Dollars as their

preferred currency and "English" as their preferred language. Defendants admit that the image depicted in this paragraph appears on the Agoda.com website next to the option to use the English language.  Except as admitted herein, Defendants deny the allegations of Paragraph 17.

18.    Defendants admit that Paragraph 18 contains an excerpt from BHI's Form 10-K filed on February 26, 2020, which is a document that speaks for itself. Defendants respectfully refer the Court to BHI's 2020 Form 10-K for a full and accurate recitation of its contents.

19.    Defendants admit that Paragraph 19 contains an excerpt from BHI's Form 10-K filed on February 26, 2020, which is a document that speaks for itself. Defendants respectfully refer the Court to BHI's 2020 Form 10-K for a full and accurate recitation of its contents.

20.    Defendants admit that at one time, but not at present, BHI's website stated that BHI was a "WORLD LEADER IN ONLINE TRAVEL & RELATED SERVICES."  Except as admitted herein, Defendants deny the allegations of Paragraph 20.

21.    Defendants deny that travel services can be booked on the BHI website. Responding further, BHI's website connects customers with BHI's subsidiary brands but does not conduct business directly with consumers.  Except as admitted herein, Defendants deny the allegations of Paragraph 21.

22.    Defendants admit the allegations contained in Paragraph 22.

23.    Defendants admit the allegations contained in Paragraph 23.

24.    Paragraph 24 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants admit that the CFAA is a federal statute that could confer subject-matter jurisdiction upon this Court, but deny that Ryanair has stated a CFAA claim.

25.    Paragraph 25 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

26.     Paragraph 26 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants admit that BHI, KAYAK, and Priceline are incorporated in Delaware, but otherwise deny the allegations of Paragraph 26.

27.     Paragraph 27 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

28.     Paragraph 28 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants admit that BHI, KAYAK, and Priceline are incorporated in Delaware but otherwise deny the allegations of Paragraph 28.

29.     On information and belief, Defendants admit that Ryanair offers customers low-fare flights in Europe and North Africa on its website at www.ryanair.com. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 29 and, on that basis, deny them.

30.     On information and belief, Defendants admit that Ryanair offers customers low-fare flights in Europe and North Africa on its website at www.ryanair.com. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 30 and, on that basis, deny them.

31.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 31 and, on that basis, deny them.

32.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 32 and, on that basis, deny them.

33.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 33 and, on that basis, deny them.

34.     Defendants lack knowledge or information sufficient to admit or deny the

allegations contained in Paragraph 34 and, on that basis, deny them.

35.     On information and belief, Defendants admit that Ryanair offers customers low-fare flights in Europe and North Africa on its website at www.ryanair.com.   Defendants lack knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 35 and, on that basis, deny them.

36.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 36 and, on that basis, deny them.

37.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 37 and, on that basis, deny them.

38.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 38 and, on that basis, deny them.

39.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 39 and, on that basis, deny them.

40.     The allegation that "Ryanair maintains the exclusive online distribution rights to sell Ryanair flights to the general public" states a legal conclusion to which no response is required and in the alternative deny the allegation. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 40 and, on that basis, deny them.

41.     Defendants admit that Paragraph 41 contains an excerpt from the Ryanair TOU, attached as Exhibit A to Ryanair's Complaint, which is a document that speaks for itself. Defendants respectfully refer the Court to Exhibit A to the Complaint for a full and accurate recitation of its contents.

42.     Paragraph 42 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein, except that

Defendants admit that Paragraph 42 contains an excerpt from the Ryanair TOU, attached as Exhibit A to Ryanair's Complaint, which is a document that speaks for itself. Defendants respectfully refer the Court to Exhibit A to the Complaint for a full and accurate recitation of its contents.

43.     Paragraph 43 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

44.     Defendants admit that Paragraph 44 contains an excerpt from the Ryanair TOU, attached as Exhibit A to Ryanair's Complaint, which is a document that speaks for itself. Defendants respectfully refer the Court to Exhibit A to the Complaint for a full and accurate recitation of its contents.

45.     Paragraph 45 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein, except that Defendants admit that Paragraph 45 contains an excerpt from the Ryanair TOU, attached as Exhibit A to Ryanair's Complaint, which is a document that speaks for itself. Defendants respectfully refer the Court to Exhibit A to the Complaint for a full and accurate recitation of its contents.

46.     Paragraph 46 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

47.     Paragraph 47 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

48.     Paragraph 48 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

49.     Defendants admit that Paragraph 49 contains an excerpt from the Ryanair TOU, attached as Exhibit A to Ryanair's Complaint, which is a document that speaks for itself. Defendants respectfully refer the Court to Exhibit A to the Complaint for a full and accurate

recitation of its contents.

