# EXHIBIT C

# Holland & Knight

150 N. Riverside Plaza | Chicago, IL 60606 | T 312.263.3600 | F 312.578.6666
Holland & Knight LLP | www.hklaw.com

R. David Donoghue
(312) 578-6553
david.donoghue@hklaw.com

July 30, 2020

***Via E-mail*** (peter.millones@bookingholdings.com) and
***Via Certified Mail***

Peter John Millones Jr
Booking Holdings Inc.
800 Connecticut Avenue
Norwalk, CT 06854

**Re:   Booking Holdings Continued Violations of the CFAA**

Dear Mr. Millones:

We represent Ryanair DAC in certain legal matters, including the current dispute between Ryanair and Booking Holding Inc. and its subsidiaries (collectively, "Booking"). Booking, through a number of its subsidiaries, is scraping content from the Ryanair website in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq*. ("CFAA").

The CFAA prohibits acts of computer trespass by those who are not authorized users or who exceed authorized use. The CFAA creates both criminal and civil liability for whoever "intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains … information from any protected computer."[1] While the CFAA is primarily a criminal law, any person who suffers damage or loss by reason of violation of [the CFAA] may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief…"[2]

Ryanair does not permit scraping of its website, content and/or or underlying databases. This is explicit in the Terms of Use on the Ryanair website. For instance, the Terms of Use state:

> 3. <u>Permitted Use</u>. You are not permitted to use this website (including the mobile app and any webpage and/or data that passes through the web domain at ryanair.com), its underlying computer programs (including application programming interfaces ("APIs")), domain names, Uniform Resource Locators ("URLs"), databases, functions or its content other than for private, non-commercial purposes. Use of any automated system or software, whether

---

[1] 18 U.S.C. § 1030(a)(2)(C).
[2] 18 USC. § 1030 (g).

Anchorage | Atlanta | Austin | Boston | Chicago | Dallas | Denver | Fort Lauderdale | Jacksonville | Lakeland | Los Angeles | Miami
New York | Northern Virginia | Orlando | Portland | San Francisco | Tallahassee | Tampa | Washington, D.C. | West Palm Beach

Peter John Millones Jr
Booking Holdings Inc.
July 30, 2020
Page 2 of 3

> operated by a third party or otherwise, to extract any data from this website for commercial purposes ("screen scraping") is strictly prohibited.[3]
>
> 4. Reservation of all rights to ensure permitted use and/or prevent unauthorised use. Ryanair reserves the absolute right to take all actions it considers necessary against all parties howsoever involved in the unauthorised use of its website and without notice, in order to vindicate its rights and prevent such unauthorised use, including using blocking technology (which may itself involve conducting automated searches of such parties' websites, screen scraping therefrom, causing such parties to screen scrape Ryanair's website, breaching the terms of use such parties' websites, or any similar or associated actions) and/or issuing legal proceedings.[4]

Additionally, Ryanair has implemented multiple features to protect Ryanair's website, content and underlying databases from those without authorization. This includes requiring users of the website to have a myRyanair account, including a password, to book on the website. Ryanair also utilizes a machine learning technology to identify illicit use and protect the Ryanair website and information. Despite this, Booking has circumvented the applicable rules regarding permissions to gain access to data owned by Ryanair.

Booking cannot claim ignorance of Ryanair's Terms of Use, the fact that Ryanair does not allow scraping of its website, content and/or underlying databases, or that Booking has no authorization to access the Ryanair website for commercial purposes. Upon learning that Booking was scraping content from the Ryanair website, Ryanair demanded that Booking cease and desist such scraping activities and revoked any assumed authorization for Booking to access the Ryanair website.[5] Booking has disregarded Ryanair's demands.

It is implausible to think that Booking believes it has authorization to access Ryanair's website or the website's content. To ensure there is clarity: **Ryanair explicitly and unequivocally states that Booking and its subsidiaries have no authorization to access Ryanair's website or its content for any reason. To the extent Booking or its subsidiaries ever believed they had authorization to access Ryanair's website, Ryanair explicitly revokes such authorization which was never provided in the first place. To the extent Booking is currently gaining**

---

[3] See https://www.ryanair.com/us/en/corporate/terms-of-use. Ryanair notes that Booking similarly prohibits users from using its website or its contents for any commercial purpose, including prohibiting using any robot, spider, scraper or other automated means or manual process for any purpose. See e.g., https://www.priceline.com/static-pages/terms_en.html; https://www.booking.com/content/terms.html; https://www.agoda.com/info/termsofuse.html; https://www.kayak.com/terms-of-use
[4] Id.
[5] See e.g., Nov. 15, 2019 letter from P. Lee to Booking.com B.V., one of the Booking subsidiaries illicitly scraping Ryanair's website.

Peter John Millones Jr
Booking Holdings Inc.
July 30, 2020
Page 3 of 3

**unauthorized access to Ryanair's website or its content, we demand that you cease and desist from such activity immediately.**

In addition to Booking, Ryanair explicitly revokes any and all authorization for those parties that Booking may enlist to aid in accessing Ryanair's website or its content, including but not limited to any agents, employees, affiliates, and/or anyone acting on Booking's behalf. This revocation includes third-party vendors or third-party scraping providers that Booking may employ or hire or from which Booking may purchase a service. Technological gamesmanship or the enlisting of a third party to aid Booking in gaining such access does not excuse Booking of liability under CFAA.[6] To the extent Booking is currently utilizing a third party to gain unauthorized access to Ryanair's website or its content, we demand that you cease and desist such activity and provide to Ryanair the third party's business information so that Ryanair can provide that company explicit notice of its continued violations of the CFAA.

*   *   *

This letter is by no means an exhaustive accounting of Booking's violations or Ryanair's grievances. Instead, this letter is to give Booking warning that its continued and blatant disregard of Ryanair's revocation of access is a direct violation of the CFAA.

Please confirm within fourteen days of this letter that Booking – including any of its subsidiaries or third parties operating on behalf of Booking or upon Booking's direction – has ceased its unauthorized access of the Ryanair website and its content. Should Booking fail to provide such confirmation, Ryanair may be forced to take further legal action.

Thank you for your attention to this matter. We look forward to your response.

Sincerely yours,

**HOLLAND & KNIGHT LLP**

R. David Donoghue

---

[6] *See Facebook, Inc. v. PowerVentures, Inc.*, 844 F.3d 1058, 1067-68 (9th Cir. 2016).