# EXHIBIT D



Baker & McKenzie LLP

1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
United States

Tel: +1 310 201 4730
Fax: +1 310 201 4721
www.bakermckenzie.com

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East & Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh*
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**The Americas**
Bogota
Brasilia**
Buenos Aires
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Lima
Los Angeles
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre**
Rio de Janeiro**
San Francisco
Santiago
Sao Paulo**
Tijuana
Toronto
Valencia
Washington, DC

* Associated Firm
** In cooperation with Trench, Rossi e Watanabe Advogados

August 20, 2020

R. David Donoghue
Holland & Knight LLP
150 North Riverside Plaza, Suite 2700
Chicago, IL 60606

**Via Email**
david.donoghue@hklaw.com

**RE:    Ryanair DAC / Booking Holdings Inc.**

Mr. Donoghue:

This responds to your letter dated July 30, 2020 to Booking Holdings, Inc. ("BHI"). As an initial matter, and a courtesy, we have provided a copy of your letter to Booking.com B.V, the entity for which we believe you intended this letter.

BHI adamantly disputes the accusations in your letter, all of which are inaccurate. BHI is a holding company that does not operate a consumer-facing travel website and does not scrape the websites of other companies for data, either directly or indirectly. As evidenced by public filings and other information available to you through your client's ongoing litigation with Booking.com B.V., you should already know BHI is a non-operating holding company that exists for the sole purpose of holding assets in its wholly-owned subsidiaries. Each of the subsidiaries assumes control over its own respective brands, including all day-to-day operations. The subsidiaries' respective websites and mobile apps are each also owned and controlled entirely by the relevant subsidiary or one of BHI's other subsidiaries. BHI is a distinct corporate entity from all of its subsidiaries and maintains an entirely separate corporate existence. Thus, your attempt to conflate BHI with its subsidiaries and your suggestion that BHI can be held liable for any conduct that its subsidiaries allegedly took is misguided.

For the avoidance of doubt, BHI does not conduct business directly with consumers and does not operate or control a consumer-facing travel website or app, including any websites or mobile apps under its subsidiaries' brands. Thus, BHI would have no reason to scrape Ryanair's -- or any other company's -- website as you have alleged. BHI would never have agreed to Ryanair's terms and conditions since it does not operate any website nor use Ryanair's website. For the same reasons, BHI has never engaged in the conduct alleged in your letter, so no unauthorized access has occurred or is occurring for it to cease.

In any case, your argument that the Computer Fraud and Abuse Act ("CFAA") could apply in this instance is unconvincing. First and foremost, your dispute is with Booking.com B.V. such that your letter is a blatant attempt to get two "bites at the apple" for claims that are



already pending in Ireland.  Thus, your threatened lawsuit to bring foreign issues into the U.S. will not survive Rule 11 and Rule 12 scrutiny and would constitute frivolous duplication and undisguised gamesmanship.

In fact, even if you had legitimate complaints about a U.S. party, nothing in the CFAA provides that it was intended to apply extraterritorially to alleged injuries such as those of your client.  The CFAA does not permit civil suits based on foreign injuries unless the presumption against extraterritoriality is rebutted as to the private right of action.  And, even if the CFAA could apply, which it cannot, it does not prohibit the scraping of publicly accessible data from websites.  Your reliance on *Facebook, Inc. v. PowerVentures, Inc.*, 844 F.3d 1058, 1067-68 (9th Cir. 2016) is inapposite where that case addressed information protected behind users' login information, and in any event noted that the alleged "[v]iolation of the terms of use of a website—without more—cannot establish liability under the CFAA." *Id.* at 1067.

It is apparent from your letter that your client has no facts or legal authority to support any lawsuit against BHI.

BHI trusts this response will bring this matter to a close.  Please contact me if you wish to discuss it any further.

Sincerely,

Teresa H. Michaud
Partner
Tel: +1 310 201 4725
teresa.michaud@bakermckenzie.com

Cc: Anne Assayag, *of the firm*