## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RYANAIR DAC, | |
| Plaintiff, | |
| v. | C.A. No. 20-01191-WCB |
| BOOKING HOLDINGS INC., BOOKING.COM B.V., KAYAK SOFTWARE CORPORATION, PRICELINE.COM LLC, and AGODA COMPANY PTE. LTD, | |
| Defendants. | |

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030 *et seq.*) AND COUNTERCLAIMS

OF COUNSEL:

John H. Hemann
Kathleen Hartnett
Jessie Simpson LaGoy
Darina Shtrakhman
COOLEY LLP
3 Embarcadero Center, 20th Fl.
San Francisco, CA 94111
(415) 693-2200
jhemann@cooley.com
khartnett@cooley.com
jsimpsonlagoy@cooley.com
dshtrakhman@cooley.com

Dated: November 23, 2022

Jeffrey L. Moyer (#3309)
Tyler E. Cragg (#6398)
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
moyer@rlf.com
cragg@rlf.com

*Attorneys for Defendants*

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants Booking Holdings Inc. ("BHI"), Booking.com B.V. ("Booking.com"), Kayak Software Corporation ("KAYAK"), Priceline.com LLC ("Priceline"), and Agoda Company Pte. Ltd. ("Agoda") (collectively, "Defendants") hereby answer the First Amended Complaint (D.I. 76, the "FAC") filed by Plaintiff Ryanair DAC ("Ryanair").  Any and all allegations not specifically admitted herein are denied.  Except as otherwise stated, Defendants deny the factual allegations, if any, contained in the headings, subheadings, tables of contents, unnumbered paragraphs, figures, and footnotes in the FAC.  Defendants reserve the right to seek leave to amend or supplement this Answer as necessary.[1]

1.      On information and belief, Defendants admit the allegations contained in Paragraph 1.

2.      Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 2 and, on that basis, deny them.

---

[1] The Court's Order, dated October 24, 2022 (the "Order", D.I. 105) granted in part and denied in part Defendants' motion to dismiss the FAC.  The Order both dismissed Count III (Order at 27) and found that certain allegations in the Fist Amended Complaint were not viable under the CFAA. (Order at 23-25.)  Specifically, the Court found "that in order for the CFAA's 'without authorization' and 'exceeds authorized access' elements to apply, some sort of authentication mechanism (e.g., the use of usernames and passwords) must be employed to limit access to the website[,]" and accordingly, that "[i]f the information on the website is publicly available without requiring users to authenticate themselves, a violation of the terms of use or the defiance of a cease-and-desist letter will not give rise to liability under the CFAA."  (Order at 23-24.)  The Court went on to find that the allegations that survived Defendants' motion to dismiss relate to "whether the steps Ryanair has taken to protect the myRyanair portion of its website . . . are sufficient to render that portion of the website non-public . . . ."  (Order at 25 (emphasis added).)  Ryanair has elected not to file an amended complaint in response to the Order, and as a result, certain allegations in the FAC relate to claims that the Order has dismissed or found are not viable under the CFAA. Defendants are not obligated to answer such portions of the FAC.  However, to the extent Defendants do submit a response to such portions of the FAC, those responses are not intended to be contrary to the Court's Order and should not be construed as an intention to validate or resurrect any defunct claims or allegations.

3.      On information and belief, Defendants admit that Ryanair offers customers low-fare flights in Europe and North Africa on its website at www.ryanair.com.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 3 and, on that basis, deny them.

4.      BHI admits the allegations contained in Paragraph 4.

5.      Booking.com admits the allegations contained in Paragraph 5.

6.      Booking.com and BHI admit the allegations contained in Paragraph 6.

7.      KAYAK admits the allegations contained in Paragraph 7.

8.      KAYAK and BHI admit the allegations contained in Paragraph 8.

9.      Priceline admits the allegations contained in Paragraph 9.

10.      Priceline and BHI admit the allegations contained in Paragraph 10.

11.      Agoda admits the allegations contained in Paragraph 11.

12.      Agoda and BHI admit the allegations contained in Paragraph 12.

13.      Defendants admit that Booking.com, Agoda, and Priceline are online travel companies that facilitate consumer travel reservations including flights, accommodations, and other travel services, and that KAYAK is a metasearch engine that allows consumers to search for airfare and related travel services.  Except as admitted herein, Defendants deny the allegations of Paragraph 13.

14.      Paragraph 14 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants admit that Ryanair, by its FAC, purports to bring an action against Defendants under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (the "CFAA").  Defendants deny that Ryanair has stated a claim for violation of the CFAA against them.

15.     Defendants admit that Booking.com, KAYAK, Priceline, and Agoda advertise to customers in the United States.  Except as admitted herein, Defendants deny the allegations of Paragraph 15.

16.     Booking.com admits that visitors with U.S. IP addresses may book tickets for flight products on Booking.com.  Booking.com further admits that it allows users to choose US Dollars as the selected currency and "English (US)" as the selected language.  Except as admitted herein, Defendants deny the allegations of Paragraph 16.

17.     Agoda admits that visitors with U.S. IP addresses may book tickets for flight products on Agoda.com.  Agoda further admits that it allows users to choose US Dollars as their preferred currency and "English" as their preferred language.  Agoda admits that the image depicted in this paragraph appears on the Agoda.com website next to the option to use the English language.  Except as admitted herein, Defendants deny the allegations of Paragraph 17.

18.     BHI admits that Paragraph 18 contains an excerpt from its Form 10-K filed on February 26, 2020, which is a document that speaks for itself.  BHI respectfully refers the Court to BHI's 2020 Form 10-K for a full and accurate recitation of its contents.

19.     BHI admits that Paragraph 19 contains an excerpt from its Form 10-K filed on February 26, 2020, which is a document that speaks for itself.  BHI respectfully refers the Court to BHI's 2020 Form 10-K for a full and accurate recitation of its contents.

20.     BHI admits that as of November 23, 2022, the landing page on the BHI website displays the words: "THE WORLD'S LEADING PROVIDER OF ONLINE TRAVEL AND RELATED SERVICES." Except as admitted herein, BHI denies the allegations of Paragraph 20.

21.     Defendants deny that travel services can be booked on the BHI website and therefore deny the allegations of Paragraph 21.

22.     Defendants admit the allegations contained in Paragraph 22.

23.     Defendants admit the allegations contained in Paragraph 23.

24.     Paragraph 24 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants admit that the CFAA is a federal statute that could confer subject-matter jurisdiction upon this Court, but deny that Ryanair has stated a CFAA claim.

25.     Paragraph 25 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

26.     Paragraph 26 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants admit that BHI, KAYAK, and Priceline are incorporated in Delaware, but otherwise deny the allegations of Paragraph 26.

27.     Paragraph 27 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

28.     Paragraph 28 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants admit that BHI, KAYAK, and Priceline are incorporated in Delaware but otherwise deny the allegations of Paragraph 28.

29.     On information and belief, Defendants admit that Ryanair offers customers low-fare flights in Europe and North Africa on its website at www.ryanair.com.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 29 and, on that basis, deny them.

30.     On information and belief, Defendants admit that Ryanair offers customers low-fare flights in Europe and North Africa on its website at www.ryanair.com.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 30 and, on that basis, deny them.

31.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 31 and, on that basis, deny them.

32.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 32 and, on that basis, deny them.

33.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 33 and, on that basis, deny them.

34.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 34 and, on that basis, deny them.

35.     On information and belief, Defendants admit that Ryanair offers customers low-fare flights in Europe and North Africa on its website at www.ryanair.com.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 35 and, on that basis, deny them.

36.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 36 and, on that basis, deny them.

37.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 37 and, on that basis, deny them.

38.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 38 and, on that basis, deny them.

39.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 39 and, on that basis, deny them.

40.     Paragraph 40 contains legal conclusions or argument to which no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants lack

knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 40 and, on that basis, deny them.

41.     Paragraph 41 states legal conclusions or argument to which no response is required. The allegations in Paragraph 41 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

42.     Defendants admit that Paragraph 42 contains an excerpt from the Ryanair Terms of Use ("TOU"), attached as Exhibit A to Ryanair's FAC, which is a document that speaks for itself. Defendants respectfully refer the Court to Exhibit A to the FAC for a full and accurate recitation of its contents.

43.     Paragraph 43 states legal conclusions or argument to which no response is required. The allegations in Paragraph 43 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein, except that Defendants admit that Paragraph 43 contains an excerpt from the Ryanair TOU, attached as Exhibit A to Ryanair's FAC, which is a document that speaks for itself.  Defendants respectfully refer the Court to Exhibit A to the FAC for a full and accurate recitation of its contents.

44.     Paragraph 44 states legal conclusions or argument to which no response is required. The allegations in Paragraph 44 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

45.     Defendants admit that Paragraph 45 contains an excerpt from the Ryanair TOU, attached as Exhibit A to Ryanair's FAC, which is a document that speaks for itself.  Defendants respectfully refer the Court to Exhibit A to the FAC for a full and accurate recitation of its contents.

46.     Paragraph 46 states legal conclusions or argument to which no response is required. The allegations in Paragraph 46 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein, except that Defendants admit that Paragraph 46 contains an excerpt from the Ryanair TOU, attached as Exhibit A to Ryanair's FAC, which is a document that speaks for itself.  Defendants respectfully refer the Court to Exhibit A to the FAC for a full and accurate recitation of its contents.

