# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RYANAIR DAC,<br><br>           Plaintiff,<br><br>      v.<br><br>BOOKING HOLDINGS INC., BOOKING.COM B.V., KAYAK SOFTWARE CORPORATION, PRICELINE.COM LLC, and AGODA COMPANY PTE. LTD,<br><br>           Defendants. | C.A. No. 20-01191-WCB<br><br>**REDACTED PUBLIC VERSION** |

## DEFENDANTS' OPENING LETTER TO THE HONORABLE WILLIAM C. BRYSON REGARDING DEPOSITION DISCOVERY DISPUTE

OF COUNSEL:

John H. Hemann
Kathleen Hartnett
Kristine Forderer
Alexander J. Kasner
Jessie Simpson LaGoy
COOLEY LLP
3 Embarcadero Center, 20th Fl.
San Francisco, CA 94111
(415) 693-2200
jhemann@cooley.com
khartnett@cooley.com
kforderer@cooley.com
akasner@cooley.com
jsimpsonlagoy@cooley.com

Dated: December 6, 2023

Jeffrey L. Moyer (#3309)
Alexandra M. Ewing (#6407)
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
moyer@rlf.com
ewing@rlf.com

*Attorneys for Defendants*

Dear Judge Bryson:

Defendants request an order allowing them to take two limited depositions related to an alleged "attack" on Ryanair's payment processor, Monex, that was disclosed to Defendants for the first time on the day discovery ended, October 6, 2023.  *See* Ex. A, pp. 38-48.  Without *any* evidence that Booking.com knew about or had any role directing this attack, Ryanair attempts to pin this event "in part" on Booking.com based on nothing more than speculation and inference.

After providing this alleged evidence of technical harm, three years after the lawsuit was filed and on the last day of discovery, Ryanair now refuses to be cross examined on its allegations because the requested deposition came too late.  Defendants asked Ryanair for a supplemental 30(b)(6) deposition immediately after the new disclosure, but Ryanair refused on the basis that it had already been deposed.  Defendants have had no opportunity to take discovery—at all—related to this new theory of harm, much less test Ryanair's far-fetched claims that Booking.com had anything to do with it.[1]

Defendants ask the Court to allow them to: (1) notice and take a 30(b)(6) deposition, limited to three hours and related to the incident (with additional time does additional supplementation, which Defendants do not expect), and (2) notice and take a second deposition of Ryanair's expert witness, limited to three hours and to any new opinion(s) that are disclosed before the December 11 deadline, per D.I. 313.  For the sake of efficiency, Defendants propose that these depositions take place on or before December 15, 2023, so that both parties have time to obtain transcripts and modify their summary judgment briefs as appropriate before they are due.

For nearly a year, discovery has been devoted to testing Ryanair's theory that Defendants violate the CFAA because Defendants or third parties acting at their direction access the Ryanair.com website to purchase tickets, and Ryanair does not authorize online travel agencies ("OTAs"), or anyone acting at their direction, to do so.  As Defendants will argue on summary judgment, there is no support in the record for any CFAA violation under that theory.  Ryanair has now put forth a new theory at the eleventh hour and simple fairness dictates that Booking.com be given the opportunity to test it before summary judgment.

**The Alleged Monex Attack**

Ryanair's October 6 interrogatory responses—Ex. A at p. 38-48—describe an alleged attack on Ryanair's payment processor, Monex. 

Ryanair attempts to pin this attack "at least in part" on Booking.com, because Ryanair claims "the bots currently attacking the Ryanair website" "are the same bots that provide Booking.com its Ryanair flight inventory and booking services." *Id.* at 45, 47.

---

[1] Ryanair does not currently contend that any other Defendant was involved in the alleged attack.

Booking.com licenses the flight content displayed on its website from its vendor Etraveli and all Ryanair flights are booked by Etraveli (or Etraveli's own sub-vendors).  D.I. 168 at 6.  There is no evidence that Booking.com gives any instruction at all to Etraveli about how to book flights, much less to carry out a cyber-attack on Ryanair.  Nor did, or would, Booking.com ever engage in such conduct.  It also defies logic that Etraveli would want to or would risk crashing Ryanair's payment processor, rendering it or its sub-vendors unable to purchase tickets.  Nonetheless, Booking.com must take Ryanair's allegation seriously and must understand the details of the attack, the harm associated with it, and the basis for Ryanair's claim that Booking.com caused any part of it.  If Ryanair uses PNR codes to link flights booked for Booking.com customers to the attack in its amended interrogatory responses—which it has suggested it will—Booking.com has a right to test those claims as well, before summary judgment.

**Prior Ryanair 30(b)(6) Depositions**

Defendants have taken two depositions of Ryanair.  Defendants first deposed Ryanair's proffered 30(b)(6) witness, John Hurley, on August 16, 2023 in Dublin, Ireland.

