# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RYANAIR DAC, | : |
| | : |
| *Plaintiff,* | : C.A. No. 1:20-cv-01191-WCB |
| | : |
| v. | : |
| | : |
| BOOKING HOLDINGS INC., | : |
| BOOKING.COM B.V., KAYAK SOFTWARE | : |
| CORPORATION, PRICELINE.COM LLC, | : |
| and AGODA COMPANY PTE. LTD., | : |
| | : **REDACTED VERSION -** |
| *Defendants.* | : **CONFIDENTIAL MATERIAL OMITTED** |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS'
## MOTION TO TAKE ADDITIONAL DEPOSITIONS

With the deadline for filing summary judgment and *Daubert* motions looming, Defendants Booking.com B.V. ("Booking"), Booking Holdings Inc. ("Booking Holdings"), Kayak Software Corporation ("Kayak"), Priceline.com LLC ("Priceline"), and Agoda Company Pte. Ltd. ("Agoda") (collectively, the "Defendants") now seek a third Rule 30(b)(6) technical deposition of Ryanair and a second round of expert depositions. Allowing Defendants to further delay the proceedings will significantly prejudice Ryanair. Defendants are not entitled to take a new 30(b)(6) deposition every time new information is uncovered. Defendants claim that these additional depositions are necessary because Ryanair supplemented its interrogatory responses and an expert report on the last day of discovery with a "new theory of harm," but the Monex attack is not a new theory of harm, it is merely evidence that automated queries overwhelm Ryanair's website – which Ryanair has alleged since the beginning of this case. *See* D.I. 76 at ¶¶ 270-272. Further, Defendants have also produced new documents and supplemented interrogatory responses after Ryanair already deposed their corporate witnesses. In fact, despite Ryanair's repeated demands over months during the discovery period that Defendants had not met their Court-ordered obligation to produce passenger name records (PNRs) – Defendants did not begin producing the *actual* PNRs associated with Ryanair's flights until after the close of discovery. Ryanair had no opportunity to depose Defendants' witnesses on issues surrounding the actual PNRs, but Ryanair was – and is – nonetheless prepared to move forward to summary judgment and trial. On the other hand, this motion and Booking's late-filed, post-discovery motion for leave to amend its counterclaims and add a new claim to this case appear to be a concerted effort designed to delay justice and unduly prejudice Ryanair by allowing Defendants to continue their unauthorized access of the Ryanair website for the pendency of this case. Additional depositions are unnecessary. Defendants' motion should be denied and the case should proceed to summary judgment briefing.

## I.   BACKGROUND

Defendants' request surrounds two events: First, Ryanair experienced a debilitating OTA attack on its systems in late September and early October 2023, right at the end of the discovery period. ███████████████████████████████████████████████████████████████████████ *See* Fuga Decl., Ex. A (Ryanair's Fifth Supplemental Responses to Defendants' First Set of Interrogatories), at 38-48 (Interrogatory No. 2). ██████████████████████████████████████████ ████████████████ Around the height of the attack, on October 5 and 6, 2023, Booking's website was not displaying Ryanair flights, suggesting a connection between the attack and Booking.[1] *Id.* at 45-48. Ryanair worked expeditiously to include information about the attack as it was unfolding in supplemental discovery responses served on October 6, 2023 – the last day of discovery. *See id.*

Second, Defendants mention, only in passing, that if Ryanair supplements its responses based on PNRs *unrelated* to Monex, then Defendants seek an additional two hours of 30(b)(6) deposition time. *See* Letter Br. at 3. But Ryanair's supplement related to PNRs is necessitated by Booking's own failure to provide correct PNR data pursuant to the Court's July 21, 2023 Order.

---

[1] Ryanair does not believe any additional depositions are necessary. However, if the Court grants Defendants' motion to conduct additional depositions, then Ryanair respectfully requests that it be permitted to depose a Booking 30(b)(6) witness on the topic of Booking not displaying Ryanair flights on October 5 and 6, 2023, during the height of the Monex attack.

