# Exhibit A

**REDACTED VERSION - CONFIDENTIAL MATERIAL OMITTED**

CONTAINS MATERIAL FOR ATTORNEYS' EYES ONLY PURSUANT TO THE
PROTECTIVE ORDER (D.I. 52)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| RYANAIR DAC, | : |
| *Plaintiff,* | :<br>: C.A. No. 1:20-cv-01191-WCB<br>: |
| v. | : |
| BOOKING HOLDINGS INC.,<br>BOOKING.COM B.V., KAYAK SOFTWARE<br>CORPORATION, PRICELINE.COM LLC,<br>and AGODA COMPANY PTE., LTD., | :<br>:<br>:<br>: |
| *Defendants.* | :<br>: |

**PLAINTIFF, RYANAIR DAC'S FIFTH SUPPLEMENTAL AND AMENDED
RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

CONTAINS MATERIAL FOR ATTORNEYS' EYES ONLY PURSUANT TO THE
PROTECTIVE ORDER (D.I. 52)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules, Plaintiff Ryanair DAC ("Ryanair") hereby provides these fifth supplemental and amended responses and objections to Booking Holdings Inc., Booking.com B.V., Kayak Software Corporation, Priceline.com LLC, and Agoda Company Pte. Ltd (collectively, the "Defendants") First Set of Interrogatories (Nos. 1-14) to Ryanair dated March 18, 2022, as follows:

Discovery is ongoing. The following responses and objections are made to the best of Ryanair's present knowledge, information and belief and are based on records and information reasonably available to Ryanair as of the date of this response. Ryanair expressly reserves the right to supplement without prejudice the following responses and objections, and to revise any and all responses and objections as additional facts are ascertained, analyses are made, legal research is completed, contentions are made or as a result of the Court's legal determination on issues. Ryanair

therefore reserves the right, at any time, to revise, amend, correct, supplement, modify or clarify its objections and responses to Defendants' discovery requests.

## **GENERAL OBJECTIONS**

Ryanair makes the following objections with respect to the Interrogatories and incorporates by reference said objections into each response as if set forth fully therein. Ryanair's responses are made without waiving any of these General Objections. Ryanair generally objects to these Interrogatories as follows:

1.     Ryanair's responses to these Interrogatories are made to the best of Ryanair's present knowledge, information and belief. Discovery in this case and Ryanair's investigation are ongoing, and these responses are, therefore, subject to supplementation and amendment as discovery in this matter progresses, should future investigation indicate that supplementation or amendment is necessary.

2.     By responding to these Interrogatories, Ryanair does not waive any objection that may be applicable to the use, for any purpose, by Defendants of any information given in response or the admissibility, privilege, relevancy, authenticity or materiality of any information relating to any issue in the case. Ryanair expressly reserves the right to object to the use of these responses or the subject matter contained herein during any subsequent proceeding, including the trial of this or any other action.

3.     Ryanair objects to the Interrogatories' Definitions and Instructions to the extent they are inconsistent with or more burdensome than (1) the Federal Rules of Civil Procedure, (2) the Local Rules of the United States District Court of Delaware or (3) any Orders of the Court.

4.     Ryanair objects to the Interrogatories to the extent they call for information protected by the attorney-client privilege, the work-product doctrine or by any other applicable

privilege, protection, or immunity from discovery, including but not limited to materials prepared in anticipation of litigation. The inclusion of any such information in any response to the Interrogatories shall not constitute a waiver of any privilege, protection, immunity, or any other ground for objecting to discovery with respect to the information contained therein, or of Ryanair's right to object to the use of any such information contained therein during the present litigation or otherwise.

5.      Ryanair objects to the Interrogatories to the extent they seek information not within Ryanair's possession, custody, or control, or is publicly available and/or equally available to Defendants.

6.      Ryanair objects to the Interrogatories to the extent they seek information that is overly broad, vague, ambiguous, unduly burdensome, duplicative, not relevant to any claim or defense of any party, and/or to the extent they are not reasonably calculated to lead to the discovery of admissible evidence or are otherwise not within the scope of relevant discovery.

7.      Ryanair objects to these Interrogatories to the extent they seek information more appropriately sought through, or are more easily available through, less burdensome means.

8.      Ryanair objects to these Interrogatories to the extent they call for a legal conclusion. Any responses by Ryanair shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in the Interrogatories.

9.      Ryanair objects to each and every Interrogatory, Definition, and Instruction contained in the Interrogatories to the extent any such Interrogatory, Definition, or Instruction contains inaccurate, incomplete, or misleading descriptions of the facts, events, and pleadings underlying this action. Responding to such an Interrogatory shall not constitute Ryanair's agreement with or acquiescence to any such description.

10.     Ryanair objects to the Definitions to the extent that they purport to require Ryanair to respond on behalf of any other defendant or third parties.

11.     Ryanair objects to these Interrogatories to the extent they do not include proper temporal limitations. Ryanair will meet and confer with Defendants regarding the appropriate temporal limitations for each request.

12.     Ryanair objects to the Interrogatories to the extent they seek information that is or will be the subject of expert testimony and are, therefore, premature.

13.     Ryanair objects to the Interrogatories to the extent multiple subparts are asserted as a single Interrogatory. Ryanair will treat each subpart as a separate interrogatory and answer the Interrogatories properly propounded.

14.     Ryanair objects to the definition of "Communication" or "Communications" as overbroad, unduly burdensome, vague, ambiguous and to the extent Defendants are seeking responses protected by the attorney-client privilege, the work product doctrine, or any other applicable immunity.

15.     Ryanair objects to the definition of "Concern" or "Concerning" as overbroad and unduly burdensome and to the extent Defendants are seeking responses protected by the attorney-client privilege, the work product doctrine, or any other applicable immunity.

16.     Ryanair objects to the definition of "Document" to the extent it is broader than the term is used in Rule 34(a)(1) of the Federal Rules of Civil Procedure. Ryanair objects to the Definitions to the extent that they purport to require Ryanair to respond on behalf of any other defendant or third parties.

17.     Ryanair objects to the definitions of "You" and "Your" to the extent Defendants are seeking responses from any parties beyond Ryanair, or purport to require Ryanair to provide information outside of its possession, custody or control. Ryanair answers on behalf of itself.

18.     Ryanair incorporates these General Objections by reference into the specific objections set forth below. Ryanair may repeat a General Objection for emphasis or some other reason; however, Ryanair's failure to repeat any General Objection does not constitute a waiver of any sort. Moreover, Ryanair does not waive its right to amend its objections.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify, state the amount of, and explain how You calculate each category of damages or any other relief You seek in Your Complaint.

**RESPONSE TO INTERROGATORY NO 1.**

Ryanair objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Ryanair further objects to this Interrogatory as premature and vague to the extent it encompasses information that will be identified at later stages of the litigation, including during expert discovery. Ryanair further objects to this Interrogatory because it contains multiple discrete subparts, each appropriately an individual request.

Subject to and without waiver of the foregoing general and specific objections, Ryanair expects to produce an expert analysis of damages as facts are learned through discovery. The expert analysis may include but is not limited to: costs of interruption of service to Ryanair' website, data and/or underlying databases; costs expended attempting to prevent the Defendant's unauthorized scraping; costs expended to ascertain identify of parties performing unauthorized access;

conducting damage assessments of the unauthorized access; consequential damages; and lost revenue.

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1.**

Subject to and without waiver of the foregoing general and specific objections, Ryanair incorporates its responses to Interrogatory Nos. 2-7, and 9-10, and further supplements the response as follows.

By unlawfully accessing the myRyanair website – or directing, encouraging, or inducing third parties to do so – Booking.com, Priceline.com, Kayak, and Agoda each damaged Ryanair in at least the following ways:

1. Ryanair has had to expend substantial costs to analyze, investigate, and respond to Defendants' actions and the actions of those acting in concert with or at the direction, encouragement, or inducement of Defendants, including but not limited to:

   a. Ryanair employees' time spent investigating and responding to Defendants' unauthorized access, and time spent monitoring the myRyanair website for unauthorized access;

   b. Costs associated with developing, implementing, upgrading, and maintaining Shield;

   c. Costs associated with engaging New Relic to assist with error investigations; and

      a.  Costs associated with engaging third-party service providers to support Ryanair's defense of the myRyanair website from unauthorized access.

2.  Ryanair suffered harm as a result of interruptions to its website, due to Defendants' actions, in the form of lost revenue, with respect to customers who were unable to purchase flights from Ryanair during periods when the website was impaired or interrupted.

      a.  The method of calculating these damages will be the subject of expert testimony.

3.  In calculating the $5,000 threshold under CFAA, Ryanair may include harm to third parties, including but not limited to harm to consumers who purchased Ryanair tickets from Defendants at an inflated price (above what they would have paid if purchased through Ryanair).

Because Defendants' direct and indirect access is masked by the use of dynamic IP addresses and other purposefully misidentifying information, making it difficult if not impossible for Ryanair to determine which of the unauthorized attacks originated with Defendants or those acting at the direction, encouragement, or inducement of Defendants, Ryanair attributes the entirety of the above-referenced damages and costs to Booking.com, Priceline.com, Kayak, and Agoda, jointly and severally.

Booking Holdings Inc. (BHI) is liable to Ryanair for the aforementioned damages on an agency theory (i.e., Priceline.com, Booking.com, Kayak, and Agoda acted as agents of BHI in taking unlawful actions that resulted in damage to Ryanair), and/or a theory that BHI directed, encouraged, or induced Priceline.com, Booking.com, Kayak, and Agoda to engage in the activities giving rise to Ryanair's damages. BHI and all Defendants are also directly liable to Ryanair for

engaging in a conspiracy among all Defendants to commit an offense under the CFAA, pursuant to Count V of the First Amended Complaint. BHI's involvement – both as a participating agent and as a co-conspirator – is only supported by its intended purchase and ownership in eTraveli. *See*

https://static.manzama.com/2022/10/219977_4f31b138e6b6ee1818243eb929ae7bad_MLex_Boo king_Holdings_notifies_Etraveli_deal_for_EU_approval.pdf.

