## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RYANAIR DAC,<br><br>             Plaintiff,<br><br>     v.<br><br>BOOKING HOLDINGS INC.,<br>BOOKING.COM B.V., KAYAK<br>SOFTWARE CORPORATION,<br>PRICELINE.COM LLC, and AGODA<br>COMPANY PTE. LTD,<br><br>             Defendants. | C.A. No. 20-01191-WCB<br><br>**PUBLIC REDACTED VERSION** |

### DEFENDANTS' REPLY LETTER TO THE HONORABLE WILLIAM C. BRYSON REGARDING DEPOSITION DISCOVERY DISPUTE

OF COUNSEL:

John H. Hemann
Kathleen Hartnett
Kristine Forderer
Alexander J. Kasner
Jessie Simpson LaGoy
COOLEY LLP
3 Embarcadero Center, 20th Fl.
San Francisco, CA 94111
(415) 693-2200
jhemann@cooley.com
khartnett@cooley.com
kforderer@cooley.com
akasner@cooley.com
jsimpsonlagoy@cooley.com

Dated: December 8, 2023

Jeffrey L. Moyer (#3309)
Alexandra M. Ewing (#6407)
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
moyer@rlf.com
ewing@rlf.com

*Attorneys for Defendants*

Dear Judge Bryson,

There is no prejudice or undue burden on Ryanair from Defendants' request to take limited depositions regarding an alleged "bot attack" that was not disclosed until the end of discovery. Contrary to the claims in the opposition, (1) the alleged Monex attack *is* a new theory of harm, (2) Defendants do not seek to depose Ryanair's Chief Technology Officer, and (3) Defendants have not asked to delay the deadline for summary judgment.  It would be unjust for Ryanair to selectively disclose and then rely on Monex for summary judgment, without any opportunity for Defendants to test the theory and discover additional facts.

*The Monex Attack is New Information.*  Ryanair admits that the Monex incident occurred shortly before the close of discovery and thus could not have been disclosed earlier. . Now, for the first time, Ryanair claims that Booking.com is "in part" responsible for what it calls a "malicious attack" on its payment processor.  Although there is absolutely no evidence that Booking.com accesses the Ryanair website or directs any third party to do so, much less that it directed a bot attack, if Ryanair is going to claim that Booking.com is liable for this new incident because flights booked on its behalf were involved, Booking.com is entitled to test that claim.

*Booking.com Has Not Asked to Depose Ryanair's CTO.*  A large portion of Ryanair's opposition is devoted to apex-deposition type arguments that it is unduly burdensome for Ryanair's CTO, John Hurley, to be deposed again.  To be clear, Defendants have not asked to depose Mr. Hurley. Ryanair has previously chosen him as its own 30(b)(6) designee.  Here, Mr. Hurley is likely not even the right designee, because he is not authorized to see the PNR codes.  *See* D.I. 192.

*No Delay*.  Ryanair also claims, without basis, that Defendants have sought to improperly delay the case schedule in order to complete the requested depositions.  Quite the opposite—the Parties agreed on a short, nine day extension to the existing schedule so that *Ryanair* would have time to supplement its discovery responses.  D.I. 311; 313.  Defendants have proposed taking the requested depositions in an extraordinarily expedited fashion to *avoid* any further delay and have not asked for any additional time in the schedule.  Moreover, Defendants have been asking for a deposition on Monex *since October 6* and would gladly have taken it at that time.[1]

Booking.com should not be forced to defend itself against Ryanair's baseless but serious accusations without any opportunity to challenge them in deposition.  Defendants respectfully ask the Court to grant their motion and allow Defendants to take limited additional depositions on the subject of the alleged "attack" on Ryanair's payment processor.

---

[1] The error in Booking.com's initial production of PNR codes is irrelevant, and Ryanair is taking advantage of it in an attempt to avoid a deposition on their new theory.  While it is true that Booking.com, in good faith, initially produced the wrong PNR codes, that mistake was corrected, and Booking.com allowed Ryanair to supplement its discovery and expert reports as a result.  The Monex-related PNR codes were not implicated in the error, because they were part of a supplemental production that Ryanair did not request until November 1, 2023.

Respectfully,

*/s/ Jeffrey L. Moyer*

Jeffrey L. Moyer (#3309)

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2023, a true and correct copy of the foregoing document was caused to be served on the following counsel of record in the manner indicated.

| **BY ELECTRONIC MAIL** | **BY ELECTRONIC MAIL** |
|---|---|
| R. Touhey Myer | R. David Donoghue |
| Kratz & Barry LLP | Anthony J. Fuga |
| 800 N. West Street | HOLLAND & KNIGHT LLP |
| Wilmington, Delaware 19801 | 150 N Riverside Plaza, Suite 2700 |
| (302) 527-9378 | Chicago, IL 60606 |
| tmyer@kratzandbarry.com | (312) 263-3600 |
| | david.donoghue@hklaw.com |
| | anthony.fuga@hklaw.com |

                                              */s/ Alexandra M. Ewing*
                                              Alexandra M. Ewing (#6407)