# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RYANAIR DAC, | : |
| | : |
| *Plaintiff/* | : C.A. No. 1:20-cv-01191-WCB |
| *Counterclaim Defendant,* | : |
| | : |
| v. | : |
| | : |
| BOOKING HOLDINGS INC., | : |
| BOOKING.COM B.V., KAYAK SOFTWARE | : |
| CORPORATION, PRICELINE.COM LLC, | : |
| and AGODA COMPANY PTE. LTD., | : |
| | : |
| *Defendants,* | : |
| | : |
| BOOKING.COM B.V.., | : **PUBLIC VERSION -** |
| | : **CONFIDENTIAL MATERIAL OMITTED** |
| *Counterclaim Plaintiff.* | : |

## [PROPOSED] ORDER GRANTING PLAINTIFF RYANAIR DAC'S MOTION FOR SUMMARY JUDGMENT AND TO PRECLUDE EXPERT TESTIMONY OF TIMOTHY JAMES O'NEIL-DUNNE, JORDAN RAE KELLY, AND BASIL IMBURGIA

Upon the Motion for Summary Judgment (the "Motion") filed by Plaintiff, Ryanair DAC (herein, "Ryanair"); and the Court having reviewed the Motion; and the Court having jurisdiction over this matter; and the Court having determined that the legal and factual bases set forth in the Motion establish sufficient cause for the relief requested therein; and after due deliberation thereon; and sufficient cause appearing therefore;

It is hereby ORDERED that:

1. Ryanair has an express right of action against Defendant Booking.com B.V. ("Booking") and Defendant Kayak Software Corporation ("Kayak") under the CFAA because Ryanair has suffered at least ▇▇▇▇▇▇▇ in losses in a one-year

|     | period due to Defendant Booking and at least ▇▇▇▇▇ in losses in a one-year period due to Defendant Kayak. 18 U.S.C. § 1030(g). |
|-----|---|
| 2.  | Booking and Kayak violate § 1030(a)(2)(C) of the CFAA by accessing, whether directly or indirectly, the Ryanair Website without authorization. Booking and Kayak admit that their access was intentional, and there are no factual disputes that Booking's and Kayak's access circumvents authentication mechanisms implemented by Ryanair specifically to keep Defendants out. |
| 3.  | Booking and Kayak are liable under CFAA § 1030(a)(5)(C) because they have caused damage by at least impairing the integrity of Ryanair's data and rendering Ryanair's payment processing systems inoperable. |
| 4.  | Defendant Booking cannot prove any of its Counterclaims. The first and second counterclaims fail because (i) Ryanair did not act wrongfully and is allowed to protect its business interests lawfully; (ii) Booking cannot prove it suffered damage as a proximate result of Ryanair's actions; and (iii) Booking cannot prove that Ryanair knowingly interfered in Booking's business. |
| 5.  | Booking's other counterclaims fail because Ryanair's statements to customers are true. |
| 6.  | Booking's trade libel claim also fails because Booking has failed to provide any evidence that it suffered special damages, and it cannot prove actual malice. |
| 7.  | For the reasons stated in Ryanair's Brief in Support of its Motion, O'Neil-Dunne's expert report and testimony are excluded. |
| 8.  | For the reasons stated in Ryanair's Brief in Support of its Motion, Kelly's expert report and testimony are excluded. |

9. For the reasons stated in Ryanair's Brief in Support of its Motion, Imburgia's expert report and testimony are excluded.

Summary Judgment on the issues referenced above is AWARDED in favor of Ryanair DAC and against Booking as to the Counterclaims; the Court GRANTS Ryanair DAC's Daubert motion; and the Court DISMISSES Booking's Counterclaims with prejudice.

Dated: _____  _____
The Honorable William C. Bryson
Judge, U.S. Federal Circuit Court of Appeals