IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RYANAIR DAC,<br><br>                Plaintiff,<br><br>        v.<br><br>BOOKING HOLDINGS INC.,<br>BOOKING.COM B.V., KAYAK SOFTWARE<br>CORPORATION, PRICELINE.COM LLC,<br>and AGODA COMPANY PTE. LTD,<br><br>                Defendants. | C.A. No. 20-01191-WCB<br><br>**PUBLIC REDACTED VERSION** |

**DECLARATION OF MARCOS GUERRERO IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

OF COUNSEL:

John H. Hemann
Kathleen Hartnett
Kristine Forderer
Alexander J. Kasner
Jessie Simpson LaGoy
Hannah Pollack
COOLEY LLP
3 Embarcadero Center, 20th Fl.
San Francisco, CA 94111
(415) 693-2200
jhemann@cooley.com
khartnett@cooley.com
kforderer@cooley.com
akasner@cooley.com
jsimpsonlagoy@cooley.com
hpollack@cooley.com

Dated: December 20, 2023

Jeffrey L. Moyer (#3309)
Alexandra M. Ewing (#6407)
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
moyer@rlf.com
ewing@rlf.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RYANAIR DAC,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>BOOKING HOLDINGS INC., BOOKING.COM B.V., KAYAK SOFTWARE CORPORATION, PRICELINE.COM LLC, and AGODA COMPANY PTE. LTD,<br><br>　　　　　Defendants. | C.A. No. 20-01191-WCB<br><br>**PUBLIC REDACTED VERSION** |

**DECLARATION OF MARCOS GUERRERO IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

I, Marcos Guerrero, pursuant to 28 U.S.C. § 1746 hereby declare as follows:

1. I am over eighteen (18) years of age, of sound mind, and otherwise competent to make this Declaration. I am the Senior Director of Flights at Booking.com B.V. ("Booking.com"). I have served in this role since July 2019. As a result, I have personal knowledge of the statements set forth in this declaration or I have learned the information provided herein from Booking.com data sources and knowledgeable Booking.com employees. I sat for a deposition in the above-captioned matter on August 10, 2023. If called as a witness, I could and would testify competently to the matters set forth herein.

2. In my role as Senior Director, Flights, I oversee and am in charge of the flights business at Booking.com.

3. Booking.com began selling flights through its website in 2019. Since it began offering flights in 2019 through the present, Booking.com has contracted with a third-party vendor,

Etraveli Group AB ("Etraveli"), to facilitate the booking of airline tickets. Etraveli has its own travel brands and provides other third parties with its services, not just Booking.com.

4.  Etraveli operates independently from Booking.com. It has an existing inventory of airlines, including Ryanair, which are made available on Booking.com's platforms. When Booking.com began selling flights in 2019, Etraveli was already offering Ryanair flights as part of its inventory. Booking.com did not tell Etraveli that it should offer Ryanair flights in connection with its contract with Booking.com.

5.  Booking.com does not source flight information or book flights directly from any airline and does not access the Ryanair website to book flights or obtain flight information for customers. Instead, █████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ █████████████████████████████████████████████.

6.  The available flights the customer sees on Booking.com depend on what flights Etraveli has available for the route the customer selects. Generally, if Etraveli has Ryanair available for a given route, the customer will see Ryanair on Booking.com, along with other airlines servicing the route. And, if Etraveli does not have Ryanair available for a given route, Booking.com will not be able to offer the Ryanair flight on its platform.

7.  If the customer selects a Ryanair flight on Booking.com's platform, they will be prompted to enter their personal information (including their name, email address, and flight preferences). ███████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ██████████████████████████████████.

8. Booking.com does not control, direct, or know how Etraveli or any of Etraveli's subsidiaries, sub-vendors, or partners source their flight inventory, with respect to Ryanair or otherwise. Similarly, Booking.com has no control, direction, or involvement in Etraveli's decision about what airline inventory Etraveli makes available to Booking.com. Booking.com also does not control, direct, or know the details of how Etraveli or any of its subsidiaries, sub-vendors, or partners book Ryanair flights.

9. Booking.com does not provide any information about its customers (including name and email) to Ryanair directly. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Booking.com does not direct or participate in the ultimate provision of information to Ryanair in connection with any booking. Booking.com does not know what information is provided to the airline when Etraveli or any of its subsidiaries, sub-vendors, or partners make Ryanair bookings.

10. I have not been permitted to review Ryanair's discovery responses relevant to a so-called "▆▆▆▆ attack," but from public information on the case docket, I generally understand that Ryanair has accused Booking.com of involvement in an attack on its website involving ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆.

11. I believe these accusations to be categorically false. I have no knowledge of any such attack nor had I ever heard of such an attack taking place, until I learned of the allegations at a very high level in connection with the litigation in December 2023.

12. Booking.com gets all flight content from Etraveli and Etraveli books all flights for Booking.com customers through its contractual agreement with Booking.com. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

13. Neither myself, nor to my knowledge, anyone at Booking.com (including anyone on my team), directed, encouraged, or discussed with any third party (including but not limited to Etraveli) that they should engage in any form of cyber or bot attack involving ▮▮▮ and/or on Ryanair's website. In addition, neither I, nor to my knowledge, anyone at Booking.com (including anyone on my team) directly engaged in any form of cyber or bot attack involving ▮▮▮ and/or Ryanair's website.

14. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December **19**, 2023.

_____
Marcos Guerrero

4

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2023, a true and correct copy of the foregoing document was caused to be served on the following counsel of record in the manner indicated.

**BY ELECTRONIC MAIL**
R. Touhey Myer
Kratz & Barry LLP
800 N. West Street
Wilmington, Delaware 19801
(302) 527-9378
tmyer@kratzandbarry.com

**BY ELECTRONIC MAIL**
R. David Donoghue
Anthony J. Fuga
HOLLAND & KNIGHT LLP
150 N Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600
david.donoghue@hklaw.com
anthony.fuga@hklaw.com

 */s/ Jeffrey L. Moyer*
Jeffrey L. Moyer (#3309)