IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RYANAIR DAC, | § § § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | Civil Action No. 20-1191-WCB |
| BOOKING HOLDINGS INC., BOOKING.COM B.V., KAYAK SOFTWARE CORPORATION, PRICELINE.COM LLC, and AGODA COMPANY PTE. LTD., | | |
| *Defendants*. | | |

## THIRD REVISED SCHEDULING ORDER

This order supplements the previous scheduling orders in this case, Dkt. Nos. 46, 56, 117, and addresses the admission of exhibits and deposition designations at trial. With respect to the exhibits and deposition designations the parties intend to offer at trial, the court will endeavor to resolve most, if not all, questions of admissibility in advance of the trial.

It is a common practice for parties in complex civil cases to include in the proposed joint pretrial order a huge number of exhibits and for each party to object to a large percentage of the opposing party's exhibits. The same is frequently true with regard to deposition designations, cross-designations, and objections. Although that practice has become commonplace, it is entirely counterproductive and will not be tolerated in this case. While counsel may prefer to keep their options open with regard to their trial exhibits and objections to the opposing party's exhibits, the failure to refine exhibits, deposition designations, and objections prior to trial creates significant additional work for the parties and for the court. It also results in requiring decisions regarding admissibility to be made immediately before or during trial when such decisions must be made quickly and when arguments over admissibility consume valuable trial time. Accordingly, issues of

admissibility of exhibits and deposition designations in this case will be handled in the following manner:

1.  In their proposals relating to the preparation of the joint pretrial order and in the meet and confer on the joint pretrial order, each party is directed to include only those exhibits it believes it will actually offer at trial; each party is also directed to reduce the number of its objections to those it seriously intends to press at trial.  The parties are also directed to include only those deposition designations and counter-designations that they expect to use at trial and to limit their objections to such designations to those it seriously intends to press at trial.

2.  In the course of the meet and confer between the parties, I expect the parties to resolve most, if not all, of the objections to exhibits and deposition designations.  Following their meet and confer, if the parties have not resolved all of their disputes as to exhibits and the deposition designations, they will submit to the court electronic copies of those exhibits and deposition designations remaining in dispute, together with the objections to each of them.  Any such submission will be made by June 10, 2024, at 5 p.m., Eastern Time.

3.  If the parties have failed to resolve all of their disputes, I will hold a conference with counsel well in advance of trial at which I will rule, to the extent possible, on all objections to contested exhibits and deposition designations.

4.  In the event that there are more than 25 remaining disputes over the admissibility of the trial exhibits and deposition designations at that point, the conference with counsel will be held off-the-record and in person in my chambers in Washington, D.C.  Lead trial counsel for each party will be required to attend.  Delaware counsel will not be required to attend.  The purpose of the meeting will be to resolve the admissibility of the remaining disputed exhibits and deposition designations prior to trial.  The meeting will continue for as long as it takes to resolve those disputes.  Following

the conference, I will enter an order indicating which exhibits and deposition designations have been pre-qualified for admission at trial.

5. In the event that there are 25 or fewer remaining disputes over the admissibility of the trial exhibits and deposition designations after the parties meet and confer on the admissibility of the exhibits, I will conduct the June 17, 2024, conference by Zoom. Following the conference, I will enter an order indicating which exhibits and deposition designations have been pre-qualified for admission at trial.

6. Exhibits and deposition designations that have been pre-qualified for admission may be offered and will be admitted at trial; objections may be made for the record at that time.

7. I expect the parties to act in good faith in making this process work. If I conclude that either party is uncooperative in submitting a realistic proposed exhibit list, I will impose a limit on the number of exhibits that party may admit at trial.

8. I anticipate that orders addressing the outstanding pretrial motions will be issued well in advance of the dates set forth below.

With these procedures in mind, the following schedule for pretrial exchanges is adopted:

| Pretrial Item | Date |
| --- | --- |
| Parties exchange exhibit lists and Deposition Designations for witnesses to be called by deposition and exhibit lists. | June 3, 2024 |
| Parties provide the court with a list of remaining disputes over the admissibility of trial exhibits and deposition designations and the electronic copies of those exhibits and deposition designations, after meeting and conferring to reduce the number of disputes. | June 10, 2024 |
| Court conducts an Off-the-record meeting (in chambers if there are more than 25 | June 17, 2024 |

| | |
|---|---|
| remaining disputes over admissibility of trial exhibits and deposition designations; otherwise by Zoom) | |
| Final Pretrial Conference | June 20, 2024, at 2 p.m. Eastern Time |
| Trial | July 15 – July 19, 2024 |

IT IS SO ORDERED.

SIGNED this 15th day of May, 2024.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE