IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RYANAIR DAC,<br><br>   *Plaintiff*,<br><br>v.<br><br>BOOKING HOLDINGS INC.,<br>BOOKING.COM B.V., KAYAK<br>SOFTWARE CORPORATION,<br>PRICELINE.COM LLC, and AGODA<br>COMPANY PTE. LTD.,<br><br>   *Defendants*. | § § § § § § § § § § § § § §<br><br>Civil Action No. 20-1191-WCB |

**ORDER ON DISPUTED EXHIBITS AND DEPOSITION DESIGNATIONS**

Pursuant to the Third Revised Scheduling Order, Dkt. No. 393, the parties submitted a list of deposition designations and trial exhibits to the court, indicating any objections to the admissibility of those deposition designations and trial exhibits. Dkt. No. 407 Exhs. 8B, 9B, 10B, 11B. The parties further narrowed the disputes in a letter to the court, Dkt. No. 413, prior to a Zoom conference on July 5, 2024. During that conference, the defendants additionally withdrew their objections to the admissibility of PTX 11 and the related deposition designations of Anne Hosseau at 56:5–61:20.

The court ruled on several of the objections during the conference. Those rulings are memorialized here as follows:

1. The defendants objected to PTX 24 on the ground of relevance. That objection is overruled.

2. The defendants objected to PTX 39 on the grounds of relevance and hearsay and that the exhibit is argumentative and lacks a sponsoring witness. Those objections are overruled.

3. The defendants objected to PTX 82–84 on the grounds of relevance and that the exhibits are argumentative. The parties agreed at the conference that the exhibits, all of which are blog posts by Timothy O'Neil-Dunne, can be used for impeachment if and when Mr. O'Neil-Dunne testifies. The court finds Timothy O'Neil-Dunne's blog posts are not independently admissible but withholds a further ruling on admissibility pending Mr. O'Neil-Dunne's trial testimony.

4. The defendants objected to designations from Michael O'Leary's deposition at 73:2–24 and 75:8–76:13 on the grounds of hearsay and that the testimony was speculative. Those objections are overruled.

5. Ryanair objected to DTX 204 on the grounds of relevance and prejudice. Those objections are overruled.

6. Ryanair objected to DTX 270–273 on the ground of relevance. That objection is overruled. The court finds the emails related to Iain Lopata's Test B sufficiently relevant to claims in the case such that the emails are independently admissible.

7. Ryanair objected to DTX 274, 262, and 269 on the grounds of relevance and prejudice. Ryanair objected to DTX 245 on the grounds of relevance and cumulativeness. These objections are overruled. The court finds that even if the Ryanair emails referenced in DTX 245, 262, 269, and 274, which were sent after Booking.com filed its counterclaims, have slightly different language than the Ryanair emails presented in the counterclaims, that difference goes to weight not to relevance.

8. Ryanair objected to designations from Aine Murphy's deposition at 83:8–83:19, 83:23–84:16, and 85:3–23 on the ground of relevance. Those objections are overruled.

9. Ryanair objected to designations from Michael O'Leary's deposition at 87:21–88:18,

88:19–88:20, 88:22–89:3, 89:5, 89:7–89:14, 89:16–89:24, 90:1, 92:17–92:18, and 92:20 on the grounds of relevance, lack of foundation, and prejudice, and as potentially misleading or mischaracterizing prior testimony. Those objections are overruled.

The court withheld its rulings on several objections for further consideration after the conference. The court now rules on the additional exhibits as follows:

1. Ryanair objected to DTX 229 and 231 on the grounds of hearsay and that there is no sponsoring witness or personal knowledge. The objections are overruled. The court finds the emails and attachments are party opponent statements and that the authentication issues are resolved by Rule 901(b)(4). The plaintiff objected to the related designations of Aine Murphy's deposition at 164:8–166:15 and 168:8–169:15 on the grounds of hearsay, that there is no personal knowledge and that the testimony calls for speculation. Those objections are overruled.

2. Ryanair objected to DTX 230, 233, and 246 on the grounds of relevance and prejudice. These disputes are additionally addressed by the plaintiff's fourth motion in limine. The objections are overruled and the motion in limine was denied in the pretrial conference.

3. Ryanair objected to DTX 276–410 on the grounds of relevance, hearsay, prejudice, authenticity, the lack of a sponsoring witness, duplicative evidence, the incompleteness of the document, and the lack of personal knowledge. The defendants agreed to limit the set of customer complaints it intended to introduce, mooting the objection for duplicative evidence. The hearsay objection is overruled because the customer service records themselves are business records and the customer complaints within them are offered for state of mind. The remaining objections are also overruled.

For any exhibit or deposition designation on which all objections are overruled, the exhibit

3

or deposition designation is deemed admissible but is not admitted. The parties must move for admission at trial.

\* \* \* \* \*

The admissibility disputes relating to the following exhibits and groups of exhibits have not been ruled on:

1. PTX 16
2. PTX 14-15
3. PTX 87[1]
4. PTX 93, 94, 100, 101, and 102
5. PTX 1, 2, 161, 162, and 163

Rulings on these exhibits will be made at trial.

IT IS SO ORDERED.

SIGNED this 9th day of July, 2024.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE

---

[1] Ryanair withdrew related exhibit PTX 54 during the July 5, 2024, conference and related exhibits PTX 134 and 135 during the pretrial conference on July 8, 2024.