50.     Paragraph 50 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein, except that Defendants admit that Paragraph 50 contains an excerpt from the Ryanair TOU, attached as Exhibit A to Ryanair's Complaint, which is a document that speaks for itself. Defendants respectfully refer the Court to Exhibit A to the Complaint for a full and accurate recitation of its contents.

51.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 51 and, on that basis, deny them.

52.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 52 and, on that basis, deny them.

53.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 53 and, on that basis, deny them.

54.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 54 and, on that basis, deny them.

55.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 55 and, on that basis, deny them.

56.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 56 and, on that basis, deny them.

57.     Paragraph 57 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

58.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 58 and, on that basis, deny them.

59.     Defendants lack knowledge or information sufficient to admit or deny the

allegations contained in Paragraph 59 and, on that basis, deny them.

60.   Defendants deny the allegations contained in Paragraph 60.

61.   Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 61 and, on that basis, deny them

62.   Defendants deny the allegations contained in Paragraph 62.

63.   Paragraph 63 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

64.   Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 64 and, on that basis, deny them.

65.   Defendants admit that Booking.com, Agoda, and Priceline are online travel booking platforms that facilitate consumer purchases of travel experiences including flights, other transportation, hotels and accommodations, restaurants, and other travel services, and that KAYAK is a metasearch engine that allows consumers to search for airfare and related travel services, but does not directly sell any tickets to consumers.  Except as admitted herein, Defendants deny the allegations of Paragraph 65.

66.   Defendants admit that Paragraph 66 contains an excerpt from BHI's Form 10-K filed on February 26, 2020, which is a document that speaks for itself. Defendants respectfully refer the Court to BHI's 2020 Form 10-K for a full and accurate recitation of its contents.

67.   Defendants admit that Paragraph 67 contains an excerpt from BHI's Form 10-K filed on February 26, 2020, which is a document that speaks for itself. Defendants respectfully refer the Court to BHI's 2020 Form 10-K for a full and accurate recitation of its contents.

68.   Defendants admit that at one time, but not at present, BHI's website stated that BHI was a "WORLD LEADER IN ONLINE TRAVEL & RELATED SERVICES."   Except as

admitted herein, Defendants deny the allegations of Paragraph 68.

69.     Defendants deny that travel services can be booked on the BHI website. Responding further, BHI's website connects customers with BHI's subsidiary brands, and on those subsidiary brands' websites, customers are able to book travel services.  Except as specifically admitted herein, Defendants deny the allegations of Paragraph 69.

70.     Defendants admit the allegations contained in Paragraph 70.

71.     Defendants admit the allegations contained in Paragraph 71.

72.     Defendants admit that Booking.com, Priceline, and Agoda offer for sale and sell Ryanair flights individually on their respective websites.  Defendants admit that KAYAK shows Ryanair schedules and fares on its website.   Except as specifically admitted herein, Defendants deny the allegations of Paragraph 72.

73.     Defendants deny the allegations contained in Paragraph 73.

74.     Defendants admit that Booking.com, Priceline, KAYAK, and Agoda, have directly or indirectly received Ryanair itineraries from third-party ticket aggregators.  Such itineraries are sold by Booking.com, Priceline, and Agoda, but not KAYAK.  Defendants lack knowledge or information sufficient to admit or deny the allegations concerning how Ryanair itineraries are procured, and on that basis, deny the allegations.  Except as specifically admitted herein, Defendants deny the allegations of Paragraph 74.

75.     Defendants admit that a customer who books and purchases a Ryanair flight today on the Booking.com, Priceline, and Agoda.com websites is not referred to a third-party website to complete their purchase.  Defendants aver that KAYAK does not sell itineraries to consumers. Except as specifically admitted herein, Defendants deny the allegations of Paragraph 75.

76.     Defendants lack knowledge or information sufficient to admit or deny the

allegations in Paragraph 76, and on that basis, deny the allegations.

77.      Defendants deny the allegations contained in Paragraph 77.

78.      Defendants deny the allegations contained in Paragraph 78.

79.      Defendants deny the allegations contained in Paragraph 79.

80.      Defendants deny the allegations contained in Paragraph 80.

81.      Defendants deny the allegations contained in Paragraph 81.

82.      Defendants admit that the images depicted in Paragraph 82 purport to show the same flight from Dublin to Cologne departing at 3:55 PM EDT on September 4, 2020 being offered at three different prices on, respectively, the Ryanair Website, Priceline.com website, and Kayak.com website, but lack knowledge or information sufficient to admit or deny the veracity of the underlying facts, including whether the itineraries offered for purchase are in fact equivalent, and on that basis, deny the allegations.