47.     Paragraph 47 states legal conclusions or argument to which no response is required. The allegations in Paragraph 47 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

48.     Paragraph 48 states legal conclusions or argument to which no response is required. The allegations in Paragraph 48 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

49.     Paragraph 49 states legal conclusions or argument to which no response is required. The allegations in Paragraph 49 also relate at least in part to those that the Court has found are not viable under the CFAA, see supra n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

50.     Defendants admit that Paragraph 50 contains an excerpt from the Ryanair TOU, attached as Exhibit A to Ryanair's FAC, which is a document that speaks for itself.  Defendants respectfully refer the Court to Exhibit A to the FAC for a full and accurate recitation of its contents.

51.     Paragraph 51 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein, except that Defendants admit that Paragraph 51 contains an excerpt from the Ryanair TOU, attached as Exhibit A to Ryanair's FAC, which is a document that speaks for itself.  Defendants respectfully refer the Court to Exhibit A to the FAC for a full and accurate recitation of its contents.

52.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 52 and, on that basis, deny them.

53.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 53 and, on that basis, deny them.

54.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 54 and, on that basis, deny them.

55.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 55 and, on that basis, deny them.

56.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 56 and, on that basis, deny them.

57.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 57 and, on that basis, deny them.

58.     Paragraph 58 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

59.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 59 and, on that basis, deny them.

60.     Paragraph 60 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

61.     Paragraph 61 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

62.     Paragraph 62 contains legal conclusions or argument to which no response is required. As to the remaining allegations, and to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 62, and on that basis, deny them.

63.     Paragraph 63 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

64.     Paragraph 64 contains legal conclusions or argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 66 and, on that basis, deny them.

67.     Defendants deny the first sentence of allegations in Paragraph 67. Regarding whether a "transaction can be completed without agreeing to the Ryanair TOU," Defendants lack knowledge or information sufficient to admit or deny the allegations and, on that basis, deny them.

68.     Paragraph 68 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

69.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 69 and, on that basis, deny them.

70.     Paragraph 70 states legal conclusions or argument to which no response is required. The allegations in Paragraph 70 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

71.     Paragraph 71 states legal conclusions or argument to which no response is required. The allegations in Paragraph 71 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

72.     Booking.com admits that on or about November 15, 2019, counsel for Ryanair sent Booking.com the letter attached as Exhibit B to the FAC, which is a document that speaks for itself.  Defendants deny the characterizations contained in Paragraph 72 and respectfully refer the Court to Exhibit B for a full and accurate recitation of its contents.

73.     BHI admits that on or about July 30, 2020, counsel for Ryanair sent BHI the letter attached as Exhibit C to the FAC, which is a document that speaks for itself.  Defendants deny the characterizations contained in Paragraph 73 and respectfully refer the Court to Exhibit C for a full and accurate recitation of its contents.

74.     BHI admits the allegations in Paragraph 74.

75.     Defendants deny the characterizations contained in Paragraph 75 and respectfully refer the Court to Exhibits B and C for a full and accurate recitation of their contents.

76.     Defendants deny the characterizations contained in Paragraph 76 and respectfully refer the Court to Exhibits B and C for a full and accurate recitation of their contents.

77.     Paragraph 77 states legal conclusions or argument to which no response is required. The allegations in Paragraph 77 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

78.     Paragraph 78 states legal conclusions or argument to which no response is required. The allegations in Paragraph 78 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 78 and, on that basis, deny them.

79.     Paragraph 79 states legal conclusions or argument to which no response is required. The allegations in Paragraph 79 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

80.     Defendants admit that BHI, Booking.com, KAYAK, Priceline, and Agoda are currently aware of the Ryanair TOU as posted on November 23, 2022, but otherwise deny the allegations contained in Paragraph 80.

81.     Paragraph 81 states legal conclusions or argument to which no response is required. The allegations in Paragraph 81 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

82.     Defendants admit that Paragraph 82 contains an excerpt from Exhibit C to the FAC, which is a document that speaks for itself.  Defendants deny the characterizations contained in

Paragraph 82 and respectfully refer the Court to Exhibit C to the FAC for a full and accurate recitation of its contents.

83.     Paragraph 83 states legal conclusions or argument to which no response is required. The allegations in Paragraph 83 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

84.     Defendants admit that Paragraph 84 contains an excerpt from Exhibit C to the FAC, which is a document that speaks for itself.  Defendants deny the characterizations contained in Paragraph 84 and respectfully refer the Court to Exhibit C to the FAC for a full and accurate recitation of its contents.

85.     BHI admits that Paragraph 85 contains an excerpt from Exhibit C to the FAC, which is a document that speaks for itself.  BHI denies the characterizations contained in Paragraph 85 and respectfully refers the Court to Exhibit C to the FAC for a full and accurate recitation of its contents.

86.     Defendants admit that Ryanair filed this lawsuit on September 4, 2020.  Except as specifically admitted herein, Paragraph 86 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 86.

87.     Defendants admit the allegations in Paragraph 87.

88.     Paragraph 88 states legal conclusions or argument to which no response is required. The allegations in Paragraph 88 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

89.     Paragraph 89 contains legal conclusions or argument to which no response is required.  The allegations in Paragraph 89 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations, Defendants admit that they intend to argue that they are authorized to access the Ryanair Website.   Except as specifically admitted herein, Defendants deny the allegations contained in Paragraph 89.

90.     Defendants admit that Paragraph 90 contains an excerpt from Exhibit E to the FAC, which is a document that speaks for itself.  Defendants deny the characterizations contained in Paragraph 90 and respectfully refer the Court to Exhibit E for a full and accurate recitation of its contents.

91.     Paragraph 91 states legal conclusions or argument to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 91 and on that basis, deny them.

92.     Paragraph 92 contains legal conclusions or argument to which no response is required.  As to the remaining allegations, to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 92 and on that basis, deny them.

93.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 93 and on that basis, deny them.

94.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 94 and on that basis, deny them.

95.     Paragraph 95 contains legal conclusions or argument to which no response is required.  As to the remaining allegations, to the extent a response is required, Defendants lack

knowledge or information sufficient to admit or deny the allegations contained in Paragraph 95 and on that basis, deny them.

96.     Paragraph 96 contains legal conclusions or argument to which no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 96 and on that basis, deny them.

97.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 97 and on that basis, deny them.

98.     Paragraph 98 contains legal conclusions or argument to which no response is required.  The allegations in Paragraph 98 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 98 and on that basis, deny them.

99.     The allegations in Paragraph 99 relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 99 and on that basis, deny them.

100.    Paragraph 100 contains legal conclusions or argument to which no response is required.  The allegations in Paragraph 100 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants lack knowledge or

information sufficient to admit or deny the allegations contained in Paragraph 100 and on that basis, deny them.

101.    Paragraph 101 contains legal conclusions or argument to which no response is required.  The allegations in Paragraph 101 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 101 and on that basis, deny them.

102.    The allegations in Paragraph 102 relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 102 and on that basis, deny them.

103.    Paragraph 103 contains legal conclusions or argument to which no response is required.  The allegations in Paragraph 103 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 103 and on that basis, deny them.

104.    The allegations in Paragraph 104 relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 104 and on that basis, deny them.

105.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 105 and on that basis, deny them.

106.     Paragraph 106 contains legal conclusions or argument to which no response is required.  The allegations in Paragraph 106 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 106 and on that basis, deny them.

107.     Paragraph 107 contains legal conclusions or argument to which no response is required.  The allegations in Paragraph 107 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 107 and on that basis, deny them.

108.     Paragraph 108 contains legal conclusions or argument to which no response is required.  The allegations in Paragraph 108 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 108 and on that basis, deny them.

109.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 109 and on that basis, deny them.

110.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 110 and on that basis, deny them.

111.    Paragraph 111 contains legal conclusions or argument to which no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 111 and on that basis, deny them.

112.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 112 and on that basis, deny them.

113.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 113 and on that basis, deny them.

114.    Ryanair's TOU is a document that speaks for itself.   Defendants deny the characterizations contained in Paragraph 114 and respectfully refer the Court to Exhibit A for a full and accurate recitation of its contents.   As to the remaining allegations, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 114 and on that basis, deny them.

115.    Paragraph 115 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 115 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

116.    Paragraph 116 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 116 relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

117.    Paragraph 117 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 117 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

118.    Paragraph 118 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 118 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

119.    Defendants admit that Booking.com, Agoda, and Priceline are online travel companies that facilitate consumer reservations of travel services including flights, accommodations, and other travel services, and that KAYAK is a metasearch engine that allows consumers to search for airfare and related travel services.  Except as admitted herein, Defendants deny the allegations of Paragraph 119.

120.    BHI admits that Paragraph 120 contains an excerpt from its Form 10-K filed on February 26, 2020, which is a document that speaks for itself.  BHI respectfully refers the Court to BHI's 2020 Form 10-K for a full and accurate recitation of its contents.

121.    BHI admits that Paragraph 121 contains an excerpt from its Form 10-K filed on February 26, 2020, which is a document that speaks for itself.  BHI respectfully refers the Court to BHI's 2020 Form 10-K for a full and accurate recitation of its contents.

122.    BHI admits that as of November 23, 2022, the landing page on the BHI website displays the words: "THE WORLD'S LEADING PROVIDER OF ONLINE TRAVEL AND RELATED SERVICES."   Except as admitted herein, Defendants deny the allegations of Paragraph 122.