Two weeks after that deposition, on August 31, 2023, Ryanair served supplemental interrogatory responses disclosing and quantifying, for the first time, its "loss," which consisted of its claimed expenses related to blocking and deterring OTA bookings on Ryanair.com.  Based on this, and other new information, Defendants returned to Ireland and took a limited second deposition of Ryanair's 30(b)(6) witness on September 29, 2023.

Ryanair has again provided material new information after the 30(b)(6) depositions were intended to be complete.  This time it is a completely new theory of harm, based on the purported Monex attack.  Defendants have a right to take discovery on this new theory, if Ryanair intends to use it to show technical harm.  Defendants asked for a deposition on the alleged Monex incident immediately after October 6, and after many attempts to resolve this issue (including three meet and confer calls in which it was discussed), Ryanair ultimately refused to consent to another deposition—notwithstanding Defendants' agreement to allow it to supplement its interrogatories—necessitating this motion.[2]

**Booking.com Must Be Allowed to Depose Ryanair on the Alleged Monex Attack**

Although Defendants have already deposed Ryanair, they are entitled to take a further deposition based on this new information, which was unavailable at the time of the prior deposition.  Courts routinely allow parties to re-open depositions based on new information.  *See, e.g.*, *V. Mane Fils, S.A. v. Int'l Flavors & Fragrances Inc.*, 2010 WL 1855873, at \*4, \*9 (D.N.J. May 6, 2010) (permitting third day of deposition of corporate designee where plaintiff filed supplemental interrogatory response including "significant new allegations regarding . . . harm" subsequent to first deposition); *Hibbert v. Bellmawr Park Mut. Hous. Corp.*, 2013 WL 3949024, at \*3 (D.N.J. Aug. 1, 2013) (granting motion to compel second deposition of plaintiff where defendant obtained additional documents after plaintiff's first deposition); *All Star Seed v. Nationwide Agribusiness Ins. Co.*, 2013 WL 1882260, at \*7 (S.D. Cal. May 3, 2013) (granting motion to compel limited

---

[2] Defendants also requested additional testimony on other narrow subjects newly disclosed in Ryanair's supplemental interrogatory responses but the Parties have agreed to address those through written discovery.

second depositions regarding documents produced after first depositions); *Lavell v. Camden Cnty. Coll.*, 2023 WL 4074077, at *6-7 (D.N.J. June 20, 2023) (permitting re-deposition of expert witness where rebuttal report included "new data, methodology, and conclusions").

Because of the timing of the alleged Monex incident and its disclosure, Defendants have had no opportunity to take discovery on it. Nowhere in the FAC, the original complaint, or any of its prior discovery responses did Ryanair make any claim that this kind of attack had occurred, nor could it since the harm allegedly occurred three years after Ryanair filed the lawsuit. To the extent Ryanair intends to rely on this incident to show technical harm under the CFAA, Defendants are entitled to take discovery on that theory before entering case-dispositive phases of the litigation.

### Defendants Seek Limited Depositions

Defendants seek only two limited depositions, as follows:

First, Defendants seek permission to serve a 30(b)(6) deposition notice with the following topic: "The incident(s) described in Your supplemental interrogatory responses and any connection you contend exists between those incident(s) and Booking.com or any other Defendant." To minimize the burden on Ryanair, Defendants will agree to limit the deposition to no more than three hours and will take the deposition virtually, rather than requiring Ryanair to travel to Delaware or requiring Defendants' counsel to make a third trip to Ireland. Defendants are not aware of any planned supplementation of Ryanair's interrogatory responses based on Booking.com's PNR codes *unrelated* to Monex, but in the event there is additional supplementation, Defendants ask for an additional two hours of deposition testimony to cover this additional information (and of course, if Defendants do not need the full time, they will not take it).

Second, Defendants seek permission to take a supplemental deposition of Ryanair's expert witness if he offers any new opinions in connection with the issues discussed herein, which Ryanair suggests he will. Defendants propose that this deposition would also be limited in time to three hours, and also would be virtual to minimize the burden to the expert, all parties, and counsel.

The deadline for summary judgment is December 20, 2023. D.I. 313. Defendants have not asked for any long delay based on the new information or the fact that Ryanair has refused a deposition, forcing Defendants to seek relief from the Court. Defendants ask only that the Court order that these depositions take place on or before December 15, 2023 to give the Parties time to make necessary adjustments to their briefs. Ryanair has not identified any prejudice it will suffer from the requested depositions. Avoiding cross-examination for newly disclosed theories of harm is not a valid basis to object to a deposition.

### Conclusion

It would be manifestly unfair to allow Ryanair to proceed to summary judgment without affording any opportunity for Booking.com to challenge its utterly baseless claims that Booking.com carried out some sort of cyber attack on its payment processor. To the extent Ryanair will rely on this incident to show "loss" or "damage" as those terms are understood under the CFAA, Defendants are entitled to test Ryanair's theory through cross-examination, and especially, to test Ryanair's claim that Booking.com was somehow involved in the attack.

Respectfully,

*/s/ Jeffrey L. Moyer*

Jeffrey L. Moyer (#3309)

cc: Counsel of Record (via CM/ECF)