1

Booking provided spreadsheets containing six-digit codes in August 2023, but Ryanair quickly discovered that the supposed "PNR" codes did not match Ryanair's PNRs, and thus could not have been accurate. Ryanair informed Booking that the codes were not correct <u>at least six times</u> between August 29 and October 10, 2023. Finally, on a meet and confer call on October 23, 2023 (more than two weeks after the close of discovery), Booking admitted, after Ryanair had conducted a test booking and produced evidence that the PNR codes were incorrect, that it had sent Ryanair the wrong codes. Booking subsequently produced the corrected PNR codes between October 26 and November 15, 2023. Ryanair is analyzing the correct PNRs and intends to supplement its written discovery responses based on this analysis pursuant to the agreed-upon schedule.[2]

Defendants have already taken three 30(b)(6) depositions. In response to Defendants' first 30(b)(6) deposition notice, Ryanair provided two deponents – John Hurley (for technical topics) and Dara Brady (for non-technical topics) – for depositions on August 16 and August 18, 2023, respectively. Subsequently, Defendants insisted on a second 30(b)(6) deposition on technical issues. Ryanair objected but ultimately made John Hurley available for a second deposition on September 29, 2023, in Dublin. Now Defendants seek a third (really, a fourth) 30(b)(6) deposition, but have failed to demonstrate good cause for doing so, especially given the lateness of their request, two months after the close of discovery.[3]

## II.   ARGUMENT

Defendants are not entitled to take a new 30(b)(6) deposition every time discovery is supplemented. Under Fed. R. Civ. P. 26(e), the parties have a continuing duty to supplement their discovery responses, even after the close of discovery. *See Reinig v. RBS Citizens, N.A.*, No. 2:15-CV-01541-CCW, 2021 WL 5770202, at *2 (W.D. Pa. Dec. 3, 2021); *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1230 (10th Cir. 2001). But each supplement – especially after the close of discovery – does not open the door to a new 30(b)(6) deposition. *See UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*, No. CV143466MMMJPRX, 2014 WL 12639323, at *2 (C.D. Cal. Dec. 19, 2014) ("Plaintiffs are entitled to conduct only one Rule 30(b)(6) deposition of each party. By choosing to conduct it early on in the proceedings, they run the risk that they will later uncover information they would like to ask a corporate deponent about and may be unable to do so. But that is their risk to take."). "Discovery is not limitless." *Sandoval v. Midland Funding*, LLC, No. CV1809396SDWLDW, 2021 WL 486904, at *6 (D.N.J. Feb. 10, 2021). The very purpose of Rule 30(b)(6) is to *limit* the number of depositions and burden to a corporation, and any request for supplemental 30(b)(6) depositions should consider this purpose. *Id.* (affirming decision to deny supplemental 30(b)(6) deposition). Here Ryanair already gave a second technical deposition taking significant additional time of John Hurley, Ryanair's Chief Technical Officer (CTO).

Defendants claim that Ryanair "has not identified any prejudice it will suffer from the

---

[2] Defendants claim it would be "far-fetched" to link Booking, either directly or indirectly, to the Monex attacks and Booking would never "engage in such conduct," but Ryanair's supplemental discovery responses will show that the correct PNRs Booking finally produced contributed to the volume of requests hitting the Monex server on the date and at the time of the attack.

[3] Defendants' Letter Brief seeks three to five hours to depose Ryanair's 30(b)(6) witness. *See* Letter Br. at 3. In all of the parties' meet and confer sessions, Defendants indicated they would need only two hours for a supplemental deposition. While the request for any deposition should be denied, any deposition should be limited to two hours or less.