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1.**

Subject to and without waiver of the foregoing general and specific objections, Ryanair incorporates its responses to Interrogatory Nos. 2-7, and 9-10 (including all supplements), and further supplements the response as follows.

Ryanair is harmed by data corruption due to the Defendants unauthorized access including, but not limited to, correcting the fake and incorrect data the Defendants input into the Ryanair Website due to their unauthorized access. Defendants are harming the integrity of the underlying data, systems and information required by Ryanair to operate and communicate important information with customers.

For examples of corrupted data and customers having issues with their bookings due to Defendants' corruption of data, pursuant to Rule 33(d), Ryanair directs Defendants to documents with the Bates numbers: RYANAIR-BOOKING_0017947 – RYANAIR-BOOKING_0018108.

Ryanair must take steps to correct the data themselves or notify customers to correct the corrupted data created due to actions of the Defendants. Pursuant to Rule 33(d), Ryanair directs

Defendants to documents with the Bates numbers: RYANAIR-BOOKING_0026724 - RYANAIR-BOOKING_0026740.

Ryanair does not tolerate unauthorized access to the Ryanair Website and will attempt to block all unauthorized access regardless of the amount of unauthorized access. Because of this, Ryanair would have created Shield, implemented myRyanair, online verification and other systems used to stop unauthorized access even if Defendants were the only entities perpetuating the unauthorized access. Accordingly, all costs and related damages based on the unauthorized access of the Ryanair Website can be attributed to the Defendants. Pursuant to Rule 33(d), Ryanair directs Defendants to documents with the Bates numbers: RYANAIR-BOOKING_0003837, RYANAIR-BOOKING_0007298;  RYANAIR-BOOKING_0007402  –  RYANAIR-BOOKING_0007438; RYANAIR-BOOKING_0007481  –  RYANAIR-BOOKING_0007498;  and  RYANAIR-BOOKING_0063840.

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**INTERROGATORY NO. 2:**

State all facts that support Your damages calculations provided in response to Interrogatory No. 1.

**RESPONSE TO INTERROGATORY NO 2.**

Ryanair objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Ryanair further objects to this Interrogatory as premature and vague to the extent it encompasses information that will be identified at later stages of the litigation, including during expert discovery. Ryanair further objects to this Interrogatory as overly broad and unduly burdensome to

the extent that it calls for "stat[ing] all facts." Ryanair further objects to this Interrogatory as duplicative with interrogatory no. 1 and incorporates its response to that interrogatory. Ryanair further incorporates its responses to interrogatory nos. 3-6.

Subject to and without waiver of the foregoing general and specific objections, Ryanair expects to produce an expert analysis of damages as facts are learned through discovery. The expert analysis may include but is not limited to: costs of interruption of service to Ryanair' website, data and/or underlying databases; costs expended attempting to prevent the Defendant's unauthorized scraping; costs expended to ascertain identify of parties performing unauthorized access; conducting damage assessments of the unauthorized access; consequential damages; and lost revenue.

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2.**

Subject to and without waiver of the foregoing general and specific objections, Ryanair incorporates its responses to Interrogatory Nos. 7, and 9-10, and further supplements the response as follows.

Defendants have accessed, and continue to access, the Ryanair Website either directly or indirectly and obtain information from the Ryanair Website, including from the myRyanair portion of the Website. Defendants have and continue to conspire to commit with third parties to access the Ryanair Website when Defendants or its third parties do not have authorization to access any portions of the Ryanair Website, including the myRyanair portion of the Website. Defendants additionally are vicariously liable for their indirect unauthorized access to the Ryanair Website, including the myRyanair portion of the Website.

For example, Booking Holdings is at least vicariously liable for the acts of its subsidiaries Booking.com, Priceline.com, Kayak Software Corporation, and Agoda Company. Further Defendants continue to encourage unauthorized access to the Ryanair Website through investments in third parties that scrape the Ryanair Website, including the myRyanair portion to the Website. For example, Booking Holding appears to own or at least have a substantial ownership interest in Etraveli Group. *See* https://www.phocuswire.com/Booking-Holdings-acquires-eTraveli-Group-1-6-billion (last accessed February 3, 2023). Etraveli Group operates at least the brands Mytrip, avion.ro, trip.ru, pamediakopes.gr, Gotogate, flybillet, Flight Network, Super Saver, Seat 24, Travel Start, and flygressor.se. *See* https://www.etraveligroup.com/about/brands/?csrt=11551487015136026496 (last accessed February 2, 2023). Each of these Etraveli Group brands are accessing the Ryanair Website without authorization under at least the direction and control of the Defendants. The below screenshots directly show the Etraveli Group's capability to book Ryanair flights through unauthorized access of the myRyanair website. The screenshots were taken on February 2, 2023 and, if necessary, translated from their original language to English via the Microsoft Edge browser translator.

Mytrip:



Avion.ro is now branded as Mytrip:



Trip.ru is now branded as Gotogate:



Pamediakopes.gr redirects to https://gr.mytrip.com/:



Gotogate:



Flybillet:



Flight Network:



Super Saver:



Seat 24:



Travel Start:



Flygressor.se



As a further example, Booking Holdings has also provided Board Directors to Kiwi.com,

another party accessing and causing damage to the Ryanair Website under the control and/or

direction of the Defendants. On September 9, 2019 it was reported by Business Wire that:

> Daniel Finnegan, former Chief Financial Officer and Chief Accounting
> Officer of Booking Holdings (formerly The Priceline Group Inc.), will serve as an
> independent Board Director [to Kiwi.com]. During Mr. Finnegan's 14-year tenure

with Booking Holdings, the company grew to about 22,000 employees and reached a valuation of more than $100 billion.

> "I am excited for the opportunity to work with Oliver and the Kiwi team as they build towards ambitious goals that will ultimately provide extraordinary value and experiences to travelers worldwide," said Daniel Finnegan.

https://www.businesswire.com/news/home/20190909005279/en/Kiwi.com-Announces-New-Board-of-Directors-as-Company-Enters-Next-Phase-of-Strategic-Growth (last accessed February 2, 2023).

Daniel Finnegan continues to serve as a Board Director to Kiwi.com. See https://www.kiwi.com/en/pages/content/people (last accessed February 2, 2023).

Additionally, for example, Kiwi.com's owner is General Atlantic who seemingly has an investment interest in Priceline or other Defendants. Similarly, Priceline invested a considerable amount in Ctrip, and Ctrip acquired a majority stake in Travelfusion shortly thereafter.

Through, at least, Etraveli Group, Kiwi.com, and Travelfusion, the Defendants use, direct, encourage, and induce third parties to continue their unauthorized access of the myRyanair Website at the Defendants' instruction and for the benefit of the Defendants.

For example, as depicted in the documents Bates stamped RYANAIR-BOOKING-0014247 and RYANAIR-BOOKING-0014249, Kiwi.com made 8,232 booking attempts of Ryanair flights from March 27, 2017 to April 2, 2017. Each booking attempt was an unauthorized access of the Ryanair Website, specifically the myRyanair portion of the Website. Each of these booking attempts cause additional strain on the Website increasing the cost and limiting the availability of resources to customers on the Ryanair Website to customers.

To block these attempts Ryanair has spent and continues to spend significant resources to develop, operate, upgrade, and maintain Shield to track, evaluate and block unauthorized access to the Ryanair Website. For example, as of April 2022, the Amazon Web Services (AWS) services required by Shield alone costs roughly $12,000 per month to protect of the Ryanair Website.

20

Shield is not the only program used to protect the Ryanair Website; there are personnel focused on protecting the Ryanair Website, along with additional systems and programs employed by Ryanair that cost significant resources to block Defendants' unauthorized access to the myRyanair Website. For example, CloudFront, NewRelic, Botworx, Accertify, NetScaler, Navitaire, and Business Intelligence all play a role in protecting the Ryanair Website, including the myRyanair portion of the Website, from Defendants.

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2.**

Subject to and without waiver of the foregoing general and specific objections, Ryanair incorporates its responses to Interrogatory Nos. 1, 3, 7, and 9-10 (including all supplements), and further supplements the response as follows.

**BEGIN ATTORNEYS' EYES ONLY TREATMENT**













**END ATTORNEYS' EYES ONLY TREATMENT**

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2.**

Subject to and without waiver of the foregoing general and specific objections, Ryanair incorporates its responses to Interrogatory Nos. 1, 3, 7, and 9-10 (including all supplements), and further supplements the response as follows.

**BEGIN ATTORNEYS' EYES ONLY TREATMENT**



















**END ATTORNEYS' EYES ONLY TREATMENT**

Pursuant to Rule 33(d), Ryanair directs Defendants to documents with the Bates numbers:

RYANAIR-BOOKING_0064989 - RYANAIR-BOOKING_0065418.

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**AMENDED THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiver of the foregoing general and specific objections, Ryanair amends the Third Supplemental Response to Interrogatory No. 2 as follows:

Ryanair have implemented a customer verification process with the objective of collecting and confirming customer data that is not provided by OTAs. Ryanair customers can complete this customer verification process either online using GetID or with a desk agent at the airport. OTA bookings often use false customer data such as false payment or contact information. Ryanair's customer verification process allows Ryanair to correct this false customer data. GetID charges

37

Ryanair between €0.25 to €0.30 per customer verification attempt, many customers taking multiple attempts to complete the verification process.  Ryanair estimates that it costs slightly more than €0.59 per customer to complete verification on GetID.  The number of online customer verifications performed by Ryanair is provided in the document bearing Bates number RYANAIR-BOOKING_0065418.