83.      Defendants admit that the images depicted in Paragraph 83 purport to show the same flight from Hamburg to Barcelona departing at 9:45 AM EDT on September 5, 2020 being offered at three different prices on, respectively, the Ryanair Website, Priceline.com website, and Kayak.com website, but lack knowledge or information sufficient to admit or deny the veracity of the underlying facts, including whether the itineraries offered for purchase are in fact equivalent, and on that basis, deny the allegations.

84.      Defendants admit that the images depicted in Paragraph 84 purport to show the same flight from Dublin to Amsterdam departing at 6:50 AM EDT on September 8, 2020 being offered at three different prices on, respectively, the Ryanair Website, Priceline.com website, and Kayak.com website, but lack knowledge or information sufficient to admit or deny the veracity of the underlying facts, including whether the itineraries offered for purchase are in fact equivalent,

and on that basis, deny the allegations.

85.     Defendants deny the allegations contained in Paragraph 85.

86.     Defendants deny the allegations contained in Paragraph 86.

87.     Defendants admit that at some point in the past, visitors to the Booking.com website with a U.S. IP address were directed to Priceline.com for flight purchases.  Defendants deny that Booking.com's website operates in the same manner today.

88.     Defendants deny the allegations contained in Paragraph 88.

89.     Defendants deny the allegations contained in Paragraph 89.

90.     Defendants deny the allegations contained in Paragraph 90.

91.     Defendants deny the allegations contained in Paragraph 91.

92.     Defendants deny the allegations contained in the first sentence of Paragraph 92. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the second sentence of Paragraph 92 and, on that basis, deny them.   Defendants deny the allegations contained in the third sentence of Paragraph 92.

93.     Defendants deny the allegations contained in Paragraph 93.

94.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 94 and, on that basis, deny them.

95.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 95 and, on that basis, deny them.

96.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 96 and, on that basis, deny them.

97.     Defendants deny the allegations contained in Paragraph 97.

98.     Defendants deny the allegations contained in Paragraph 98.

99.     Defendants deny the allegations contained in Paragraph 99.

100.    Defendants admit that on or about November 15, 2019, counsel for Ryanair sent Booking.com the letter attached as Exhibit B to the Complaint, which is a document that speaks for itself.  Defendants deny the characterizations contained in Paragraph 100 and respectfully refer the Court to Exhibit B for a full and accurate recitation of its contents.

101.    Defendants admit that on or about July 30, 2020, counsel for Ryanair sent Booking Holdings the letter attached as Exhibit C to the Complaint, which is a document that speaks for itself. Defendants deny the characterizations contained in Paragraph 101 and respectfully refer the Court to Exhibit C for a full and accurate recitation of its contents.

102.    Defendants deny the characterizations contained in Paragraph 102 and respectfully refer the Court to Exhibits B and C for a full and accurate recitation of their contents.

103.    Paragraph 103 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

104.    Defendants admit that Booking Holdings, Booking.com, Kayak.com, Priceline.com, and Agoda.com are currently aware of the Ryanair TOU, but otherwise deny the allegations contained in Paragraph 104.

105.    Paragraph 105 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

106.    Defendants admit that Paragraph 106 contains an excerpt from Exhibit C, which is a document that speaks for itself. Defendants deny the characterizations contained in Paragraph 106 and respectfully refer the Court to Exhibit C for a full and accurate recitation of its contents.

107.    Paragraph 107 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

108.    Defendants admit that Paragraph 108 contains an excerpt from Exhibit C, which is a document that speaks for itself. Defendants deny the characterizations contained in Paragraph 108 and respectfully refer the Court to Exhibit C for a full and accurate recitation of its contents.

109.    Defendants admit that, in response to Exhibit C, on or about August 20, 2020, BHI sent a letter to Ryanair which is attached to the Complaint as Exhibit D.  Defendants deny the characterizations contained in Paragraph 109 and respectfully refer the Court to Exhibit D for a full and accurate recitation of its contents.

110.    Defendants deny the allegations contained in Paragraph 110.

111.    Defendants admit that the image depicted in Paragraph 111 appears to be a depiction of a search result from the KAYAK website, but Defendants lack knowledge or information about the genesis of this image sufficient to admit or deny the allegations contained in Paragraph 111 and, on that basis, deny them.

112.    Paragraph 112 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

113.    Defendants deny the allegations contained in Paragraph 113.

114.    Defendants admit the excerpts from their terms and conditions as set forth in their responses to the allegations contained in Paragraphs 115 through 118 below.