123.    Defendants deny that travel services can be booked on the BHI website and therefore deny the allegations of Paragraph 123.

124.    BHI admits the allegations contained in Paragraph 124.

125.    BHI admits the allegations contained in Paragraph 125.

126.    Booking.com and Priceline admit that users can book Ryanair flights individually on their respective websites.  Agoda admits that at certain times in the past users could book Ryanair flights individually on its website.  KAYAK admits that it shows Ryanair schedules and fares on its website.  Except as specifically admitted herein, Defendants deny the allegations of Paragraph 126.

127.    Paragraph 127 contains legal conclusions or argument to which no response is required.  As to the remaining allegations, to the extent a response is required, Defendants deny the allegations in Paragraph 127.

128.    Booking.com and Priceline admit that users can book Ryanair flights individually on their respective websites.   Except as specifically admitted herein, Defendants deny the allegations of Paragraph 128.

129.    The allegations in Paragraph 129 relate exclusively to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, KAYAK admits the allegations contained in Paragraph 129.

130.    Defendants deny the allegations of Paragraph 130.

131.    Booking.com and Priceline admit that customers can book Ryanair flights on their websites.  Except as specifically admitted herein, Booking.com, Priceline, and Agoda deny the allegations of Paragraph 131.

132.    The allegations in Paragraph 132 relate exclusively to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  Paragraph 132 also states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

133.    Paragraph 133 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 133 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

134.    Paragraph 134 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 134 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

135.    Paragraph 135 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

136.    Paragraph 136 contains legal conclusions or argument to which no response is required.  The allegations in Paragraph 136 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

137.    Paragraph 137 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 137 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

138.    The allegations in Paragraph 138 relate exclusively to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 138, and on that basis, deny them.

139.    The allegations in Paragraph 139 relate exclusively to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, the text of the image in Paragraph 139 speaks for itself (if it is a true and correct copy) and KAYAK denies the characterizations of it.

140.    The allegations in Paragraph 140 relate exclusively to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  Paragraph 140 also states legal conclusions or argument to which no response is required.  To the extent a response is required, KAYAK denies the allegations therein.

141.    Paragraph 141 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 141 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

142.    Paragraph 142 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

143.    Paragraph 143 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

144.    Booking.com and Priceline admit that a customer who books and purchases a Ryanair flight through the Booking.com and Priceline websites is not transferred to the Ryanair website.  Agoda admits that, at certain times in the past a customer who booked and purchased a

Ryanair flight through the Agoda.com website was not transferred to the Ryanair Website. Defendants deny the remaining allegations contained in Paragraph 144.

145.     Defendants deny the allegations contained in Paragraph 145.

146.     The allegations in Paragraph 146 relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations and to the extent a response is required, Defendants deny the allegations contained in Paragraph 146.

147.     Paragraph 147 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 147.

148.     Paragraph 148 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

149.     Defendants deny the allegations contained in Paragraph 149.

150.     Paragraph 150 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 150 relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

151.     Paragraph 151 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 151 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

152.     Paragraph 152 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

153.    Defendants deny the allegations contained in Paragraph 153.

154.    Paragraph 154 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 154 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

155.    Priceline admits that the PPN website, pricelinepartnersolutions.com, displays the words: "Power your website or application with an API connection to our travel supply."  Except as admitted herein, Defendants deny the remaining allegations in Paragraph 155.

156.    Priceline admits that the PPN website, pricelinepartnersolutions.com, displays words quoted in Paragraph 156.  Except as admitted herein, Defendants deny the remaining allegations in Paragraph 156.

157.    Priceline admits that the PPN website, pricelinepartnersolutions.com, displays words quoted in Paragraph 157.  Except as admitted herein, Defendants deny the remaining allegations in Paragraph 157.

158.    Paragraph 158 contains legal conclusions or argument to which no response is required.  As to the remaining allegations, and to the extent a response is required, Priceline admits that the PPN website, pricelinepartnersolutions.com, does not expressly display its relationship with each of the "over 300 airlines" referenced on the site.  Except as admitted herein, Defendants deny the remaining allegations in Paragraph 158.

159.    Paragraph 159 contains legal conclusions or argument to which no response is required.  As to the remaining allegations, and to the extent a response is required, Priceline admits that the PPN website, pricelinepartnersolutions.com, does not expressly display its relationship

with each of the "over 300 airlines" referenced on the site.  Except as admitted herein, Defendants deny the remaining allegations in Paragraph 159.

160.    Paragraph 160 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 160 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations therein.

161.    Paragraph 161 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

162.    Paragraph 162 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 162 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations therein.

163.    Priceline admits that the PPN website, pricelinepartnersolutions.com, displays words quoted in Paragraph 163.  Except as admitted herein, Defendants deny the remaining allegations in Paragraph 163.

164.    Priceline admits that PPN has a partner agreement with Bitbook, the terms of which speak for themselves.  Except as admitted herein, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 164 and, on that basis, deny them.

165.    The allegations in Paragraph 165 relate exclusively to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Priceline admits that PPN has an agreement with Bitbook, the terms of

which speak for itself.  Except as admitted herein, Defendants deny the remaining allegations in Paragraph 165.

166.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 166 and, on that basis, deny them.

167.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 167 and, on that basis, deny them.

168.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 168 and, on that basis, deny them.

169.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 169 and, on that basis, deny them.

170.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 170 and, on that basis, deny them.

171.    Priceline denies the allegation that it "provides to BitBook and the BitBook user the requested Ryanair flight itinerary."   As to the remaining allegations, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 171 and, on that basis, deny them.

172.    Paragraph 172 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

173.    Paragraph 173 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 173 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

174.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 174 and, on that basis, deny them.

175.     Paragraph 175 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 175 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

176.     Paragraph 176 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 176 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

177.     Paragraph 177 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 177 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

178.     Paragraph 178 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 178 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

179.     Defendants deny the allegations contained in Paragraph 179.

180.     Paragraph 180 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

181.     Paragraph 181 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 181 also relate at least in part to those that the Court has

found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations therein.

182.    The allegations in Paragraph 182 relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations therein.

183.    Booking.com admits the allegations contained in Paragraph 183.

184.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 184 and, on that basis, deny them.

185.    Paragraph 185 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 185 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

186.    Paragraph 186 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 186 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

187.    Paragraph 187 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 187 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

188.    Paragraph 188 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 188 also relate at least in part to those that the Court has

found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

189.   Paragraph 189 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 189 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

190.   The allegations in Paragraph 190 relate exclusively to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, KAYAK admits that a Kayak.com user may, at times, be presented with the option to book a Ryanair flight through a third party without leaving the Kayak.com domain.  Except as admitted herein, Defendants deny the allegations of Paragraph 190.

191.   The allegations in Paragraph 191 relate exclusively to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations therein.

192.   KAYAK admits that a Kayak.com user may, at times, be able to book a Ryanair flight through a third party without leaving the Kayak.com domain.  Defendants deny the remaining allegations contained in Paragraph 192.

193.   Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 193 and, on that basis, deny them.

194.   Defendants deny the allegations contained in Paragraph 194.

195.   Paragraph 195 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 195 also relate at least in part to those that the Court has

found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

196.    Paragraph 196 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 196 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

197.    Paragraph 197 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 197 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

198.    Paragraph 198 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 198 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

199.    Paragraph 199 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 199 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

200.    Agoda admits that at certain times in the past users could book Ryanair flights individually on its website.  Except as admitted herein, Defendants deny the allegations in Paragraph 200.

201.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 201 and, on that basis, deny them.

202.     Defendants deny the allegations contained in Paragraph 202.

203.     Paragraph 203 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 203 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

204.     Paragraph 204 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 204 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

205.     Paragraph 205 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 205 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

206.     Paragraph 206 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 206 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

207.     Paragraph 207 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 207 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

208.     Paragraph 208 contains legal conclusions or argument to which no response is required.  The allegations in Paragraph 208 also relate at least in part to those that the Court has

found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants deny the allegations contained in Paragraph 208.

209.    Paragraph 209 contains legal conclusions or argument to which no response is required.  The allegations in Paragraph 209 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants deny the allegations contained in Paragraph 209.

210.    The allegations in Paragraph 210 relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants deny the allegations contained in Paragraph 210.

211.    Defendants deny the allegations contained in Paragraph 211.

212.    The allegations contained in Paragraph 212 are overly vague and therefore do not provide sufficient detail necessary to answer the allegations.  For that reason, Defendants lack knowledge or information sufficient to admit or deny and, on that basis, deny them.

213.    The allegations contained in Paragraph 213 are overly vague and therefore do not provide sufficient detail necessary to answer the allegations.  For that reason, Defendants lack knowledge or information sufficient to admit or deny and, on that basis, deny them.

214.    Paragraph 214 contains legal conclusions or argument to which no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 214 and, on that basis, deny them.

215.    Paragraph 215 contains legal conclusions or argument to which no response is required.  The allegations in Paragraph 215 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants respond as follows:

> a. Agoda admits that it has an agreement with Priceline, the terms of which speak for themselves.

> b. KAYAK admits that it has agreements with Travelfusion Limited and other online travel agents, the terms of which speak for themselves.

> c. Booking.com admits that it has agreements with Etraveli and Priceline, the terms of which speak for themselves.

> d. Priceline admits that it has agreements with Mystifly and Travelfusion, the terms of which speak for themselves.