requested depositions," (Defendants' Letter Br. at 3), but interrupting an airline's business operations in December – the height of the travel season – to depose Ryanair's CTO for a third time is most certainly burdensome and prejudicial to Ryanair.[4] *See United States ex rel. Galmines v. Novartis Pharms. Corp.*, No. CV 06-3213, 2015 WL 4973626, at *1 (E.D. Pa. Aug. 20, 2015) ("[D]epositions of high-level officers severely burdens those officers and the entities they represent …."); *see also British Telcoms. PLC v. IAC/Interactivecorp*, Civil Action No. 18-366-WCB, 2020 U.S. Dist. LEXIS 37271, at *26 (D. Del. Mar. 4, 2020) (denying request to take deposition of defendant's CEO because "the Court believes it more prudent to exhaust other, less burdensome avenues of obtaining the information."). As demonstrated by the Monex attack in October, Ryanair's CTO has important security concerns that require his attention. The timing of Defendants' request – just before summary judgment – also places a substantial burden on Ryanair. Defendants indicate they asked Ryanair for another 30(b)(6) deposition "immediately after the new disclosure [on October 6, 2023], but Ryanair refused." *Id.* at 1. Defendants could have filed this request in mid-October, leaving the parties tight but sufficient time to conduct the depositions before summary judgment if the Court ordered it. But instead, Defendants waited until days before the original summary judgment deadline of December 11, 2023, causing unnecessary strain on the schedule and taking time and attention away from Ryanair's ability to finalize its summary judgment and *Daubert* motions.[5]

Defendants have failed to articulate why they need additional depositions on the newly-discovered issues, rather than relying on written supplements. *See Multimedia Pat. Tr. v. Apple Inc.*, No. 10-CV-2618-H (KSC), 2012 WL 12868263, at *3 (S.D. Cal. Nov. 7, 2012) ("[A]ny potential prejudice suffered by the Defendants [in being denied the opportunity to depose an expert for a second time after the expert's report is supplemented] is mitigated by the Court granting them leave to file supplemental expert reports responding to the new information ..."); *Sandoval*, 2021 WL 486904, at *2, *6 (questioning why a second deposition was needed when the parties agreed that supplementing spreadsheet data would provide the new information).[6]

The timing of Ryanair's supplements is due to no fault of Ryanair. Ryanair worked expeditiously to supplement its interrogatories related to the Monex attack as it was happening, to submit the information before the close of discovery. And Ryanair's supplement related to newly-produced PNR data is solely due to Booking's failure to provide the correct PNRs promptly. Ryanair repeatedly informed Booking over months that the PNRs it provided were incorrect, and yet Booking did not sufficiently investigate and ultimately provide the correct PNRs until after the close of discovery. Booking should not be allowed to burden and prejudice Ryanair with additional unnecessary depositions.

## III. CONCLUSION

For all of the foregoing reasons, Ryanair respectfully requests that the Court deny Defendants' request to take additional depositions.

---

[4] Ryanair also notes that its CTO is not available for a deposition next week.
[5] Ryanair also offered to answer written questions from Defendants about the Monex attacks, but Defendants refused.
[6] As noted above, Ryanair will be supplementing its interrogatory responses shortly after it fully analyzes the late-produced PNRs in relation to the Monex attack.

3

| | |
|---|---|
| Dated: December 7, 2023 | Respectfully submitted,<br><br>*/s/ R Touhey Myer*<br>R Touhey Myer (#5939)<br>**KRATZ & BARRY LLP**<br>800 N. West Street<br>Wilmington, DE 19801<br>(302) 527-9378<br>tmyer@kratzandbarry.com<br><br>*Of Counsel:*<br><br>**HOLLAND & KNIGHT LLP**<br><br>R. David Donoghue *(pro hac vice)*<br>Anthony J. Fuga *(pro hac vice)*<br>150 N. Riverside Plaza, Suite 2700<br>Chicago, IL 60606<br>(312) 263-3600<br>david.donoghue@hklaw.com<br>anthony.fuga@hklaw.com<br><br>Cynthia A. Gierhart *(pro hac vice)*<br>800 17th Street NW, Suite 1100<br>Washington, DC 20011<br>(202) 569-5416<br>cindy.gierhart@hklaw.com<br><br>Ji Mao *(pro hac vice)*<br>31 West 52nd Street, 12th Floor<br>New York, NY 10019<br>(212) 513-3200<br>ji.mao@hklaw.com<br><br>William Howard Oliver, III *(pro hac vice)*<br>10 St. James Avenue, 11th Floor<br>Boston, MA 02116<br>(617) 573-5863<br>william.oliver@hklaw.com<br><br>*Attorneys for Plaintiff/*<br>*Counterclaim Defendant, Ryanair DAC* |