It takes an average of at least ten minutes per OTA passenger for Ryanair's desk agents to verify an OTA customer's identity at the airport.  The average salary for Ryanair's desk agents is €28,500/year, €16.13/hour, or €2.68€/ten minutes spent verifying an OTA customer.  Between March 1, 2022 and February 28, 2023, 50,799 OTA passengers have verified with Ryanair desk agents at the airport.  Therefore, it has cost Ryanair €136,141 to verify the identities of OTA customers at the airport during that time period.

Pursuant to Rule 33(d), Ryanair directs Defendants to documents with the Bates numbers: RYANAIR-BOOKING_0080660.

**<u>FOURTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2.</u>**

Subject to and without waiver of the foregoing general and specific objections, Ryanair incorporates its responses to Interrogatory Nos. 1, 3, 7, and 9-10 (including all supplements), and further supplements the response as follows.

<u>**BEGIN ATTORNEYS' EYES ONLY TREATMENT**</u>

38



















## END ATTORNEYS' EYES ONLY TREATMENT

Pursuant to Rule 33(d), Ryanair directs Defendants to documents with the Bates numbers: RYANAIR-BOOKING_0080658; RYANAIR-BOOKING_0080661; RYANAIR-BOOKING_0080660; RYANAIR-BOOKING_0080660; RYANAIR-BOOKING_0080408; RYANAIR-BOOKING_0080420; RYANAIR-BOOKING_0078771; and RYANAIR-BOOKING_0080420.

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**INTERROGATORY NO. 3:**

State all facts that support Your contention that alleged violation of the Computer Fraud and Abuse Act ("CFAA") by Defendants or their agents "deprive[s] Ryanair of the opportunity to maximize its revenues from the Ryanair Website" as alleged in Paragraph 90 of the Complaint, including a description of any revenues You contend You are deprived of the ability to earn as a result of the alleged conduct.

**RESPONSE TO INTERROGATORY NO 3.**

Ryanair objects to this Interrogatory as overly broad and unduly burdensome to the extent that it calls for "stat[ing] all facts." Ryanair further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Ryanair further objects to this Interrogatory as duplicative with interrogatory nos. 1-2 and incorporates its responses to those interrogatories. Ryanair also incorporates its response to interrogatory no. 4. Ryanair further objects to this Interrogatory because it contains multiple discrete subparts, each appropriately an individual request.

Subject to and without waiver of the foregoing general and specific objections, Ryanair further responds as follows. Ryanair is deprived of the opportunity to maximize its revenues from the Ryanair Website because Ryanair is unable to effectively make both sales and ancillary sales to customers flying on Ryanair when Defendants prevent Ryanair from directly making sales to Ryanair's customers. Ryanair has invested substantial time, effort, and money in developing and maintaining the Ryanair Website and its related databases and systems, along with the information contained in them. Ryanair has also invested considerable resources in the design, organization, operation, and maintenance of the Ryanair Website to ensure that it operates in an efficient and user-friendly manner by selecting and verifying the data presented on the Ryanair Website. Ryanair has additionally invested and spent considerable resources in protecting the Ryanair Website for unauthorized access, in part, to protect Ryanair customers and maintain a secure, efficient, and user-friendly website. These considerable investments into data protection, privacy, and the customer experience on the Ryanair Website has, in part, led to the Ryanair Website being

the primary form of revenue generation. The Defendants deprive Ryanair the ability to earn revenue through this effective means.

Additionally, by preventing Ryanair from directly selling to Ryanair's customers, Defendants may, and often do, sell Ryanair flights to consumers who then expect Ryanair to treat the consumer like a direct Ryanair customer, despite the fact that the customer has purchased a Ryanair ticket from one of the Defendants that come with different terms of service and expectations. That can and does damage Ryanair's relationships with its customers which can result in lost sales and various indirect harms in the marketplace. Merely as an example, the defendants or their agents may alter the reservation information of the passengers, including passenger email addresses or card details. This inappropriately restricts Ryanair from sending information, including urgent and necessary information, directly to its flight passengers. It also inhibits Ryanair from directly refunding its passengers when a refund is requested or required. As mentioned, this injures Ryanair from having a direct relationship with its customers but also damages Ryanair's reputation and relationships, which results in at least lost sales and other harms in the marketplace.

It additionally harms the customers themselves. Ryanair expects to provide an expert analysis as facts are learned through discovery.

**BEGIN ATTORNEYS' EYES ONLY TREATMENT**











**<u>END ATTORNEYS' EYES ONLY TREATMENT</u>**

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3.**

Subject to and without waiver of the foregoing general and specific objections, Ryanair incorporates its responses to Interrogatory Nos. 1-2 and 4 (including all supplements) and Ryanair further supplements the response as follows.

**BEGIN CONFIDENTIAL TREATMENT**



**END CONFIDENTIAL TREATMENT**

**BEGIN ATTORNEYS' EYES ONLY TREATMENT**













**END ATTORNEYS' EYES ONLY TREATMENT**

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**INTERROGATORY NO. 4:**

State all facts that support Your contention that "Ryanair also suffers a loss when Booking.com, Kayak.com, Priceline.com, and Agoda.com's activities cause Ryanair's potential customers to choose not to travel with Ryanair after viewing the inflated cost shown on the Subsidiaries' websites" as alleged in Paragraph 91 of the Complaint.

**RESPONSE TO INTERROGATORY NO 4.**

Ryanair objects to this Interrogatory as overly broad and unduly burdensome to the extent that it calls for "stat[ing] all facts." Ryanair further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiver of the foregoing general and specific objections, Ryanair incorporates its responses to Interrogatory Nos. 1-3 and further responds as follows. Ryanair is deprived of the opportunity to effectively operate Ryanair's sales, marketing, and business model based on offering low fares to potential customers because Defendants inflate the cost of Ryanair flights. For example the following screenshots were taken on September 4, 2020 from the Ryanair Website, Priceline.com and Kayak.com showing the inflated prices from the Defendants:

RYANAIR:



PRICELINE:



KAYAK:



As an additional example the following screenshots were taken on September 5, 2020 from the Ryanair Website, Priceline.com and Kayak.com showing the inflated prices from the Defendants:

RYANAIR:



PRICELINE:



KAYAK:



The following screenshots were taken on April 4, 2022.

PRICELINE:



RYANAIR:



€78.99 equates to $86.63 based on conversion rates on April 4, 2022.

As an additional example, below are screenshots evidencing flights between Dublin and Cologne purchased via Booking.com. Below are the available flights for the selected date, including the Ryanair flights:



Below are the flight details for the selected flight:



When selecting the ticket type, there are only two types of fares available, whereas Ryanair has four different fares available to passengers for these flights: Value, Regular, Plus, FlexiPlus.



At a next stage of the booking, the passenger is allowed to select a seat. The seats offered on the Ryanair Website are less expensive than those offered on the Booking website. Furthermore, during this booking via the Booking.com website, incorrect payment details are provided to Ryanair, which inhibits from providing refunds directly to the passenger.

The inflated prices cut against the low fare model damaging the considerable goodwill Ryanair has built since its creation in 1985 as Europe's first and largest low-fare airline. The actions by the Defendants further prevent ancillary sales of additional services offered by Ryanair on the Ryanair Website including accommodation, reservation, car hire, and insurance services.

Furthermore, and merely as an example, the defendants or their agents may alter the reservation information of the passengers, including passenger email addresses or card and payment details. This inappropriately restricts Ryanair from sending information, including urgent and necessary information, directly to its flight passengers. It also inhibits Ryanair from directly refunding its passengers when a refund is requested or required. As mentioned, this injures Ryanair from having a direct relationship with its customers but also damages Ryanair's reputation and relationships, which results in at least lost sales and other harms in the marketplace. It additionally harms the customers themselves.

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4.**

Subject to and without waiver of the foregoing general and specific objections, Ryanair incorporates its responses to Interrogatory Nos. 1-3 (including all supplements) and Ryanair further supplements the response as follows.

Pursuant to Rule 33(d), Ryanair directs Defendants to documents with the Bates numbers: BOOKING.COM00002731;     BOOKING.COM00001755;     BOOKING.COM00002764; PRICELINE00000917.

**BEGIN ATTORNEYS' EYES ONLY TREATMENT**



**END ATTORNEYS' EYES ONLY TREATMENT**

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**INTERROGATORY NO. 5:**

State all facts that support Your contention that "automated queries" allegedly caused by Defendants or their agents impair the Ryanair Website's availability and/or usability as stated in Paragraphs 92-93 of the Complaint, including any website slowdown, errors, or outage that You contend is attributable to such automated queries, as well as the date of any such incident.

**RESPONSE TO INTERROGATORY NO 5.**

Ryanair objects to this Interrogatory as overly broad and unduly burdensome to the extent that it calls for "stat[ing] all facts." Ryanair further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Ryanair also expects to provide expert analysis as additional facts are learned through discovery. Ryanair further objects to this Interrogatory because it contains multiple discrete subparts, each appropriately an individual request.

Subject to and without waiver of the foregoing general and specific objections, Ryanair further responds as follows. Automated systems or software that operates on a daily and near continuous basis in order to procure flight information (or any information) from websites is well known to negatively affect the performance of a website. This, unsurprisingly, has occurred with the Ryanair website due to the incessant scraping.

The impacts of automated systems include system slowdowns, increased error rates, outages, increased costs, decreased customer service, and data privacy issues.

Scraping the Ryanair Website generates system slowdowns because these automated systems are frequently requesting information from the Ryanair Website taking server resources that should be used for customers. During periods of intense automated system activity, the Ryanair Website may experience brown outs. When this occurs, the Ryanair Website is unable to provide normal services to our customers including purchase of fares, ancillaries and check-in.

Scraping also increases the error rate for the Ryanair Website. Automated systems send incorrect parameters or provide an incorrect data flow which generates errors. These errors require Ryanair to direct employees to investigate the issues. Directing Ryanair employees to address these

errors necessarily takes employees away from other responsibilities, including addressing the issues related to genuine consumers.