115.    Defendants admit that Paragraph 115 contains an excerpt from the Terms and Conditions published on the Booking.com website as of the date of this Answer.

116.    Defendants admit that Paragraph 116 contains an excerpt from the Terms and Conditions published on the KAYAK website as of the date of this Answer.

117.    Defendants admit that Paragraph 117 contains an excerpt from the Terms and Conditions published on the Priceline.com website as of the date of this Answer.

118.    Defendants admit that Paragraph 118 contains an excerpt from the Terms and Conditions published on the Agoda.com website as of the date of this Answer.

119.    Defendants deny the allegations contained in Paragraph 119.

## COUNT I
**(Violation of Computer Fraud & Abuse Act, 18 U.S.C. § 1030 *et seq.*)**

120.    Defendants incorporate by reference the admissions, denials, and responses contained in Paragraphs 1 through 119 above.

121.    Paragraph 121 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants admit that Ryanair, by its Complaint, purports to bring an action against Defendants under the CFAA. Defendants deny that Ryanair has stated a claim for violation of the CFAA against them.

122.    Paragraph 122 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

123.    Paragraph 123 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

124.    Paragraph 124 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

125.    Paragraph 125 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

126.    Paragraph 126 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

127.    Paragraph 127 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses in response to the claims and allegations contained in Ryanair's Complaint. Defendants assert these affirmative defenses without assuming the burden of proof for such defenses that would otherwise fall on Ryanair. Further, Defendants reserve the right to supplement or amend these affirmative defenses as discovery is further conducted and do not knowingly or intentionally waive any applicable affirmative defense. Finally, Defendants repeat, re-allege, and incorporate by reference herein each and every response to every paragraph above and below as if fully set forth in each of Defendants' affirmative defenses below.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim Upon Which Relief May Be Granted)

Plaintiff fails to state any claims for which relief may be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff lacks standing to pursue its asserted claims.

### THIRD AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

This Court lacks personal jurisdiction over foreign defendants Booking.com and Agoda.

### FOURTH AFFIRMATIVE DEFENSE
### (*Forum Non Conveniens*)

This Court is an inconvenient forum for this dispute under the doctrine of *forum non conveniens*.

### FIFTH AFFIRMATIVE DEFENSE
### (Extra-territoriality)

Plaintiff's claims are barred because the Computer Fraud and Abuse Act's private right of action does not apply to a foreign plaintiff alleging a foreign action and a foreign injury.

### SIXTH AFFIRMATIVE DEFENSE
### (Fault of Third Parties)

Plaintiff's claims are barred because it's claimed injuries and damages, if any, were caused

by the acts and omissions of persons, individuals, and entities other than Defendants.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Injury)

Plaintiff has not sustained any losses, damages, or detriment of any sum or amount whatsoever as a result of any act or acts, fault, carelessness, recklessness, or other alleged breach of duty on the part of Defendants.

## EIGHTH AFFIRMATIVE DEFENSE
### (Justification)

Plaintiff's claims are barred, in whole or in part, because Defendants were justified in doing any and/or all of the acts alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

Plaintiff's claims are barred, in whole or in part, because the alleged harm was caused by independent, superseding, or intervening causes unrelated to Defendants.

## TENTH AFFIRMATIVE DEFENSE
### (Good Faith)

Plaintiff's claims are barred because Defendants at all times acted with reasonable care and good faith.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred by unclean hands and violations of federal and state law, including laws protecting competition.

## TWELFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred by applicable statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred by the doctrine of laches because it waited an unreasonable

period of time to file this action and that prejudicial delay has worked to the detriment of Defendants.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendants reserve the right to assert additional defenses during the pendency of this action.

## PRAYER FOR RELIEF

Defendants deny that Ryanair is entitled to any relief premised on the allegations contained in Ryanair's Complaint, including without limitation the judgment demanded by Ryanair in its Prayer for Relief. Defendants pray that Ryanair's claims be dismissed with prejudice; that Ryanair take nothing by this action; that judgment be entered in Defendants' favor; and that the Court award Defendants such other relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Defendants, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

OF COUNSEL:

John H. Hemann
Kathleen Hartnett
Lauren Pomeroy
COOLEY LLP
3 Embarcadero Center,
20th Fl.
San Francisco, CA 94111
(415) 693-2200
jhemann@cooley.com
khartnett@cooley.com
lpomeroy@cooley.com


Dated: January 31, 2022

*/s/ Jeffrey L. Moyer*
Jeffrey L. Moyer (#3309)
Valerie A. Caras (#6608)
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
moyer@rlf.com
caras@rlf.com

*Attorneys for Defendants*