Except as admitted herein, Defendants deny the allegations contained in Paragraph 215.

216.    Paragraph 216 contains legal conclusions or argument to which no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 216 and, on that basis, deny them.

217.    Paragraph 217 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 217 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

218.    Paragraph 218 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 218 also relate at least in part to those that the Court has

found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

219.    Paragraph 219 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 219 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

220.    The allegations in Paragraph 220 relate exclusively to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  Paragraph 220 also states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

221.    Paragraph 221 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 221 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

222.    Paragraph 222 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 222 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 222.

223.    Paragraph 223 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 223.

224.     Paragraph 224 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 224.

225.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 225 and, on that basis, deny them.

226.     Paragraph 226 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 226.

227.     The allegations contained in Paragraph 227 are overly vague and therefore do not provide sufficient detail necessary to answer the allegations.  For that reason, Defendants lack knowledge or information sufficient to admit or deny and, on that basis, deny them.

228.     Agoda admits that it has an agreement with Priceline relating to the supply of certain flights, the terms of which speak for themselves.  Agoda and Priceline admit that they are subsidiaries of BHI.  Except as admitted herein, Defendants deny the allegations in Paragraph 228

229.     Priceline admits that it has an agreement with Kiwi.com s.r.o, the terms of which speak for themselves.  Except as admitted herein, Paragraph 229 does not provide sufficient detail necessary to answer the allegations.  For that reason, Defendants lack knowledge or information sufficient to admit or deny and, on that basis, denies them.

230.     BHI admits that General Atlantic Partners, LLC held approximately 18.5% of Priceline.com Inc.'s shares immediately following its initial public offering in 1999.  Except as admitted herein, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 230 and, on that basis, deny them.

231.   Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 231 and, on that basis, deny them.

232.   Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 232 and, on that basis, deny them.

233.   Priceline admits that it employed Gisele Mast from 2016 to 2018, and that she held the position of VP of Product.  Booking.com admits that it employed Gisele Mast from 2018 to 2020, and that she held the position of Director of Product.  Except as admitted herein, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 233 and, on that basis, deny them.

234.   BHI admits that Daniel Finnegan was previously employed at BHI (then known as priceline.com Incorporated and The Priceline Group, Inc.), and that during his employment he held positions that included Chief Financial Officer and Chief Accounting Officer.  Except as admitted herein, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 234 and, on that basis, deny them.

235.   BHI admits that on June 28, 2000, priceline.com Incorporated and General Atlantic Partners, LLC, announced the formation of a new company called priceline.com Europe.  Except as admitted herein, Defendants deny the allegations contained in Paragraph 235.

236.   Priceline and KAYAK admit that they each have agreements with Travelfusion Limited, the terms of which speak for themselves.  Except as admitted herein, Paragraph 236 does not provide sufficient detail necessary to answer the allegations.  For that reason, Defendants lack knowledge or information sufficient to admit or deny and, on that basis, deny them.

237.   BHI (formerly known as priceline.com Incorporated or The Priceline Group, Inc.) admits that it invested $500 million in the company Ctrip in 2014.  Except as expressly admitted,

Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 237 and, on that basis, deny them.

238.   Booking.com admits that it has agreements with Priceline and Etraveli, the terms of which speak for themselves.   Except as admitted herein, Paragraph 238 does not provide sufficient detail necessary to answer the allegations.   For that reason, Defendants lack knowledge or information sufficient to admit or deny and, on that basis, denies them.

239.   Defendants admit the allegations contained in Paragraph 239.

240.   BHI admits that it has entered into an agreement to acquire the Etraveli Group. Except as admitted herein, Defendants deny the allegations contained in Paragraph 240.

241.   Paragraph 241 states legal conclusions or argument to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in Paragraph 241.

242.   Paragraph 242 states legal conclusions or argument to which no response is required.   To the extent a response is required, the allegations contained in Paragraph 242 are overly vague and therefore do not provide sufficient detail necessary to answer the allegations. For that reason, Defendants lack knowledge or information sufficient to admit or deny and, on that basis, deny them.

243.   The allegations in Paragraph 243 relate exclusively to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.   To the extent a response is required, Defendants deny the allegations therein.

244.   Defendants deny the allegations contained in Paragraph 244.

245.   Paragraph 245 states legal conclusions or argument to which no response is required.   The allegations in Paragraph 245 also relate at least in part to those that the Court has

found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

246.    Paragraph 246 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 246 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

247.    The allegations contained in Paragraph 247 are overly vague and therefore do not provide sufficient detail necessary to answer the allegations.  For that reason, Defendants lack knowledge or information sufficient to admit or deny and, on that basis, deny them.

248.    Paragraph 248 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

249.    The allegations in Paragraph 249 relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants deny the allegations contained in Paragraph 249.

250.    Paragraph 250 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 250 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

251.    Paragraph 251 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 251 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 251.

252.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 252 and, on that basis, deny them.

253.     Paragraph 253 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 253 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

254.     The allegations in Paragraph 254 relate exclusively to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  Paragraph 254 also contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

255.     Paragraph 255 contains legal conclusions or argument to which no response is required.  The allegations in Paragraph 255 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

256.     The allegations in Paragraph 256 relate exclusively to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations therein.

257.     The allegations in Paragraph 257 relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants deny the allegations contained in Paragraph 257.

258.     Defendants deny the allegations contained in Paragraph 258.

259.     Defendants admit that the images depicted in Paragraph 259 purport to show the same flight from Dublin to Cologne departing at 3:55 PM EDT on September 4, 2020 being offered at three different prices on, respectively, the Ryanair Website, Priceline.com website, and Kayak.com website, but lack knowledge or information sufficient to admit or deny the veracity of the underlying facts, including whether the itineraries offered for purchase are in fact equivalent, and on that basis, deny the allegations.

260.     Defendants admit that the images depicted in Paragraph 260 purport to show the same flight from Hamburg to Barcelona departing at 9:45 AM EDT on September 5, 2020 being offered at three different prices on, respectively, the Ryanair Website, Priceline.com website, and Kayak.com website, but lack knowledge or information sufficient to admit or deny the veracity of the underlying facts, including whether the itineraries offered for purchase are in fact equivalent, and on that basis, deny the allegations.

261.     Defendants admit that the images depicted in Paragraph 261 purport to show the same flight from Dublin to Amsterdam departing at 6:50 AM EDT on September 8, 2020 being offered at three different prices on, respectively, the Ryanair Website, Priceline.com website, and Kayak.com website, but lack knowledge or information sufficient to admit or deny the veracity of the underlying facts, including whether the itineraries offered for purchase are in fact equivalent, and on that basis, deny the allegations.

262.     Defendants deny the allegations contained in Paragraph 262.

263.     Defendants deny the allegations contained in Paragraph 263.

264.     Booking.com and Priceline admit that at some point in the past, visitors to the Booking.com website with a U.S. IP address were directed to Priceline.com for flight purchases. Defendants deny that Booking.com's website operates in the same manner today.

265.     Defendants deny the allegations contained in Paragraph 265.

266.     Paragraph 266 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

267.     Defendants deny the allegations contained in Paragraph 267.

268.     Defendants deny the allegations contained in Paragraph 268.

269.     Paragraph 269 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 269 and, on that basis, deny them.

270.     Paragraph 270 contains legal conclusions or argument to which no response is required.  The allegations in Paragraph 270 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants deny the allegations contained in Paragraph 270.

271.     Paragraph 271 contains legal conclusions or argument to which no response is required.  The allegations in Paragraph 271 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the first sentence of Paragraph 271 and, on that basis, deny them.  Defendants deny the allegations contained in the second sentence of Paragraph 271.

272.     The allegations in Paragraph 272 relate exclusively to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 272.

273.     The allegations in Paragraph 273 relate exclusively to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  Paragraph 273 also contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 273 and, on that basis, deny them.

274.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 274 and, on that basis, deny them.

275.     The allegations in Paragraph 275 relate exclusively to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  Paragraph 275 also contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 275 and, on that basis, deny them.

276.     The allegations in Paragraph 276 relate exclusively to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  Paragraph 276 also contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 276.

277.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 277 and, on that basis, deny them.

278.     The allegations in Paragraph 278 relate exclusively to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  Paragraph

278 also contains legal conclusions or argument to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 278 and, on that basis, deny them.

279. The allegations in Paragraph 279 relate exclusively to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required. Paragraph 279 also contains legal conclusions or argument to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 279 and, on that basis, deny them.

280. The allegations in Paragraph 280 relate exclusively to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required. Paragraph 280 also contains legal conclusions or argument to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegation contained in Paragraph 280 that these are merely examples of errors to the Ryanair Website and, on that basis, deny them. Defendants deny the remaining allegations contained in Paragraph 280.

281. The allegations in Paragraph 281 relate exclusively to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required. Paragraph 281 also contains legal conclusions or argument to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 281 and, on that basis, deny them.

282. Priceline and KAYAK admit the allegations contained in Paragraph 282.

283. Priceline and KAYAK admit that they each have an agreement with Travelfusion Limited, the terms of which speak for themselves. Except as admitted herein, Paragraph 283 does

not provide sufficient detail necessary to answer the allegations.  For that reason, Defendants lack knowledge or information sufficient to admit or deny and, on that basis, deny them.

284.    Agoda admits that it has an agreement with Priceline relating to the supply of certain flights, the terms of which speak for themselves.  Except as admitted herein, Agoda denies the allegations contained in Paragraph 284.