Scraping creates outages to the Ryanair Website when the automated systems create too much traffic, especially when this excessive traffic occurs in a short time period. Such excessive traffic overloads the Ryanair Website, and the Ryanair Website can topple over and fail to handle any traffic, including the traffic from genuine users.

Scraping increases the cost to operate the Ryanair Website by at least requiring to maintain an infrastructure with traffic inflated by automated systems, and additional staff is required to maintain traffic inflated by automated systems. At times, 80% of traffic to the Ryanair Website may be due to automated systems.

Automated systems create user contact problems because scrapers do not typically provide real user contacts (i.e. email) or payment details. This prevents Ryanair from being able to contact passengers and inform them about flight changes or other issues. Similarly, scraping of the Ryanair Website creates data privacy issues when automated systems use customers' personal information but fail to utilize the Ryanair Website properly. It is possible that the automated systems mix personal customer data and other passenger data.

Ryanair also incorporates its response to Interrogatory Nos. 3, 4, 6, 7.

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Subject to and without waiver of the foregoing general and specific objections, Ryanair incorporates its responses to Interrogatory Nos. 3, 9-10 and further supplements the response as follows.

**BEGIN ATTORNEYS' EYES ONLY TREATMENT**













**BEGIN CONFIDENTIAL TREATMENT**



**END CONFIDENTIAL TREATMENT**

**END ATTORNEYS' EYES ONLY TREATMENT**

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5.**

Subject to and without waiver of the foregoing general and specific objections, Ryanair incorporates its responses to Interrogatory Nos. 2-4, 6, 7, 9-10 (including all supplements) and further supplements the response as follows.

**BEGIN CONFIDENTIAL TREATMENT**

**END CONFIDENTIAL TREATMENT**

**BEGIN ATTORNEYS' EYES ONLY TREATMENT**



**END ATTORNEYS' EYES ONLY TREATMENT**

      Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**FOURTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5.**

      Subject to and without waiver of the foregoing general and specific objections, Ryanair incorporates its responses to Interrogatory Nos. 2-4, 6, 7, 9-10 (including all supplements) and further supplements the response as follows.

Ryanair conducted a price test to determine how often the screen scrapers providing Ryanair flight information to Defendants were scraping Ryanair's website for fare information. The test was carried out as follows:

1. Ryanair recorded the price of flight FR2460 from Stansted to Warsow on 12 February 2024 as £36.99 on the Ryanair website, £43.94 on booking.com, £36 on Agoda, and £36 on Kayak.

2. At 11h37: Ryanair raised the price from £36.99 to £130.99.

3. At 11h41: Booking.com updated the price when clicking to purchase the ticket (with a markup) to £137.94.

4. At 11h56: Booking changes the price on its search results page to £139.16.

5. At 12h26: On the Agoda website, Kiwi (£130) and myTrip (£131) have changed their price to reflect the pricing change.

6. At 12h35: Kayak raises the price of FR2460 to £63 on the search results page.

7. At 12h37: On the Agoda website, Gotogate raises the price to £131.

8. At 14h22: Kayak raises the price of FR2460 to £130 on the search results page.

9. At 14h23: Agoda shows the price as £161 on the search results page.

10. At 14h31: Ryanair reduces the price of FR2460 back to £36.99.

11. At 14h37: the new price is displayed on the Ryanair website.

12. At 14h38: Agoda changes the price to £45.

13. At 14h39: Kayak changes the price to £36.

14. At 14h44: Booking.com changes the price to £43.94.

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**INTERROGATORY NO. 6:**

Describe all efforts made by You "to find, diagnose, and block access to the Ryanair Website by Booking Holdings, Booking.com, Kayak.com, Priceline.com, and Agoda.com and/or

their agents" as described in Paragraphs 94-96 of the Complaint, including the nature, date, and cost of each such effort.

**RESPONSE TO INTERROGATORY NO 6.**

Ryanair objects to this Interrogatory as overly broad and unduly burdensome to the extent that it calls for describing "all efforts." Ryanair further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Ryanair further objects to this Interrogatory as duplicative with interrogatory nos. 3-5, 7-9 and incorporates its responses to those interrogatories.

Subject to and without waiver of the foregoing general and specific objections, Ryanair further responds as follows. Ryanair has spent considerable resources to find, diagnose, and block access to the Ryanair Website by the Defendants. Those resources have included and continue to include the diversion of employees across various departments within Ryanair from their usual duties, along with costs paid to third parties.

Ryanair has utilized a captcha screen to prevent unauthorized access to the Ryanair Website. Ryanair has also developed a program called Shield that blocks unauthorized third parties such as the Defendants from scraping the Ryanair Website and selling Ryanair inventory. Shield uses a machine learning blocking algorithm based on multiple factors to determine whether a user accessing the Ryanair Website is a screen scraper. If Shield determines that a user is attempting to access the Ryanair Website in order to screen scrape the Ryanair Website, Shield will block that user from accessing the Ryanair Website.


**BEGIN ATTORNEYS' EYES ONLY TREATMENT**







**END ATTORNEYS' EYES ONLY TREATMENT**

Ryanair expects to produce an expert analysis as facts are learned through discovery. The expert analysis will include but is not limited to: costs of interruption of service to Ryanair' website, data and/or underlying databases; costs expended attempting to prevent the Defendant's unauthorized scraping; conducting damage assessments of the unauthorized access; consequential damages; and lost revenue.

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Subject to and without waiver of the foregoing general and specific objections, Ryanair incorporates its responses to Interrogatory Nos. 1-2, and 10, and further supplements the response as follows.

**BEGIN ATTORNEYS' EYES ONLY TREATMENT**















**END ATTORNEYS' EYES ONLY TREATMENT**

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6.**

Subject to and without waiver of the foregoing general and specific objections, Ryanair incorporates its responses to Interrogatory No. 2 (including all supplements), and further supplements the response as follows.

Pursuant to Rule 33(d), Ryanair directs Defendants to documents with the Bates numbers: RYANAIR-BOOKING_0027283 - RYANAIR-BOOKING_0027292; RYANAIR-BOOKING_0027516; RYANAIR-BOOKING_0027525; RYANAIR-BOOKING_0027533;

RYANAIR-BOOKING_0027581;          RYANAIR-BOOKING_0027681;          RYANAIR-BOOKING_0027516 - RYANAIR-BOOKING_0027519;   RYANAIR-BOOKING_0028509 - RYANAIR-BOOKING_0028512;   RYANAIR-BOOKING_0029911;   RYANAIR-BOOKING-0014301;   RYANAIR-BOOKING-0016372;   RYANAIR-BOOKING_0027283 - RYANAIR-BOOKING_0027292;     RYANAIR-BOOKING-0014249;     RYANAIR-BOOKING-0014245;   RYANAIR-BOOKING-0014243;          RYANAIR-BOOKING_0026972     -     RYANAIR-BOOKING_0026973; and RYANAIR-BOOKING_0029846.

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Subject to and without waiver of the foregoing general and specific objections, Ryanair incorporates its responses to Interrogatory Nos. 1-2, and 10, and further supplements the response as follows.

**BEGIN ATTORNEYS' EYES ONLY TREATMENT**







**END ATTORNEYS' EYES ONLY TREATMENT**

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**FOURTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Subject to and without waiver of the foregoing general and specific objections, Ryanair incorporates its responses to Interrogatory Nos. 1-2, and 10, and further supplements the response as follows.

**BEGIN ATTORNEYS' EYES ONLY TREATMENT**



**END ATTORNEYS' EYES ONLY TREATMENT**

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**FIFTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6.**

Subject to and without waiver of the foregoing general and specific objections, Ryanair incorporates its responses to Interrogatory Nos. 1-2, 10 and 15 (including all supplements), and further supplements the response as follows.

**BEGIN ATTORNEYS' EYES ONLY TREATMENT**



**END ATTORNEYS' EYES ONLY TREATMENT**

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**INTERROGATORY NO. 7:**

State all facts that support Your contention that "Defendants have taken measures to circumvent Shield so that they may continue their unauthorized access of the Ryanair Website" as described in Paragraph 97 of the Complaint.

**RESPONSE TO INTERROGATORY NO 7.**

Ryanair objects to this Interrogatory as overly broad and unduly burdensome to the extent that it calls for "stat[ing] all facts." Ryanair further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Ryanair further objects to this Interrogatory as

duplicative with interrogatory nos. 1-2 and 6, and Ryanair incorporates its responses to those interrogatories. Ryanair further incorporates its responses to interrogatory nos. 4, 5 and 7.

Subject to and without waiver of the foregoing general and specific objections, Ryanair further responds as follows. Ryanair continues to detect scraping on Ryanair's Website despite the implementation of Shied and other measures. Additionally, Ryanair flights and itineraries remain available on Defendants' websites despite Ryanair's best efforts at halting Defendants' and Defendants' partners' unauthorized access to the Ryanair Website. For example, the following screenshots were taken in March 2022:

PRICELINE:

BOOKING.COM:



**BEGIN ATTORNEYS' EYES ONLY TREATMENT**





**END ATTORNEYS' EYES ONLY TREATMENT**

Furthermore, the Defendants have financial and investment interests in a number of the third-party scrapers that Defendants utilize to illegally access the Ryanair Website and obtain Ryanair data, including Ryanair itineraries. For example. Kiwi.com's owner, General Atlantic, seemingly has an investment interest in Priceline or other Defendants. Similarly, Priceline invested a considerable amount in Ctrip and Ctrip acquired a majority stake in Travelfusion shortly thereafter. Booking Holdings also appears to own or at least have a substantial ownership interest in ETraveli.

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7.**

Subject to and without waiver of the foregoing general and specific objections, Ryanair incorporates its responses to Interrogatory Nos. 9-10, and further supplements the response as follows.