285.    Booking.com admits that it has an agreement with Priceline for the provision of flight inventory to Booking.com customers, the terms of which speak for themselves.  Priceline admits that it has an agreement with Travelfusion Limited, the terms of which speak for themselves.  Except as admitted herein, Paragraph 285 does not provide sufficient detail necessary to answer the allegations.  For that reason, Defendants lack knowledge or information sufficient to admit or deny and, on that basis, denies them.

286.    Paragraph 286 contains legal conclusions or argument to which no response is required.  The allegations in Paragraph 286 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 286 and, on that basis, deny them.

287.    Paragraph 287 contains legal conclusions or argument to which no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 287 and, on that basis, deny them.

288.    Paragraph 288 contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 288.

289.    Paragraph 289 contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 289 and, on that basis, deny them.

290.    Paragraph 290 contains legal conclusions or argument to which no response is required.  The allegations in Paragraph 290 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 290 and, on that basis, deny them.

291.    The allegations in Paragraph 291 relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 291 and, on that basis, deny them.

292.    Paragraph 292 contains legal conclusions or argument to which no response is required.  The allegations in Paragraph 292 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants lack knowledge or

information sufficient to admit or deny the allegations contained in Paragraph 292 and, on that basis, deny them.

293.    Paragraph 293 contains legal conclusions or argument to which no response is required.  The allegations in Paragraph 293 may relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 293 and, on that basis, deny them.

294.    Paragraph 294 contains legal conclusions or argument to which no response is required.  The allegations in Paragraph 294 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 294 and, on that basis, deny them.

295.    Paragraph 295 contains legal conclusions or argument to which no response is required.  The allegations in Paragraph 295 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 295 and, on that basis, deny them.

296.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 296 and, on that basis, deny them.

297.     Paragraph 297 contains legal conclusions or argument to which no response is required.  The allegations in Paragraph 297 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  As to the remaining allegations, and to the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 297 and, on that basis, deny them.

298.     Paragraph 298 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

299.     Defendants deny the allegations contained in Paragraph 299.

300.     Defendants admit that the terms and conditions on their respective websites speak for themselves.  Defendants deny Plaintiff's characterization of those conditions.  Except as admitted herein, Defendants deny the allegations in Paragraph 300.

301.     Paragraph 301 does not provide sufficient detail necessary to answer the allegations, and accordingly Defendants lack knowledge or information sufficient to admit or deny and, on that basis, deny them.

302.     Paragraph 302 does not provide sufficient detail necessary to answer the allegations, and accordingly Defendants lack knowledge or information sufficient to admit or deny and, on that basis, deny them.

303.     Paragraph 303 does not provide sufficient detail necessary to answer the allegations, and accordingly Defendants lack knowledge or information sufficient to admit or deny and, on that basis, deny them.

304.    Paragraph 304 does not provide sufficient detail necessary to answer the allegations, and accordingly Defendants lack knowledge or information sufficient to admit or deny and, on that basis, deny them.

305.    Defendants deny the allegations contained in Paragraph 305.

306.    KAYAK admits that Paragraph 306 contains an excerpt from the Terms and Conditions published on the Kayak.com website as of the date of this Answer.

307.    Priceline admits that Paragraph 307 contains an excerpt from the Terms and Conditions published on the Priceline.com website as of the date of this Answer.

308.    Agoda admits that Paragraph 308 contains an excerpt from the Terms and Conditions published on the Agoda.com website as of the date of this Answer.

309.    Paragraph 309 contains legal conclusions or argument to which no response is required.  The allegations in Paragraph 309 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 309.

310.    Defendants incorporate by reference the admissions, denials, and responses contained in Paragraphs 1 through 309 above.

311.    Paragraph 311 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants admit that Ryanair, by its FAC, purports to bring an action against Defendants under the CFAA.  Defendants deny that Ryanair has stated a claim for violation of the CFAA against them.

312.    Paragraph 312 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 312 relate at least in part to those that the Court has found

are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

313.    Paragraph 313 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 313 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

314.    Defendants deny the allegations contained in Paragraph 314.

315.    Paragraph 315 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

316.    Paragraph 316 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 316 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

317.    Paragraph 317 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

318.    Paragraph 318 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 318 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

319.    Paragraph 319 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

320.    Defendants incorporate by reference the admissions, denials, and responses contained in Paragraphs 1 through 319 above.

321.    Paragraph 321 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants admit that Ryanair, by its FAC, purports to bring an action against Defendants under the CFAA.  Defendants deny that Ryanair has stated a claim for violation of the CFAA against them.

322.    Paragraph 322 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 322 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

323.    Defendants deny the allegations contained in Paragraph 323.

324.    Paragraph 324 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

325.    Paragraph 325 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

326.    Paragraph 326 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 326 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

327.    Paragraph 327 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

328.    Paragraph 328 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 328 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

329.    Paragraph 329 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

330.    Paragraph 330 relates exclusively to claims that were dismissed pursuant to the Order.  As a result, no response is required.  To the extent a response is required, Defendants deny the allegations therein.

331.    Paragraph 331 relates exclusively to claims that were dismissed pursuant to the Order.  As a result, no response is required.  To the extent a response is required, Defendants deny the allegations therein.

332.    Paragraph 332 relates exclusively to claims that were dismissed pursuant to the Order.  As a result, no response is required.  To the extent a response is required, Defendants deny the allegations therein.

333.    Paragraph 333 relates exclusively to claims that were dismissed pursuant to the Order.  As a result, no response is required.  To the extent a response is required, Defendants deny the allegations therein.

334.    Paragraph 334 relates exclusively to claims that were dismissed pursuant to the Order.  As a result, no response is required.  To the extent a response is required, Defendants deny the allegations therein.

335.    Paragraph 335 relates exclusively to claims that were dismissed pursuant to the Order.  As a result, no response is required.  To the extent a response is required, Defendants deny the allegations therein.

336.    Paragraph 336 relates exclusively to claims that were dismissed pursuant to the Order.  As a result, no response is required.  To the extent a response is required, Defendants deny the allegations therein.

337.    Paragraph 337 relates exclusively to claims that were dismissed pursuant to the Order.  As a result, no response is required.  To the extent a response is required, Defendants deny the allegations therein.

338.    Defendants incorporate by reference the admissions, denials, and responses contained in Paragraphs 1 through 337 above.

339.    Paragraph 339 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants admit that Ryanair, by its FAC, purports to bring an action against Defendants under the CFAA.  Defendants deny that Ryanair has stated a claim for violation of the CFAA against them.

340.    Paragraph 340 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 340 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

341.    Paragraph 341 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 341 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

342.    Paragraph 342 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

343.    Paragraph 343 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 343 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

344.   Paragraph 344 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

345.   Defendants incorporate by reference the admissions, denials, and responses contained in Paragraphs 1 through 344 above.

346.   Paragraph 346 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants admit that Ryanair, by its FAC, purports to bring an action against Defendants under the CFAA.  Defendants deny that Ryanair has stated a claim for violation of the CFAA against them.

347.   Paragraph 347 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 347 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

348.   Paragraph 348 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

349.   Paragraph 349 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

350.   Paragraph 350 states legal conclusions or argument to which no response is required.  The allegations in Paragraph 350 also relate at least in part to those that the Court has found are not viable under the CFAA, *see supra* n.1, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

351.   Paragraph 351 states legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

## **AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses in response to the claims and allegations contained in Ryanair's Complaint.   Defendants assert these affirmative defenses without assuming the burden of proof for such defenses that would otherwise fall on Ryanair. Further, Defendants reserve the right to supplement or amend these affirmative defenses as discovery is further conducted and do not knowingly or intentionally waive any applicable affirmative defense.  Finally, Defendants repeat, re-allege, and incorporate by reference herein each and every response to every paragraph above and below as if fully set forth in each of Defendants' affirmative defenses below.

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Claim Upon Which Relief May Be Granted)**

Plaintiff fails to state any claims for which relief may be granted against Defendants.

### **SECOND AFFIRMATIVE DEFENSE**
### **(Standing)**

Plaintiff lacks standing to pursue its asserted claims.

### **THIRD AFFIRMATIVE DEFENSE**
### **(Lack of Personal Jurisdiction)**

This Court lacks personal jurisdiction over foreign defendants Booking.com and Agoda.

### **FOURTH AFFIRMATIVE DEFENSE**
### **(*Forum Non Conveniens*)**

This Court is an inconvenient forum for this dispute under the doctrine of *forum non conveniens*.

### **FIFTH AFFIRMATIVE DEFENSE**
### **(Extraterritoriality)**

Plaintiff's claims are barred because the Computer Fraud and Abuse Act's private right of action does not apply to a foreign plaintiff alleging a foreign action and a foreign injury.

## SIXTH AFFIRMATIVE DEFENSE
### (Fault of Third Parties)

Plaintiff's claims are barred because it's claimed injuries and damages, if any, were caused by the acts and omissions of persons, individuals, and entities other than Defendants.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Injury)

Plaintiff has not sustained any losses, damages, or detriment of any sum or amount whatsoever as a result of any act or acts, fault, carelessness, recklessness, or other alleged breach of duty on the part of Defendants.