Booking.com, Priceline.com, Kayak, and Agoda have sold and have mostly continued to sell Ryanair flights, which can only be done online through the myRyanair Website or the mobile application. Booking.com, Priceline.com, Kayak, and Agoda must circumvent Shield and engage in unauthorized access to purchase these flights.

For example, in the Defendants' Opening Brief in Support of Their Motion to Dismiss Plaintiff's Complaint or, in the Alternative, to Stay the Defendants (Dkt. No. 81), the Defendants admit to Agoda selling Ryanair flights in footnote 7. To sell Ryanair flights through the Ryanair Website, Agoda, directly or indirectly, has taken measures to circumvent Shield to continue its unauthorized access. And despite Defendants' claims to the contrary, Kayak does in fact sell Ryanair flights as shown in the screenshot below, which shows the option to "Book on KAYAK," in connection with the selected Ryanair flight. Even if the flight is ultimately purchased through a third party, Kayak is the gateway through which purchasers find and purchase Ryanair flights, and Kayak directs, encourages, and/or induces such third parties to unlawfully access the myRyanair website and sell the flights.

Booking Holdings appears to own or is currently in the process of purchasing Etraveli Group and, in 2021, Booking Holdings was reported to have paid $1.83 billion for Etraveli Group. *See* https://skift.com/2021/11/23/booking-holdings-to-buy-flights-partner-etraveli-group-for-1-8-billion/ (last accessed February 3, 2023). BHI is thus liable on an agency theory, with Etraveli Group acting as its agent, or at least BHI is directing, encouraging, and/or inducing Etraveli's continued unauthorized access of the myRyanair Website.

Etraveli Group, an agent of the Defendants, continues to take measures to circumvent Shield, and they continue their unauthorized access of the myRyanair Website to provide data and bookings to consumers through the Defendants and at the direction, encouragement, or inducement of the Defendants. This is demonstrated by, at least, the continued availability of Ryanair flights on Etraveli's individual brand websites.

Kayak displays Ryanair flights, and an individual can book Ryanair flights directly on Kayak or through, at least, Mytrip (an Etraveli Group brand), kiwi.com, and eDreams.

Booking.com seems exclusively tied to the scraping activities of Etraveli Group, and the Etraveli Group website even reads, "Booking.com uses us as exclusive back-end and fulfillment provider for flights in nine European countries." https://www.etraveligroup.com/about/air-tech-solutions (last accessed February 3, 2023).

Priceline.com is not authorized to access the Ryanair Website and therefore must have circumvented Shield and unlawfully accessed the myRyanair Website to sell Ryanair flights. Booking.com continues to allow for customers to book Ryanair flights, which can only be done online through the myRyanair portion of the Ryanair Website and by circumventing Shield.

For example, the following screenshots were taken February 3, 2023, showing that Kayak and Booking.com continue their unauthorized access of the myRyanair Website or at least continue to direct, encourage, and induce third parties to access the Ryanair Website including myRyanair without authorization.





Kayak allows Ryanair flights to be booked directly through the Kayak website, thereby bypassing Shield and other Ryanair Website protections, as shown in the below screenshot. Kayak is specifically circumventing Shield in the myRyanair portion of the Ryanair Website by allowing a customer to book a Ryanair flight without authorization. Additionally, Kayak is directing customer to, at least, Kiwi.com, mytrip.com (an Etraveli Group brand), and eDreams in the below screenshot. Neither Kayak nor these parties are authorized to access the myRyanair Website or book a flight through the myRyanair portion of the Ryanair Website.



Similarly, as shown in the screenshots below, Booking.com continues to offer and book Ryanair flights through the Booking.com website. These activities are unauthorized and can only occur by circumventing Shield.











Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7.**

Subject to and without waiver of the foregoing general and specific objections, Ryanair incorporates its responses to Interrogatory Nos. 2, and 9-10 (including all supplements), and further supplements the response as follows.

**BEGIN CONFIDENTIAL TREATMENT**





**END CONFIDENTIAL TREATMENT**

Additionally, pursuant to Rule 33(d), Ryanair directs Defendants to documents with the

Bates numbers: RYANAIR-BOOKING_0026652 - RYANAIR-BOOKING_0026658.

**BEGIN ATTORNEYS' EYES ONLY TREATMENT**



**END ATTORNEYS' EYES ONLY TREATMENT**

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement

or amend its response as discovery progresses including, during or as a result of expert discovery.

**INTERROGATORY NO. 8:**

Identify all Persons that You have sought to stop accessing the Ryanair website, the form of each such effort (e.g., cease and desist letter, litigation, regulatory action), each effort's respective date, and the result of each effort.

**RESPONSE TO INTERROGATORY NO 8.**

Ryanair objects to this Interrogatory as overly broad and unduly burdensome to the extent that it calls for "identif[ing] all Persons." Ryanair further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Ryanair further objects to this Interrogatory to the extent it seeks any non-public, highly sensitive and confidential business, proprietary, or trade secret information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Ryanair further objects to this Interrogatory because it contains multiple discrete subparts, each appropriately an individual request. Finally, Ryanair objects to this interrogatory because it seeks irrelevant and unnecessarily burdensome information. This lawsuit is based on the CFAA; lawsuits in Europe or elsewhere are necessarily based upon the laws of other jurisdictions and not relevant to this litigation. The information provided despite this objection. Providing further information about dozens of resolved or active litigations – which are irrelevant to this litigation – is burdensome and Ryanair will not unnecessarily burden itself.

Subject to and without waiver of the foregoing general and specific objections, Ryanair further responds as follows. As explained in previous interrogatory responses including, but not limited to interrogatory nos. 5-7, Ryanair has blocked numerous entities and users from accessing the Ryanair Website via Shield and its associated systems. It is unduly burdensome – and likely

impossible – to fully list all those which Ryanair has stopped from accessing the Ryanair Website. With that understanding, Ryanair maintains the exclusive online distribution rights to sell Ryanair flights to the general public in order to ensure that Ryanair flights are sold to consumers at the lowest price, thereby preserving Ryanair's reputation. Ryanair has taken the following action:

Ryanair filed a lawsuit in the Western District of Washington and in Ireland against Expedia for its alleged unauthorized access of the Ryanair Website. The parties amicably resolved the matter, and Ryanair will produce the agreement when its available pursuant to confidentiality provisions. Ryanair has also filed suit and demanded that the following Defendants cease their unauthorized access of the Ryanair Website: Booking Holdings Inc., Booking.com B.V., Kayak Software Corporation, Priceline.com LLC, and Agoda Company Pte. Ltd. This lawsuit is ongoing.

Ryanair has also filed a lawsuit in Ireland against SC VOLA.RO SRL and YPSILON.NET AG for its unauthorized access of the Ryanair Website. Ryanair has also sued Booking.com and Etraveli. These lawsuits are ongoing. Ryanair has also been involved in the following lawsuits or proceedings where screen scraping was – or was likely to be – an issue in the litigation:

| Case name | Case number | Judgment / Issue Date | Jurisdiction | Result |
|---|---|---|---|---|
| *SAS Voyages sur Mesures (VSM) and LM Next FR v Ryanair DAC* | n° 2013031969 | 20/11/2018 | France | Subject to Appeal |
| *Ryanair Ltd v VTOURS GMBH* | | 22/01/2010 | Germany | |
| *Cheaptickets Travix Nederland B.V. v Ryanair* | Case 1ZR 224 / 12 | 12/13/2012 | Germany | |

113

| Case name | Case number | Judgment / Issue Date | Jurisdiction | Result |
|---|---|---|---|---|
| *Ryanair Ltd v Edreams Odigeo* | | 08/01/2015 | Germany | |
| *Ryanair Ltd v LMNEXT CH S.A. (Formerly LASTMINUTE.COM)* | 29247 13/11/2019 | 18/11/2018 Under appeal | Italy | |
| *Ryanair Ltd v Atrapalo S.I.* | | 09/10/2012 | Spain | |
| *Ryanair Ltd v Edreams Odigeo* | C-630/2012 | 29/10/2013 | Spain | |
| *Ryanair Ltd v Rumbo (Red Universal de Marketing y Booking Online, S.A.)* | | 24/04/2014 | Spain | |
| *Ryanair Ltd v PR Aviation BV* | Case C-30/14 | 15/03/2015 | The Netherlands | |
| *RYANAIR DAC V EXPEDIA INC* | C17-1789RSL | 06/08/2018 | USA | |
| *RYANAIR DAC V BOOKING HOLDINGS INC, BOOKING.COM BV,* | 120-cv-01191-UNA | 04/09/2020 | USA | |
| *KAYAK SOFTWARE CORPORATION, PRICELINE.COM LLC, AGODA COMPANY PTE LTD* | | | | |
| *On the Beach Limited and (1) Ryanair UK Limited and (2) Ryanair DAC* | *Claim No. CP-2021-000009* | | UK | Pending |

| Case name | Case number | Judgment / Issue Date | Jurisdiction | Result |
|---|---|---|---|---|
| *(1) On the Beach Limited (2) Sunshine.co.uk Limited (3) Classic Package Holidays Limited v Ryanair UK Limited and Ryanair DAC* | *Claim no. CL-2021-000634* | | UK | Pending |
| *Flightbox SP Zoo* | V GC 2795/19 | | Poland | Pending |
| *Ryanair Ltd v SC VOLA.RO SRL YPSILON NET AG* | 2017 8782P | | Ireland | Pending |
| *Skyscanner* | 2019 9399P | | Ireland | Pending |
| *Ryanair Limited v On the Beach* | 2010 8924P | | Ireland | Pending |
| *Flightbox SP Zoo* | 2020 1644P | | Ireland | Pending |
| *Ryanair v Bravofly* | 2008/2204 P | 14/03/2008 | Ireland | |
| *Ryanair v Travel Viva AG* | 2009/6752 P | 23/07/2009 | Ireland | |
| *Ryanair v Ticket Point Reiseburo GMBH* | 2009/7960 P | [2015] IESC 11 | Ireland | |
| *Ryanair v Billigfleuge de GMBH* | 2009/7959 | 01/09/2009 | Ireland | |
| *Ryanair v Coelis & Ors* | 2009/8207 P | 10/09/2009 | Ireland | |
| *Ryanair v Travel Viva AG* | 2009/8641 P | 25/09/2009 | Ireland | |
| *Ryanair v Vliegtarieven NL BV* | 2010/2795 P | 18/03/2010 | Ireland | |
| *Ryanair v Sky4Fly* | 2010/2783 P | 18/03/2010 | Ireland | |