## EIGHTH AFFIRMATIVE DEFENSE
### (Justification)

Plaintiff's claims are barred, in whole or in part, because Defendants were justified in doing any and/or all of the acts alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

Plaintiff's claims are barred, in whole or in part, because the alleged harm was caused by independent, superseding, or intervening causes unrelated to Defendants.

## TENTH AFFIRMATIVE DEFENSE
### (Good Faith)

Plaintiff's claims are barred because Defendants at all times acted with reasonable care and good faith.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred by unclean hands and violations of federal and state law, including laws protecting competition.

## TWELFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred by applicable statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's claims are barred by the doctrine of laches because it waited an unreasonable period of time to file this action and that prejudicial delay has worked to the detriment of Defendants.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendants reserve the right to assert additional defenses during the pendency of this action.

## PRAYER FOR RELIEF

Defendants deny that Ryanair is entitled to any relief premised on the allegations contained in Ryanair's Complaint, including without limitation the judgment demanded by Ryanair in its Prayer for Relief.  Defendants pray that Ryanair's claims be dismissed with prejudice; that Ryanair take nothing by this action; that judgment be entered in Defendants' favor; and that the Court award Defendants such other relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Defendants hereby demand a trial by jury of all issues so triable.

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff Booking.com, B.V. ("Booking.com"), by and through its undersigned counsel, hereby counterclaims against Plaintiff and Counterclaim Defendant Ryanair DAC ("Ryanair"), as follows:

## INTRODUCTION

1.      Ryanair, a low-cost carrier operating predominantly in Europe, is engaged in a course of tortious conduct intended to interfere with Booking.com's business and damage

Booking.com's reputation among its customers (*i.e.*, the consumers who make bookings on its platform).

2.      Booking.com is an online travel agency ("OTA") (also called an Online Travel Company) whose motto is "to make it easier for everyone to experience the world." Booking.com provides a platform for consumers around the world to search for and book travel reservations from thousands of accommodations, airlines, attractions, rental car companies, and other travel service providers. As a platform that delivers value to consumers through the ability to search for and book a variety of travel services, Booking.com's chief currency is the trustworthy reputation it has worked hard to build among its customers and within the travel industry at large. This reputation has been rewarded by repeat business from countless customers. In other words, there is a clear connection between Booking.com's reputation and its profitability.

3.      Ryanair's wrongful conduct—including its defamatory accusations and misrepresentations to Booking.com's customers—harms what Booking.com has built.

4.      Specifically, Ryanair has publicly disparaged Booking.com and other OTAs, and has sent accusatory and disparaging emails to Booking.com customers who have chosen to book Ryanair flights through Booking.com's platform.

5.      In these communications, Ryanair made false and misleading statements to Booking.com customers, including that their booking had been identified as an "unauthorized online travel agent (OTA) booking," that such OTAs or "intermediaries" are "not authorized" to use the Ryanair website or app, and that customers must take certain steps (such as paying a fee or arriving at the airport extra early) in order to fly using the Ryanair ticket the customer purchased through Booking.com. Ryanair has made false and misleading statements to Booking.com customers stating that OTAs (including Booking.com) (1) may be applying "massive mark-ups"

to its fares, as compared to those fares offered directly through Ryanair's website, (2) use "screen scraper" software to "mis-sell" Ryanair flights, and (3) provide Ryanair with "false customer details," including "false payment and contact details."  Booking.com does not do any of these things; nor does it direct, control, encourage, or induce any other OTA or other third party to do so.

6.      Ryanair's defamatory statements harm Booking.com's commercial reputation with its customers, as well as in the online travel industry more broadly.

7.      Ryanair's statements are intended to and do harm Booking.com's present and future business, by causing customers who have received these communications from Ryanair to refrain from booking subsequent travel reservations through Booking.com and to question the reliability and reputation of Booking.com.

8.      As a result of the foregoing wrongful conduct, Booking.com respectfully requests that the Court (1) award it damages for Ryanair's past tortious actions, and (2) enjoin Ryanair from communicating with Booking.com customers in a manner that interferes with Booking.com's customer relationships and defames Booking.com.

## PARTIES

9.      Counterclaim Plaintiff Booking.com is a *besloten vennootschap* (meaning, a closed, private company) organized and existing under the laws of the Netherlands, with its principal place of business located at Herengracht 597, 1017 CE Amsterdam, the Netherlands. Booking.com is wholly owned by its U.S. parent holding company and does not trade publicly.

10.      Counterclaim Defendant Ryanair is a company organized and existing under the laws of Ireland, with its principal place of business located at Ryanair Dublin Office, Airside Business Park, Swords, County of Dublin, Ireland.

## JURISDICTION AND VENUE

11.     These Counterclaims arise out of the same transaction or occurrence that is the subject matter of Ryanair's claims in this action, and thus bear a logical relationship to those claims.  Accordingly, these counterclaims are asserted in this action as required by Rule 13 of the Federal Rules of Civil Procedure.   In the alternative, this Court may exercise supplemental jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1367, as the counterclaims are so related to the Plaintiff's claims that they form part of the same case or controversy under Article III of the United States Constitution.

12.     This Court has personal jurisdiction over Ryanair because Ryanair has purposely availed itself of the privileges and protection of Delaware law by filing an action in Delaware. Booking.com, accordingly, asserts its counterclaims in this Court.

13.     Venue is proper because, among other reasons, (1) having filed its action in this district, Ryanair is subject to personal jurisdiction in this district and has consented to venue in this district; and (2) as a non-resident of the United States, Ryanair may be sued in any district.

## BACKGROUND

14.     Among other offerings, Booking.com facilitates online flight reservation services via third-party aggregators or other third parties.  Booking.com makes it easy for travelers to compare airline schedules and fares online and to book tickets on the flights that best suit their travel needs.

15.     Booking.com's continued success relies on repeat business generated by customers' positive experiences and good consumer reviews, which serve to bolster its commercial reputation both with prior Booking.com customers and within the travel industry more broadly.

16.     Depending on the search parameters entered by customers and availability through ticket aggregators, Ryanair is one of the airlines whose flights may be booked on Booking.com.

17.     Booking.com does not directly book tickets for any customer on the Ryanair website.

18.     Booking.com does not mark-up or otherwise increase the price of Ryanair tickets; nor does it direct, control, encourage, or induce any other OTA or third party to do so. To the extent any third-party aggregator alters the price of Ryanair tickets (either through mark-up or mark-down), and those prices are thereafter reflected on Booking.com's website, Booking.com exercises no control or authority over such pricing.

19.     Regardless of any pricing change, in either direction, upon information and belief, Ryanair is fully compensated for the cost of every Ryanair ticket booked on Booking.com's website.

20.     On information and belief, Ryanair does not lose any ticket revenue when a customer books a Ryanair flight through the Booking.com platform.

21.     In an attempt to dissuade customers from using OTAs to book Ryanair flights, Ryanair has publicly sought to delegitimize OTAs by making false and disparaging statements, as described below.

22.     Ryanair's conduct towards OTAs is a departure from the typical relationship between airlines and OTAs and other travel agents and intermediaries, who bring ease of use, transparency, and consumer choice to the marketplace.  In common practice, airlines freely allow third parties to make bookings of their flights and honor those bookings without any further steps on the part of the consumer.  Ryanair's conduct toward OTAs is motivated by the desire to generate revenue on ancillary sales and to limit consumer choice and transparency.

23.     Ryanair is also engaged in a course of tortious conduct intended to directly interfere with Booking.com's business and damage Booking.com's reputation among its customers.

24. Specifically, Ryanair has sent the following emails to Booking.com customers who have purchased Ryanair tickets through the Booking.com platform.

25. One example of a Ryanair email sent to Booking.com customers is set forth below:

Dear Customer,

Your booking ███████ appears to have been made via a third party intermediary or BOT which are not authorized by Ryanair to use the Ryanair website or app or to offer our flights for sale. We do this to keep prices low as intermediaries may apply massive mark-ups to fares or ancillary products such as bags, seats and priority boarding.

In addition to this, there are safety and security issues that affect passengers and our crew. The check-in process must be completed by a passenger personally to ensure passengers are in notice of, and have confirmed compliance with required safety, security and public health protocols, including those set out by the ICAO Technical Instructions, Regulation (EU) 2015/1998, and the EASA/ECDC Covid-19 Aviation Health Safety Protocol.

As you may have made your booking via an unauthorized intermediary, we may not have been provided with your correct contact and payment details, which may prevent us from:
·   Notifying you of required safety, security and public health protocols.
·   Notifying you of required mandatory travel forms.
·   Assisting the health authorities with contact tracing for Covid-19.
·   Contacting you with important flight updates and terminal changes.
·   Fulfilling our post-contractual obligations (such as processing valid refund claims), as set out in EU Regulation 261/2004 and in Ryanair's General Terms & Conditions of Carriage.

IN ORDER TO RESOLVE THESE ISSUES, YOU HAVE THE OPTION TO CHECK-IN BY:

ONLINE VERIFICATION
·   A passenger on this booking can verify using facial recognition technology.
·   This service is provided on the Ryanair website for a fee of €0.35.
·   Online Verification allows you to manage your booking via Ryanair.com.

**Verify Online**

The cost of this service is to cover the verification checks, Ryanair does not benefit from this transaction commercially.

If you don't want to use online verification, all passengers on this booking can attend the Ryanair ticket desk at least 120 mins before departure to check-in free of charge. Please note that our airports are busier than usual in the summer months and queues may be longer as a result as we must provide a safe workplace for our staff.