| Case name | Case number | Judgment / Issue Date | Jurisdiction | Result |
|-----------|-------------|----------------------|--------------|--------|
| *Ryanair v Reiselinede Touristik GMBH* | 2010/2790 P | 18/03/2010 | Ireland | |
| *Ryanair v Bookandsmile GMBH* | 2010/2773 P | 18/03/2010 | Ireland | |
| *Ryanair v Easyvoyage* | 2010/2775 P | 18/03/2010 | Ireland | |
| *Ryanair v Svenska Resenatverket AB* | 2010/2785 P | 18/03/2010 | Ireland | |
| *Ryanair v Travelovo* | 2010/2798 P | 18/03/2010 | Ireland | |
| *Ryanair v Logitravel SL* | 2010/2797 P | 18/03/2010 | Ireland | |
| *Ryanair v Terminal ASL* | 2010/2794 P | 18/03/2010 | Ireland | |
| *Ryanair v Supercomm Data Marketing GMBH* | 2010/2793 P | 18/03/2010 | Ireland | |
| *Ryanair v UNIT SC Lenzi Gabriele & C* | 2010/2776 P | 18/03/2010 | Ireland | |
| *Ryanair v Billigweg.de Reisen GMBH* | 2010/2777 P | 18/03/2020 | Ireland | |
| *Ryanair v Schweighauser T/A Arrow Tours Reiselounge Patrick & Anor* | 2010/3874 P | 22/04/2010 | Ireland | |
| *Ryanair v Lastminute.com.SRL* | 2010/3862 P | 22/04/2010 | Ireland | |
| *Ryanair v EBookers.com Deutschland GMBH* | 2011/868 P | 21/01/2011 | Ireland | |
| *Ryanair v World Ticket Center* | 2011/3950 P | 04/05/2011 | Ireland | |

| Case name | Case number | Judgment / Issue Date | Jurisdiction | Result |
|---|---|---|---|---|
| *Ryanair v Travel Republic Ltd* | 2011/8481 P | 22/09/2011 | Ireland | |
| *Ryanair v Club Travel LTD* | 2012/1715 P | 20/02/2012 | Ireland | |
| *Ryanair v Alpha International Accommodation LTD* | 2012/5841 P | 14/06/2012 | Ireland | |
| *Ryanair v Ola Holidays LTD* | 2012/5840 P | 14/06/2012 | Ireland | |
| *Ryanair v Broadway Travel Service* | 2012/5839 P | 20/02/2012 | Ireland | |
| *Ryanair v Fly Go Voyager* | 2012/12311 P | 05/12/2012 | Ireland | |
| *Ryanair v Expedia Inc.* | 2017/11 IA | 15/02/2017 | Ireland | |
| *Ryanair v Booking.com SV & Anor* | 2019/8775 P | 14/11/2019 | Ireland | |

Ryanair has also filed lawsuits against the following parties in Germany since October 2017 for their alleged unauthorized access of the Ryanair Website:

*Ryanair vs. Travix (CheapTickets)*

| GSK case no | Proceedings | Court | Court case no. | Status |
|---|---|---|---|---|
| 495-17 | Interim injunction proceedings | Regional Court of Hamburg | 406 HKO 222/17 | Case is closed. |

| 254-18 | Appeal re interim injunction proceedings | Higher Regional Court of Hamburg | 15 U 103/19 | |
| 1016-17 | Action for disclosure and compensation on the merits | Regional Court of Hamburg | 315 O 505/17 | Pending Appeal |

*Ryanair v. Kiwi.com*

| GSK case no | Proceedings | Court | Court case no. | Status |
|---|---|---|---|---|
| 316-18 | Interim injunction proceedings | Regional Court of Hamburg | 327 O 189/18 | Pursuance within ordinary/ substantive proceedings. |
| 954-18 | Substantive proceedings | Regional Court of Hamburg | 327 O 37/19 | Proceedings are terminated. No appeal. Case is closed. |

*Ryanair vs. Kiwi*

| GSK case no | Proceedings | Court | Court case no. | Status |
|---|---|---|---|---|
| 566-20 | Interim injunction proceedings | Regional Court of Hamburg | 327 O 272/20 | Proceedings are terminated. Case is closed. |

*Ryanair vs. Kiwi.com*

| GSK case no | Proceedings | Court | Court case no. | Status |
|---|---|---|---|---|
| 593-20 | Interim injunction proceedings | Regional Court of Hamburg | 327 O 189/18 | Proceedings are terminated. No appeal. Case is closed. |

*Ryanair v. Kiwi.com*

| GSK case no | Proceedings | Court | Court case no. | Status |
|---|---|---|---|---|
| 72-22 | Interim injunction proceedings | Regional Court Berlin | 102 O 135/21 | First instance terminated |

*Ryanair v. Booking.com/OY SRG Finland AB/ Gotogate*

| GSK case no | Proceedings | Court | Court case no. | Status |
|---|---|---|---|---|
| 837-19 | Interim injunction proceedings against OY SRG Finland AB / German website | | 315 O 417/19 | Pending. |
| 837-19 | Interim injunction proceedings against Gotogate Sweden/ English website | Regional Court of Hamburg | 312 O 390/19 – | Pending. |

*Ryanair vs. eDreams*

| GSK case no | Proceedings | Court | Court case no. | Status |
|---|---|---|---|---|
| 126-15 | First instance: Counter action by Ryanair in eDreams litigation | Regional Court of Hamburg | 315 O 28/16 | Further appeal pending with Federal Court of Justice |
| 711-16 | Appeal by eDreams against counter-action | Higher Regional Court of Hamburg | 15 U 71/19 | |
| | Further appeal re counter action granted by Higher Regional Court of Hamburg | Federal Court of Justice | I ZR 205/20 | |

*Ryanair vs. BravoNext re Mastercard Debit*

| GSK case no | Proceedings | Court | Court case no. | Status |
|---|---|---|---|---|
| 585-21 | BravoNext | Regional Court of Hamburg | 312 O 223/21 | Interim injunction confirmed. |

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8.**

Subject to and without waiver of the foregoing general and specific objections, Ryanair incorporates its responses to Interrogatory Nos. 9-10, and further supplements the response as follows.

Below is an updated chart concerning lawsuits or proceedings in which Ryanair has been involved where screen scraping was – or was likely to be – an issue:

| Case name | Case number | Judgment / Issue Date | Jurisdiction | Result |
|---|---|---|---|---|
| *SAS Voyages sur Mesures (VSM) and LM Next FR v Ryanair DAC* | nº 2013031969 | 20/11/2018 | France | Subject to Appeal |
| *Ryanair Ltd v VTOURS GMBH* | | 22/01/2010 | Germany | Case is closed |
| *Cheaptickets Travix Nederland B.V. v Ryanair* | Case 1ZR 224 / 12 | 12/13/2012 | Germany | Case is closed |
| *Ryanair Ltd v Edreams Odigeo* | | 08/01/2015 | Germany | Case is closed |

| Case name | Case number | Judgment / Issue Date | Jurisdiction | Result |
|---|---|---|---|---|
| *Ryanair Ltd v LMNEXT CH S.A. (Formerly LASTMINUTE.COM)* | 29247 13/11/2019 | 18/11/2018 Under appeal | Italy | Pending |
| *Ryanair Ltd v Atrapalo S.I.* | C 572/2012 | 09/10/2012 | Spain | Case is closed |
| *Ryanair Ltd v Edreams Odigeo* | C-630/2012 | 29/10/2013 | Spain | Case is closed |
| *Ryanair Ltd v Rumbo (Red Universal de* | | 24/04/2014 | Spain | Case is closed |
| *Marketing y Booking Online, S.A.)* | | | | |
| *Ryanair Ltd v PR Aviation BV* | Case C-30/14 | 15/03/2015 | The Netherlands | Case is closed |
| *RYANAIR DAC V EXPEDIA INC* | C17-1789RSL | 06/08/2018 | USA | Case is closed. |
| *RYANAIR DAC V BOOKING HOLDINGS INC, BOOKING.COM BV, KAYAK SOFTWARE CORPORATION, PRICELINE.COM LLC, AGODA COMPANY PTE LTD* | 120-cv-01191-UNA | 04/09/2020 | USA | Pending |
| *On the Beach Limited and (1) Ryanair UK Limited and (2) Ryanair DAC* | *Claim No. CP-2021-000009* | | UK | Pending |

| Case name | Case number | Judgment / Issue Date | Jurisdiction | Result |
|---|---|---|---|---|
| *(1) On the Beach Limited (2) Sunshine.co.uk Limited (3) Classic Package Holidays Limited v Ryanair UK Limited and Ryanair DAC* | *Claim no. CL-2021-000634* | | UK | Pending |
| *Flightbox SP Zoo* | V GC 2795/19 | | Poland | Pending |
| *Ryanair Ltd v SC VOLA.RO SRL YPSILON NET AG* | 2017 8782P | | Ireland | Pending |
| *Skyscanner* | 2019 9399P | | Ireland | Pending |
| *Ryanair Limited v On the Beach* | 2010 8924P | | Ireland | Pending |
| *Flightbox SP Zoo* | 2020 1644P | | Ireland | Pending |
| *Ryanair v Bravofly* | 2008/2204 P | 14/03/2008 | Ireland | Case is closed |
| *Ryanair v Travel Viva AG* | 2009/6752 P | 23/07/2009 | Ireland | Case is closed |
| *Ryanair v Ticket Point Reiseburo GMBH* | 2009/7960 P | [2015] IESC 11 | Ireland | Case is closed |
| *Ryanair v Billigfleuge de GMBH* | 2009/7959 | [2015] IESC 11 | Ireland | Case is closed |
| *Ryanair v Coelis & Ors* | 2009/8207 P | 10/09/2009 | Ireland | Case is closed |
| *Ryanair v Travel Viva AG* | 2009/8641 P | 25/09/2009 | Ireland | Pending |
| *Ryanair v Vliegtarieven NL BV* | 2010/2795 P | 18/03/2010 | Ireland | Case is closed |
| *Ryanair v Sky4Fly* | 2010/2783 P | 18/03/2010 | Ireland | Case is closed |