Thank you in advance for your cooperation with this safety precaution.

To check if you have been charged more by the unauthorized intermediary, you can use our Price Checker tool available on Ryanair.com which will quickly show you what Ryanair received for this booking. To find the lowest fares, look for the Ryanair Verified Seal. This guarantees you are booking directly on the Ryanair.com website or app.

Thank you for choosing Ryanair.

Kind regards

Ryanair Customer Services

26.   Another example of a Ryanair email sent to Booking.com customers is set forth below:

**IMPORTANT NOTICE**

Dear Customer

Our Ref: ▓▓▓▓▓▓

This booking has been identified as an unauthorised online travel agent (OTA) booking. Unauthorised OTAs have no commercial arrangement with Ryanair, and use "screen scraper" software to mis-sell Ryanair flights in breach of the Terms of Use of the Ryanair website.

Screen scraper OTAs provide Ryanair with false customer details which prevents us from notifying passengers of important safety, security and public health requirements, including information relation to prohibited dangerous items and local Covid-19 safety precautions. Furthermore, the false payment and contact details screen scraper OTAs provide Ryanair for customers inhibits Ryanair from providing our post-contractual obligations, as set out in EC Regulation No. 261/2004 and in Ryanair's General Terms & Conditions of Carriage, to passengers. Providing Ryanair with false customer information means we cannot ensure compliance with the important safety, security and public health requirements of the ICAO Technical Instructions and Regulation (EU) 2015/1998 and the EASA/ECDC Covid-19 Aviation Health Safety Protocol operational guidelines.

IN ORDER TO RESOLVE THESE ISSUES, **THE PASSENGER(S) IN THIS BOOKING MUST ATTEND TO THE RYANAIR TICKET DESK AT THE AIRPORT OF DEPARTURE AT LEAST 90 MINS BEFORE OF DEPARTURE** TO MAKE THE REQUIRED DECLARATIONS OF COMPLIANCE WITH SAFETY, SECURITY AND PUBLIC HEALTH REQUIREMENTS.

Yours sincerely,

27.   Upon information and belief, Ryanair has sent one or both of these emails to numerous Booking.com customers.

28.   These emails sent to Booking.com customers who have purchased Ryanair tickets contain false and misleading statements and accuse OTAs (like Booking.com) of certain nefarious conduct.  Ryanair indiscriminately lumps Booking.com into its allegations against every OTA.

29.   For instance, both emails falsely claim that OTAs, including Booking.com, are "unauthorized intermediar[ies]" or "unauthorised OTAs."

30.     The email in Paragraph 25 contains false and misleading statements about Booking.com's prices, such as claiming that OTAs, like Booking.com, "may apply massive mark-ups to fares or ancillary products."  But Booking.com itself does no such thing; nor does it direct, control, encourage, or induce any other OTA or other third party to do so.

31.     The email in Paragraph 26 falsely claims that OTAs, including Booking.com, use "screen scraper" software to "mis-sell" Ryanair flights.  But Booking.com itself does no such thing; nor does it direct, control, encourage, or induce any other OTA or other third party to do so.

32.     The email in Paragraph 26 further baselessly accuses "unauthorised OTAs," including Booking.com, of providing Ryanair with "false customer details," including "false payment and contact details."

33.     Both emails falsely suggest that Booking.com neglects customers' safety and security, such as by failing to "confirm[] compliance with required safety, security and public health protocols" or "requirements."

34.     The emails direct customers to take certain steps, such as paying an extra, unnecessary fee or arriving at the airport early, in order to fly using the valid Ryanair ticket the customer purchased through Booking.com.  The emails imply that without these measures customers will not be able to use the Ryanair tickets that they purchased.

35.     Specifically, Ryanair claims that Booking.com customers who booked valid Ryanair flights must complete a so-called "online verification" in order to manage their bookings or check in online.  To do so, customers are required to follow an onerous process, which includes uploading a photograph of their passport or identification card, providing a video of their face, providing a personal email address, and paying a €0.35 fee.  Where a customer chooses not to

undertake the online verification process, Ryanair continues to refuse to allow them to manage their booking online or check in online.

36.     On information and belief, Ryanair implemented this "online verification" process on or around July 2, 2021, after initiating this action against Defendants.

37.     This "online verification" process is atypical in the airline industry.  As an example, another low-cost European airline similar to Ryanair—easyJet—does not impose such requirements, as demonstrated by the following screenshot from the easyJet Manage Your Booking page:

38.     There is no objective justification for imposing the online verification requirement on Booking.com customers.

39.     Ryanair's false statements delegitimize Booking.com's sales of tickets and other travel-related services, unnecessarily burden customers, degrade the customer experience, and as such, undermine trust and confidence in Booking.com and deter customers from using Booking.com in the future.

40.     In other words, Ryanair's emails cause direct harm to Booking.com's reputation with customers and potential future customers.

41.     As these accusations are disseminated within the travel industry at large, they also undermine Booking.com's reputation in the broadest possible sense.

42.     Injury to Booking.com's commercial reputation is injury to Booking.com's profitability, because of how crucial Booking.com's reputation is to its business and advertising.

43.     It is clear that these emails are not sent to Booking.com's customers for any legitimate commercial or operational purpose, but rather for the purpose of interfering with Booking.com's customer relationships and damaging its reputation.

44.     Indeed, these emails are merely a part of Ryanair's broader strategy to wrongfully disparage OTAs and dissuade consumers from obtaining Ryanair tickets through other valid ticket sellers.

45.     For example, Ryanair has repeatedly and publicly made statements—including on its website and social media—that are disparaging and false (at least as to Booking.com), including:

        a.      that OTAs (such as Booking.com) provide "fake" information about their customers to Ryanair;

        b.      that as a result of OTAs (such as Booking.com) providing "fake contact details," Ryanair cannot provide OTA customers with important information for their flights;

        c.      that OTAs (such as Booking.com) use "fake payment details" when paying for flights on behalf of their customers;

        d.      that OTAs (such as Booking.com) obstruct refunds or somehow make it more difficult for Ryanair to refund OTA customers; and

        e.      that OTAs (such as Booking.com) profit by directly applying "massive" hidden mark-ups to the cost of Ryanair flights.

64

46.    An    example    of    such    statements    is    reflected    below:

https://twitter.com/RyanairPress/status/1356568187136049154.



47.    In another example, Ryanair has publicly accused OTAs of fraud, as demonstrated

in the screenshot below: https://www.travelmole.com/news/ryanair-restates-its-book-direct-call-

after-scam-third-party-discount-offer/.

> **Ryanair has again called on customers to always book directly on the Ryanair website or App, in its latest efforts to limit the influence of 'screen scraping' operators.**
>
> The airline says it has 'further evidence of anti-consumer practices by certain Online Travel Agents.'
>
> It has been notified by customers of a bogus 'discount; scam, where customers purchase discounted Ryanair flights through an intermediary, which has no affiliation to Ryanair.
>
> This 'bogus OTA' then uses the customer's payment details to secure their flight booking and stores the customer's payment details for fraudulent use at a later date.
>
> Ryanair is cautioning customers to avoid potential scams by booking direct.

48.     On information and belief, Ryanair has also canceled tickets identified as being purchased through OTAs like Booking.com:  https://www.flyertalk.com/forum/ryanair/2050989-online-verification-requirement-ota-booking.html.

49.     Ryanair's emails, and its broader pattern of conduct aimed at delegitimizing OTAs, are intended to and have directly impacted and impaired Booking.com's customer relationships.

50.     For instance, one Booking.com customer who received one of these emails from Ryanair contacted Booking.com to express shock that Booking.com allegedly was "clearly not authorized" to sell her a Ryanair ticket.

51.     This Booking.com customer further wrote that she has always viewed Booking.com as "reputable" and has "used them many times in the past to book accommodation."

52.     That same customer made clear that the email from Ryanair had caused her to be uncertain about Booking.com services, about the legitimacy of her ticket, and about her ongoing relationship with Booking.com.

53.     Upon information and belief, these emails have caused repeat Booking.com customers to question Booking.com's reputation, to question the validity of their reservation, and/or to book reservations elsewhere.

54.     Upon information and belief, customers' perceptions of Booking.com's business have been damaged by Ryanair's communications, and customers have been dissuaded from using Booking.com's services to book additional travel reservations.

## FIRST COUNTERCLAIM
### (Tortious Interference with Business Relations)

55.     Booking.com realleges and incorporates by reference the allegations contained in paragraphs 1-54 of its Counterclaims, as if fully set forth herein.

56.     Due to the nature of its business model, Booking.com routinely receives repeat business from its existing customers.

57.     Booking.com thus had a reasonable probability of a business opportunity with the existing customers who received communications from Ryanair.

58.     In the course of business, for personal gain, and in bad faith, Ryanair sent false, misleading, and damaging communications to Booking.com customers with the intention of interfering with Booking.com's prior, existing, and future business relationships with its customers.

59.     Ryanair's public statements about OTAs and communications directly to Booking.com's customers were intended to both dissuade those customers from making additional travel reservations through Booking.com's platform—instead telling them they should come to Ryanair's own website to make such bookings—and to damage the reputation of Booking.com among its customers by falsely accusing OTAs such as Booking.com of unauthorized and nefarious conduct.

60.     Ryanair's public statements about OTAs and communications directly to Booking.com's customers have in fact interfered with Booking.com's business relations with one or more customers, who have not made additional travel reservations through Booking.com's platform since receiving Ryanair's communication.