| Case name | Case number | Judgment / Issue Date | Jurisdiction | Result |
|-----------|-------------|-----------------------|--------------|--------|
| *Ryanair v Reiselinede Touristik GMBH* | 2010/2790 P | 18/03/2010 | Ireland | Case is closed |
| *Ryanair v Bookandsmile GMBH* | 2010/2773 P | 18/03/2010 | Ireland | Pending |
| *Ryanair v Easyvoyage* | 2010/2775 P | 18/03/2010 | Ireland | Pending |
| *Ryanair v Svenska Resenatverket AB* | 2010/2785 P | 18/03/2010 | Ireland | Pending |
| *Ryanair v Travelovo* | 2010/2798 P | 18/03/2010 | Ireland | Pending |
| *Ryanair v Logitravel SL* | 2010/2797 P | 18/03/2010 | Ireland | Pending |
| *Ryanair v Terminal ASL* | 2010/2794 P | 18/03/2010 | Ireland | Pending |
| *Ryanair v Supercomm Data Marketing GMBH* | 2010/2793 P | 18/03/2010 | Ireland | Case is closed |
| *Ryanair v UNIT SC Lenzi Gabriele & C* | 2010/2776 P | 18/03/2010 | Ireland | Pending |
| *Ryanair v Billigweg.de Reisen GMBH* | 2010/2777 P | 18/03/2020 | Ireland | Case is closed |
| *Ryanair v Schweighauser T/A Arrow Tours Reiselounge Patrick & Anor* | 2010/3874 P | 22/04/2010 | Ireland | Pending |
| *Ryanair v Lastminute.com.SRL* | 2010/3862 P | 22/04/2010 | Ireland | Pending |
| *Ryanair v EBookers.com Deutschland GMBH* | 2011/868 P | 21/01/2011 | Ireland | Pending |
| *Ryanair v World Ticket Center* | 2011/3950 P | 04/05/2011 | Ireland | Pending |

| Case name | Case number | Judgment / Issue Date | Jurisdiction | Result |
|---|---|---|---|---|
| *Ryanair v Travel Republic Ltd* | 2011/8481 P | 22/09/2011 | Ireland | Pending |
| *Ryanair v Club Travel LTD* | 2012/1715 P | 20/02/2012 | Ireland | Pending |
| *Ryanair v Alpha International Accommodation LTD* | 2012/5841 P | 14/06/2012 | Ireland | Case is closed |
| *Ryanair v Ola Holidays LTD* | 2012/5840 P | 14/06/2012 | Ireland | Pending |
| *Ryanair v Broadway Travel Service* | 2012/5839 P | 20/02/2012 | Ireland | Pending |
| *Ryanair v Fly Go Voyager* | 2012/12311 P | 05/12/2012 | Ireland | Pending |
| *Ryanair v Expedia Inc.* | 2017/11 IA | 15/02/2017 | Ireland | Pending |
| *Ryanair v Booking.com SV & Anor* | 2019/8775 P | 14/11/2019 | Ireland | Pending |

**BEGIN ATTORNEYS' EYES ONLY TREATMENT**



## END ATTORNEYS' EYES ONLY TREATMENT

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8.

Subject to and without waiver of the foregoing general and specific objections, Ryanair incorporates its response to Interrogatory No. 11 (including all supplements), and further supplements the response as follows.

Ryanair directs Defendants, pursuant to Rule 33(d), to the following documents with Bates numbers: RYANAIR-BOOKING_0026703 - RYANAIR-BOOKING_0026709.

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

## INTERROGATORY NO. 9:

Identify by date, time, IP address, and all other metrics in your possession and control each instance in which a person or entity you associate with BHI, Booking.com, Agoda, Kayak, or Priceline accessed a Ryanair computer.

## RESPONSE TO INTERROGATORY NO 9.

Ryanair objects to this Interrogatory as overly broad and unduly burdensome to the extent that it calls for "identify[ing] by date, time, IP address, and all other metrics in your possession and control each instance [the Defendants] . . . access a Ryanair computer." With the nearly incessant scraping of the Ryanair Website by parties associated with the defendants, it is unfeasible to respond to this interrogatory as requested. Any response will be based upon no more than some reasonable set of metrics in its possession and control sufficient to identify the information and narrowly tailored to the needs of this case. Ryanair incorporates its responses to interrogatory nos. 3, 5-7.

Subject to and without waiver of the foregoing general and specific objections, Ryanair further responds as follows.

**BEGIN ATTORNEYS' EYES ONLY TREATMENT**





**END ATTORNEYS' EYES ONLY TREATMENT**

Furthermore, the Defendants have financial and investment interests in a number of the third-party scrapers that Defendants utilize to illegally access the Ryanair Website and obtain Ryanair data, including Ryanair itineraries. For example. Kiwi.com's owner, General Atlantic, seemingly has an investment interest in Priceline or other Defendants. Similarly, Priceline invested a considerable amount in Ctrip and Ctrip acquired a majority stake in Travelfusion shortly thereafter. Booking Holdings also appears to own or at least have a substantial ownership interest in ETraveli.

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9.**

Subject to and without waiver of the foregoing general and specific objections, Ryanair incorporates its responses to Interrogatory No. 3, and further supplements the response as follows.

**BEGIN ATTORNEYS' EYES ONLY TREATMENT**

127



### END ATTORNEYS' EYES ONLY TREATMENT

Ryanair expects to produce an expert analysis of Defendants' access as facts are learned through discovery.

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

### SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9.

Subject to and without waiver of the foregoing general and specific objections, Ryanair incorporates its responses to Interrogatory Nos. 2 and 3 (including all supplements), and further supplements the response as follows.

Pursuant to Rule 33(d), Ryanair directs Defendants to documents with the Bates numbers: RYANAIR-BOOKING_0027283 - RYANAIR-BOOKING_0027292; RYANAIR-BOOKING_0027516; RYANAIR-BOOKING_0027525; RYANAIR-BOOKING_0027533; RYANAIR-BOOKING_0027581; RYANAIR-BOOKING_0027681; RYANAIR-BOOKING_0027516 - RYANAIR-BOOKING_0027519; RYANAIR-BOOKING_0028509 - RYANAIR-BOOKING_0028512; RYANAIR-BOOKING_0029911; RYANAIR-BOOKING-0014301; RYANAIR-BOOKING-0016372; RYANAIR-BOOKING_0027283 - RYANAIR-BOOKING_0027292; RYANAIR-BOOKING-0014249; RYANAIR-BOOKING-0014245;

RYANAIR-BOOKING-0014243;    RYANAIR-BOOKING_0026972    -    RYANAIR-BOOKING_0026973; and RYANAIR-BOOKING_0029846.

Ryanair directs Defendants to Exhibit A of Agoda's, Booking's, Priceline's and Kayak's responses to Ryanair's Interrogatory No. 4 directed to each of these respective Defendants.

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**INTERROGATORY NO. 10:**

For each instance of computer access identified in response to Interrogatory No. 9, state all facts that connect such access to any Defendant, an agent of any Defendant, or a person acting on behalf of any Defendant.

**RESPONSE TO INTERROGATORY NO 10.**

Ryanair objects to this Interrogatory as overly broad and unduly burdensome to the extent that it calls for "stat[ing] all facts." Ryanair further objects to this Interrogatory as duplicative with Interrogatory No. 9 and incorporates its response to that interrogatory. Ryanair will only provide a response based upon no more than some reasonable set of facts in its possession and control sufficient to identify the information and narrowly tailored to the needs of this case.

Subject to and without waiver of the foregoing general and specific objections, Ryanair further responds as follows. Ryanair incorporates its responses to Interrogatory Nos. 5-7 and 9.

Furthermore, the information connecting certain parties that illegally scrape the Ryanair Website to the Defendants is necessarily in the Defendants' possession.

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10.

Subject to and without waiver of the foregoing general and specific objections, Ryanair further supplements the response as follows.

### BEGIN CONFIDENTIAL TREATMENT



### END CONFIDENTIAL TREATMENT

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**INTERROGATORY NO. 11:**

Identify all third-parties that Ryanair allows to access Ryanair flight schedules or fares and/or sell Ryanair tickets, and provide the terms and conditions applicable to each third-party's access or sale.

**RESPONSE TO INTERROGATORY NO 11.**

Ryanair objects to this Interrogatory as overly broad and unduly burdensome to the extent that it calls for "identify[ing] all third parties." Ryanair further objects to this Interrogatory as vague and ambiguous to the extent it calls for "all third-parties that Ryanair allows to access Ryanair flight schedules or fares and/or sell Ryanair tickets." Ryanair further objects to this Interrogatory to the extent it seeks any non-public, highly sensitive and confidential business, proprietary, or trade secret information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Ryanair further objects to this Interrogatory because it contains multiple discrete subparts, each appropriately an individual request.

Subject to and without waiver of the foregoing general and specific objections, Ryanair further responds as follows. This interrogatory is not relevant to the instant litigation. Furthermore, this interrogatory is effectively asking Ryanair to name every customer and prospective customer because they are third parties who access Ryanair flight schedules and/or fares. These third parties agree to the Terms of Use of the Ryanair Website, which can be found here: https://www.ryanair.com/us/en/corporate/terms-of-use. Ryanair is willing to meet and confer on the relevance or scope of this interrogatory.