61.     Ryanair's conduct has caused and will continue to cause injury and harm to Booking.com due to the loss of revenue from repeat customers.

62.     Booking.com is entitled to damages, in an amount to be determined at trial, to remedy the harm caused by Ryanair's interference.

## SECOND COUNTERCLAIM
### (Unfair Competition)

63.     Booking.com realleges and incorporates by reference the allegations contained in paragraphs 1-62 of its Counterclaims, as if fully set forth herein.

64.     Booking.com routinely receives repeat business from its existing customers.

65.     Booking.com thus had a reasonable expectancy of entering into a future valid business relationship with existing customers who received communications such as those excerpted above from Ryanair.

66.     In the course of business and in bad faith, Ryanair made false, misleading, and disparaging public statements about OTAs, including Booking.com, and thus wrongfully interfered with Booking.com's reasonable expectancy of future, valid business relationships with its customers.

67.     In the course of business and in bad faith, Ryanair sent false, misleading, and disparaging communications to Booking.com customers and thus wrongfully interfered with Booking.com's reasonable expectancy of future, valid business relationships with those customers.

68.     Ryanair's interference has defeated Booking.com's legitimate expectancy of future business relationships with one or more customers by dissuading them from making additional travel reservations through Booking.com's platform after receiving Ryanair's communications.

69.     Ryanair's conduct has caused and will continue to cause injury and harm to Booking.com due to the loss of revenue from repeat customers.

70.     Ryanair's interference was intentional and improper.

71.     Booking.com is entitled to damages, in an amount to be determined at trial, to remedy the harm caused by Ryanair's interference.

## THIRD COUNTERCLAIM
### (Defamation)

72.     Booking.com realleges and incorporates by reference the allegations contained in paragraphs 1-71 of its Counterclaims, as if fully set forth herein.

73.     Ryanair sent defamatory written communications (specifically, public statements on its website and social media, and emails directed to Booking.com's customers) accusing OTAs including Booking.com—among other things—of being "unauthorised intermediar[ies]" and of selling tickets obtained in an "unauthorized" manner.

74.     Ryanair's emails to Booking.com's customers constitute publication of these defamatory statements to third parties.

75.     Booking.com's customers understand Ryanair's statements to be defamatory.  For example, at least one Booking.com customer has expressed "shock" at the fact that Booking.com—which she has always viewed as "reputable"—was allegedly "clearly not authorized" to sell her a Ryanair ticket.  That customer made clear that Ryanair's defamatory statements diminished her view of Booking.com, and caused her to be uncertain about Booking.com services and her ongoing relationship with Booking.com.

76.     Such statements and communications are damaging to Booking.com's reputation with its customers and in the travel industry at large.

77.     Booking.com has thus suffered and will continue to suffer both reputational and monetary harm caused by Ryanair's defamatory statements.

78.     Booking.com is a closed, private Dutch entity, called a *besloten vennootschap.*

79.     Booking.com has not publicly commented on this litigation or the status of its authorization to sell tickets for Ryanair flights through the Booking.com platform.

80.     Ryanair's communications to Booking.com's customers contain the following false statements:

a.      That OTAs, including Booking.com, are "unauthorized" to sell Ryanair tickets, when in fact Booking.com is not required to obtain "authorization" for its customers to book tickets;

b.      That OTAs, including Booking.com, may apply "massive mark-ups to [Ryanair's] fares," when in fact Booking.com itself does no such thing, does not direct, control, encourage, or induce any other OTA or other third party to do so, and at times offers Ryanair flights for lower fares than even Ryanair itself;

c.      That OTAs, including Booking.com, use "screen scraper" software to "mis-sell Ryanair flights," when Booking.com itself does no such thing, and does not direct, control, encourage, or induce any other OTA or other third party to do so;

d.      That OTAs, including Booking.com, provide Ryanair with "false customer details," including "false payment and contact details," when Booking.com itself does no such thing, and does not direct, control, encourage, or induce any other OTA or other third party to do so;

e.      That customers must complete an onerous and fabricated "online verification" in order resolve "issues" with their ticket, when in reality, the tickets are purchased on Ryanair's website, Ryanair is fully compensated for them, and they are perfectly valid for customers to use to fly on Ryanair flights; and

      f.      That OTAs, including Booking.com, fail to "confirm[] compliance with required safety, security and public health protocols" or "requirements," suggesting that Booking.com neglects customers' safety and security, when in fact it does no such thing, and does not direct, control, encourage, or induce any other OTA or other third party to do so.

81.     Ryanair knows that its public statements and communications with Booking.com's customers are false and misleading with regard to these and other facts set forth therein.

82.     Ryanair's public statements and communications with Booking.com's customers are commercial speech made in the course of Ryanair's business and motivated by its economic interests.

83.     Booking.com is entitled to damages, in an amount to be determined at trial, to remedy the harm caused by Ryanair's defamatory statements about Booking.com.

## FOURTH COUNTERCLAIM
### (Trade Libel)

84.     Booking.com realleges and incorporates by reference the allegations contained in paragraphs 1-83 of its Counterclaims, as if fully set forth herein.

85.     Ryanair's public statements about OTAs and communications directly to Booking.com's customers contain the false statements set forth in Paragraph 80, above, incorporated fully here by reference.

86.     Ryanair knows, or recklessly disregards, that its communications with Booking.com's customers are false and misleading with regard to these and other facts set forth therein.

87.     Ryanair's communications with Booking.com's customers were intended to cause pecuniary harm both by dissuading those customers from making additional travel reservations through Booking.com's (or any OTA) platform—instead telling them they should come to

Ryanair's own website to make such bookings—and to damage the reputation of OTAs, including Booking.com, among its customers by falsely accusing them of unauthorized and nefarious conduct.

88.     Ryanair reasonably expected, or should have reasonably expected, that its public statements and communications directly to Booking.com's customers would result in pecuniary harm by dissuading those customers from making additional travel reservations through Booking.com's (or any OTA) platform and damaging the reputation of OTAs, including Booking.com.

89.     Accordingly, Ryanair's defamatory communications were made intentionally and with malice.

90.     Booking.com has suffered pecuniary loss as a result of Ryanair's false statements, through the loss of revenue from existing customers bringing it repeat business and the diminishment of its reputation in the travel industry more broadly.

91.     Booking.com is entitled to damages, in an amount to be determined at trial, to remedy the harm caused by Ryanair's trade libel.

**FIFTH COUNTERCLAIM**
**(Deceptive Trade Practices)**

92.     Booking.com realleges and incorporates by reference the allegations contained in paragraphs 1-91 of its Counterclaims, as if fully set forth herein.

93.     This count arises under the Delaware Deceptive Trade Practices Act, 6. *Del. C.* § 2531, *et seq.*

94.     In the course of business and in bad faith, Ryanair knowingly disparaged the business reputation and services of Booking.com by making false or misleading statements about

OTAs including Booking.com in public statements and in communications directly to Booking.com's customers.

95.    Ryanair has disparaged Booking.com's reputation and services by spreading false and misleading representations of fact to Booking.com's customers.

96.    Ryanair's communications to Booking.com's customers contain the false statements set forth in Paragraph 80, above, which are incorporated fully here by reference.

97.    Ryanair knows that its public statements and communications with Booking.com's customers are false or misleading with regard to these and other facts set forth therein.

98.    By sending these communications to Booking.com's customers, Ryanair has engaged in a deceptive trade practice.

99.    Ryanair's conduct has caused and will continue to cause injury and harm to Booking.com.

100.    Booking.com is entitled to compensatory and treble damages, and an injunction of Ryanair's deceptive trade practices, under 6 *Del. C.* § 2533.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaim Plaintiff Booking.com respectfully requests that the Court enter an order and judgment:

A.    Finding in favor of Booking.com with respect to all aspects of Ryanair's Complaint and Booking.com's Affirmative Defenses and Counterclaims;

B.    Holding that Ryanair has tortiously interfered with Booking.com's business relations, engaged in unfair competition, defamed Booking.com, committed trade libel, and violated Delaware's Deceptive Trade Practices Act, 6. *Del. C.* § 2531, *et seq.*;

C.    Awarding Booking.com damages for Ryanair's wrongful conduct in an amount to be determined at trial;

D.       Awarding Booking.com treble damages under 6 *Del. C.* § 2533 for engaging in deceptive trade practices in an amount to be determined at trial;

E.       Awarding Booking.com punitive damages in an amount to be determined at trial;

F.       Enjoining Ryanair from making false and misleading statements about OTAs, including Booking.com, to Booking.com customers;

G.       Awarding Booking.com its reasonable attorneys' fees and costs of suit;

H.       Awarding such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Booking.com hereby demands a trial by jury of all issues so triable.

OF COUNSEL:

John H. Hemann
Kathleen Hartnett
Jessie Simpson LaGoy
Darina Shtrakhman
COOLEY LLP
3 Embarcadero Center, 20th Fl.
San Francisco, CA 94111
(415) 693-2200
jhemann@cooley.com
khartnett@cooley.com
jsimpsonlagoy@cooley.com
dshtrakhman@cooley.com


Dated: November 23, 2022

*/s/ Jeffrey L. Moyer*
Jeffrey L. Moyer (#3309)
Tyler E. Cragg (#6398)
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
moyer@rlf.com
cragg@rlf.com

*Attorneys for Defendants*