**<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11.</u>:**

Subject to and without waiver of the foregoing general and specific objections, Ryanair further supplements the response as follows.

<strong><u>BEGIN ATTORNEYS' EYES ONLY TREATMENT</u></strong>



<strong><u>END ATTORNEYS' EYES ONLY TREATMENT</u></strong>

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**<u>SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11.</u>**

Subject to and without waiver of the foregoing general and specific objections, Ryanair further supplements the response as follows.

<strong><u>BEGIN ATTORNEYS' EYES ONLY TREATMENT</u></strong>





**END ATTORNEYS' EYES ONLY TREATMENT**

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**INTERROGATORY NO. 12:**

Identify all information that you contend Defendants obtained from the myRyanair portion of the Ryanair website (i.e., information on the Ryanair Website available only after providing a user name and password).

**RESPONSE TO INTERROGATORY NO 12.**

Ryanair objects to this Interrogatory as overly broad and unduly burdensome to the extent that it calls for "identify[ing] all information." Ryanair further objects to this Interrogatory as vague and ambiguous to the extent it calls for "identify[ing] all information that you contend Defendants obtained from the myRyanair portion of the Ryanair website." Ryanair further objects to this Interrogatory to the extent this information is equally available to Defendants. Furthermore, this information is irrelevant and unnecessary to this litigation. Ryanair is willing to meet and confer as to the relevance, if necessary.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

Subject to and without waiver of the foregoing general and specific objections, Ryanair incorporates its responses to Interrogatory Nos. 6-7, and further supplements the response as follows.

To book a Ryanair flight through the Ryanair Website or mobile app, Booking.com, Priceline.com, Kayak, and Agoda, or third parties acting at their direction, encouragement, or inducement, must access the myRyanair portion of the Ryanair Website. These Defendants are obtaining, for example, booking confirmation information, and full itineraries, as a direct result of their unauthorized access. Therefore, Ryanair flight booking confirmation information provided to these Defendants as a result of a Ryanair booking would not have occurred but for their unauthorized access to the myRyanair portion of the Ryanair Website.

Booking.com, Priceline.com, Kayak, and Agoda have accessed (and in the case of at least Booking.com, Priceline.com, and Kayak) continue to access the Ryanair Website either directly or indirectly and obtain information from the Ryanair Website, including from the myRyanair portion of the Website. All Defendants have and continue to conspire with third parties to commit an offense under the CFAA (i.e., unlawfully accessing the myRyanair website). Defendants additionally are vicariously liable for their indirect unauthorized access of the Ryanair Website, including the myRyanair portion of the Website, by encouraging, directing, or inducing third parties to act.

For example, Booking Holdings appears to own, have a substantial ownership interest, or be in the process of purchasing Etraveli Group. *See* https://www.phocuswire.com/Booking-Holdings-acquires-eTraveli-Group-1-6-billion (last accessed February 3, 2023). Etraveli Group operates numerous entities that in turn are accessing the myRyanair Website and booking Ryanair

flights without authorization under at least the direction and control of BHI and the other Defendants. Defendants admit in their Response to Interrogatory No. 2, and through public statements, that Etraveli Group is providing services to the Defendants.

Furthermore, the Defendants have financial and investment interests in a number of the third-party scrapers that Defendants utilize to illegally access the myRyanair Website and obtain Ryanair data, including Ryanair itineraries. For example. Kiwi.com's owner, General Atlantic, seemingly has an investment interest in Priceline.com or other Defendants. Similarly, Priceline.com invested a considerable amount in Ctrip, and Ctrip acquired a majority stake in Travelfusion shortly thereafter. Defendants admit in their Response to Interrogatory No. 2, and through public statements, that Travelfusion is providing services to the Defendants.

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**INTERROGATORY NO. 13:**

State all steps or actions you have taken to prosecute the action You filed in Ireland against Booking.com and Etraveli.

**RESPONSE TO INTERROGATORY NO 13.**

Ryanair objects to this Interrogatory as overly broad, unduly burdensome, vague and ambiguous to the extent that it calls for "stat[ing] all steps or actions you have taken to prosecute the action." Ryanair further objects to this Interrogatory to the extent this information is equally available to Defendants. Booking.com is a party to the subject case and is already in possession of "all steps or actions you have taken to prosecute the action You filed in Ireland against Booking.com and Etraveli." Furthermore, this information is irrelevant and unnecessary to this litigation. Ryanair is willing to meet and confer as to the relevance, if necessary

**INTERROGATORY NO. 14:**

Describe the specific dates (day, month, and year) when You discovered, first learned or first came to believe that each Defendant accesses the Ryanair Website as alleged in Paragraph 77 of the Complaint.

**RESPONSE TO INTERROGATORY NO 14.**

Ryanair objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiver of the foregoing general and specific objections, Ryanair further responds as follows. Ryanair first discovered, first learned or first came to believe Defendants illegally accessed the Ryanair website on or about October 2019.

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement or amend its response as discovery progresses including, during or as a result of expert discovery.

**<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14.:</u>**

Subject to and without waiver of the foregoing general and specific objections, Ryanair supplements the response as follows.

**<u>BEGIN ATTORNEYS' EYES ONLY TREATMENT</u>**





**<u>END ATTORNEYS' EYES ONLY TREATMENT</u>**

Discovery in this litigation is ongoing. Ryanair expressly reserves the right to supplement

or amend its response as discovery progresses including, during or as a result of expert discovery.

Dated: October 6, 2023

Respectfully submitted,

**KRATZ & BARRY LLP**

*/s/ R Touhey Myer*

R Touhey Myer (#5939)
800 N. West Street
Wilmington, DE 19801
(302) 527-9378
tmyer@kratzandbarry.com

*Of Counsel:*

**HOLLAND & KNIGHT LLP**

R. David Donoghue *(pro hac vice)*
Anthony J. Fuga *(pro hac vice)*
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600
david.donoghue@hklaw.com
anthony.fuga@hklaw.com

Cynthia A. Gierhart *(pro hac vice)*
800 17th Street NW, Suite 1100
Washington, DC 20011
(202) 569-5416
cindy.gierhart@hklaw.com

Ji Mao *(pro hac vice)*
31 West 52nd Street
New York, New York 10019
(212) 513-3420
ji.mao@hklaw.com

William H. Oliver III (*pro hac vice*)
10 St. James Ave. 11th Floor
Boston, MA 02116
(617) 573-5863
william.oliver@hklaw.com

*Attorneys for Plaintiff/*
*Counterclaim Defendant, Ryanair DAC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

---

|  |  |  |
|---|---|---|
| RYANAIR DAC, | : | |
| *Plaintiff* | : | C.A. No. 1:20-cv-01191-WCB |
| | : | |
| v. | : | |
| | : | |
| BOOKING HOLDINGS INC., | : | |
| BOOKING.COM B.V., KAYAK SOFTWARE | : | |
| CORPORATION, PRICELINE.COM LLC, | : | |
| and AGODA COMPANY PTE. LTD., | : | |
| | : | |
| *Defendants.* | : | |

---

## CERTIFICATE OF SERVICE

I, R Touhey Myer, hereby certify that on October 6, 2023, a copy of the foregoing *Plaintiff,*

*Ryanair DAC's Fifth Supplemental and Amended Responses to Defendants' First Set of*

*Interrogatories* was caused to be served upon the following counsel of record via electronic mail:

Jeffrey L. Moyer
Tyler E. Cragg
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street, Suite 600
Wilmington, DE 19801
moyer@rlf.com
cragg@rlf.com

*Counsel for Defendants,*
*Booking Holdings Inc., Booking.com B.V.,*
*Kayak Software Corporation, Priceline.com*
*LLC, and Agoda Company Pte. Ltd.*

John H. Hemann
Kathleen Hartnett
Kristine Forderer
Darina Shtrakhman
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
jhemann@cooley.com
khartnett@cooley.com
kforderer@cooley.com
dshtrakhman@cooley.com

*Counsel for Defendants,*
*Booking Holdings Inc., Booking.com B.V.,*
*Kayak Software Corporation, Priceline.com*
*LLC, and Agoda Company Pte. Ltd.*

Jessie Simpson LaGoy
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
jsimpsonlagoy@cooley.com

*Counsel for Defendants,
Booking Holdings Inc., Booking.com B.V.,
Kayak Software Corporation, Priceline.com
LLC, and Agoda Company Pte. Ltd.*

Alexander J. Kasner
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, D.C.  20004
akasner@cooley.com

*Counsel for Defendants,
Booking Holdings Inc., Booking.com B.V.,
Kayak Software Corporation, Priceline.com
LLC, and Agoda Company Pte. Ltd.*

Dated: October 6, 2023

**KRATZ & BARRY LLP**

*/s/ R Touhey Myer*
R Touhey Myer (#5939)
800 N. West Street
Wilmington, DE 19801
(302) 527-9378
tmyer@kratzandbarry.com

*Of Counsel:*

*Attorneys for Plaintiff/
Counterclaim Defendant, Ryanair DAC*

**HOLLAND & KNIGHT LLP**
R. David Donoghue *(pro hac vice)*
Anthony J. Fuga *(pro hac vice)*
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600
david.donoghue@hklaw.com
anthony.fuga@hklaw.com

Cynthia A. Gierhart *(pro hac vice)*
800 17th Street NW, Suite 1100
Washington, DC 20011
(202) 569-5416
cindy.gierhart@hklaw.com

William Howard Oliver, III *(pro hac vice)*
10 St. James Avenue, 11th Floor
Boston, MA 02116
(617) 573-5863
william.oliver@hklaw.com

Ji Mao *(pro hac vice)*
31 West 52nd Street, 12th Floor
New York, NY 10019
(212) 513-3200
ji.mao@hklaw.com