**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RYANAIR DAC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 20-1191-WCB |
| | § | |
| BOOKING.COM B.V., | § | |
| | § | |
| *Defendant, Counterclaim Plaintiff.* | § | |
| | § | |
| | § | |
| | § | |
| | § | |

<u>**PRELIMINARY JURY INSTRUCTIONS**</u>

Members of the jury, now that you have been sworn in as jurors, we are ready to begin the trial in this case.

In this case, Ryanair claims that the defendant Booking.com has violated a law known as the Computer Fraud and Abuse Act by using third parties to intentionally access Ryanair's protected computers without authorization and caused Damage and/or Loss and defrauded Ryanair as a result; Booking.com denies those claims.  Booking.com also has brought its own claims, known as counterclaims, against Ryanair, contending that Ryanair has engaged in defamation, unfair competition, tortious interference, violation of the Delaware Deceptive Trade Practices Act, and trade libel because of statements made to Booking.com's customers. Ryanair denies Booking.com's claims.

Your role in this trial will be to find from the evidence what the facts are. You will then apply those facts to the law as I give it to you, and you will be responsible for reaching a verdict. My role is not to suggest to you what that verdict should be, but simply to rule on disputes between the parties that arise in the course of the trial, and to instruct you on the legal principles that you are to apply. Nothing I say or do is intended to indicate, or should be taken by you as indicating what your verdict should be. I may ask questions of the witnesses from time to time, but when I do so it will be only to clarify points in a way that I think may be helpful to you; it is not an indication that I have a view one way or another as to any witness's testimony or more generally how the case should come out.

The evidence from which you will find the facts includes the testimony of witnesses in response to questions asked by the attorneys. The evidence also includes documents and other things received into the record as exhibits and any facts that the lawyers agree to. But certain other things are not evidence. Statements and arguments by the lawyers, for example, are not evidence but are merely intended to guide your consideration of the evidence. At various points, the lawyers may raise

objections to certain questions that are asked, and I will rule on those objections. Those objections and my rulings on them are not evidence, and you should not be influenced by any objection or my ruling on it. And if I tell you to disregard a particular question or answer that comes up during the trial, you must do so. Finally, anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case based solely on the evidence presented here in the courtroom.

You are the sole judges of each witness's credibility. You should consider each witness's knowledge and memory, whether the witness's testimony is consistent or has been contradicted, whether the witness has any bias in favor of one side, the witness's manner on the witness stand, and any other circumstance that you would consider in gauging a person's credibility in everyday life. You are not required to believe any witness if you do not find their testimony believable.

Much of the evidence you will hear will be in the form of testimony from live witnesses through direct examination by one side and cross-examination by the other. But you will also hear some evidence that will be presented through what we call deposition testimony. A deposition is the sworn, recorded testimony of a witness that is taken in advance of trial, typically when a witness is not available to testify in person at the trial. You should judge deposition testimony in the same way that you judge live testimony. Do not place any significance on the quality of the recording or the setting the witness is in, or whether the deposition was taken remotely or in person.

You will also hear testimony from witnesses referred to as expert witnesses. When knowledge of technical subject matter may be helpful to a jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. That person is referred to as an expert witness. But you're not required to accept that opinion simply because it comes from an expert. As in the case of every other witness, it is up to you to decide whether to rely on it.

Now let me talk a bit about burdens of proof. We use the word "burden" because the person that has the burden of proof on a particular issue is the party that must persuade you with respect to that issue. If at the end of the trial you're not persuaded by the party that has the burden on a particular issue, then that party loses on that issue.

Ryanair has the burden of proving its claims under the Computer Fraud and Abuse Act, and Booking.com has the burden of proving its counterclaims. In both instances, the party making the claim must prove its case by what is called the preponderance of the evidence. That means that the party with the burden of proof has to produce evidence which, considered in the light of all the facts, leads you to believe that what that party alleges is more likely true than not.

Those of you who may be familiar with the burden of proof in criminal cases will have heard of the burden of proof beyond a reasonable doubt, which is a very high burden. That burden does not apply to a civil case such as this one, so you should put that burden of proof out of your mind.

In this case, you will be asked to decide several things according to the legal instructions I will give you at the end of the trial. Those instructions will cover some of the same ground that I have discussed today, only in more detail. You will be required to decide several things. With respect to Ryanair's claims under the Computer Fraud and Abuse Act, you must decide:

1.      Whether Booking.com directed, encouraged, or induced a third party to access a Ryanair computer without authorization and, as a result, recklessly caused damage (as I will define it) or caused both damage and loss (as I will define them).

2.      Whether Booking.com knowingly and with the intent to defraud, directed, encouraged, or induced a third party to access Ryanair's computers without authorization, and by means of such conduct, furthered the intended fraud and obtained something of value for Booking.com.

3.      Whether Booking.com conspired with third parties to commit a violation of the Computer Fraud and Abuse Act.

With respect to Booking.com's counterclaims you must decide:

1.      Whether Ryanair published false statements of fact about Booking.com that caused harm to Booking.com's reputation, constituting defamation.

2.      Whether Ryanair harmed Booking.com's commercial relations by competing with it unfairly or otherwise unlawfully.

3.      Whether Ryanair intentionally interfered with Booking.com's prospective business relationships by wrongful means so as to cause actual damage to Booking.com.

4.      Whether Ryanair violated the Deceptive Trade Practices Act, by disparaging the goods, services or business of Booking.com through false or misleading representations of fact.

5.      Whether Ryanair knowingly or with reckless disregard for the truth made a false statement disparaging Booking.com's goods or services that it intended to and did result in economic loss to Booking.com.

Now let me say a few words about your conduct as jurors:

First, during the trial you may find that people want to talk to you about the case. This is very natural and quite common. You go home, someone says, "What is the case about?" As much as you might want to talk about the case, you need to tell that person that you cannot discuss it until it's over. You can tell them that you were selected for a jury in a civil case—that it's not a criminal case—but that is as much as you should say. The reason is that if you start down the road of talking about the case, you never know what will happen.

You might talk to someone who says, "Oh, yes, I sat on a case like that, and here's what happened," and suddenly you have outside information coming in and influencing the way you

look at this case. We don't want that. So if anyone starts to talk to you about the case, just tell them politely that you can't discuss it until it's over.

If a lawyer or other member of one of the trial teams should encounter you in the hall or in the elevator, they will not speak with you. That's not because they are unfriendly; it's because they are not supposed to talk with you during the trial. If anyone does try to talk to you about the case, please bring it to the attention of Mr. Banenas or me. After you have returned a verdict and the case is at its end you will be free to discuss the case with others, or not to discuss it, as you choose. That's your decision.

I know that many of you probably use cell phones, tablets, email, the Internet, and other technology to communicate. You must not use those tools to communicate with anyone else about the case. That includes your family and friends.

Second, do not read or listen to anything related to this case in any way. By that I mean that if there is a newspaper article or Internet post or social media post or radio or television report about the case, do not read the article or watch or listen to the report.

Third, do not do any research or investigation about the case on your own. That is, you must not look up any individuals or companies involved in the case, or consult dictionaries or reference materials, including the Internet, with regard to the case. It is important that you decide this case based solely on the evidence presented in this courtroom.

Finally, do not make up your mind about the case until you have heard all the evidence. Keep an open mind until you start your deliberations with your fellow jurors. It is best not to talk among yourselves about the merits of the case before all the evidence is in and you have heard the arguments of the lawyers, because sometimes something that looks clear to you at the beginning may look very different after you have heard all the evidence and the arguments from both sides.

All of you will be given notebooks containing some helpful information. The notebooks will also contain blank pages on which you can keep notes if you choose to do so. During the trial, you can use the notebook to take notes about testimony or other aspects of the trial, but you are not required to. And I would caution you that taking notes is not for everybody. Some people find that taking notes is helpful to them, and others find that it interferes with their ability to concentrate on what is being said. Do what works for you. Whether or not you use the notebooks for keeping notes, you should leave the notebooks in the jury room at the end of each day.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing by having conferences here at the bench. If that happens, please be patient. We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility to be sure that evidence is presented to you consistent with the rules of evidence. We will do our best to keep these conferences to a minimum and keep them short. If you would like to stand or stretch or walk around the jury box during any of those conferences, you should feel free to do so.

Now let me give you an idea of what the sequence of events will be in this trial. After I finish these preliminary remarks, the lawyers for each side will make what are called opening statements. These will be brief statements that are not evidence in the case, but will give you a sort of roadmap for the case, as the lawyers tell you what they expect the evidence in the case to show.

Next, the evidence will be presented to you through calling and questioning of witnesses, along with the introduction of exhibits. After each witness testifies for one party, the other party's attorney will be allowed to cross-examine the witness. Ryanair will go first. Then, when Ryanair has presented its evidence regarding its CFAA claims, Booking.com will present its evidence that it has not violated the CFAA, and Booking.com will also present the evidence regarding its claims.

After that, Ryanair will be given an opportunity to introduce rebuttal evidence on its CFAA claims and evidence responding to Booking.com's claims. And finally, Booking.com will be given the opportunity to introduce rebuttal evidence in support of its claims.

At that point, the evidence will be complete, and I will give you detailed instructions as to the legal principles you are to apply during your deliberations. Following those instructions, the parties will present their final arguments to you.

You will then be ready to retire to the jury room to begin your deliberations. I will give you a few final instructions regarding how to conduct the deliberations. When you all agree on a verdict—and it has to be unanimous—you will return from the jury room and deliver your verdict. I have one final comment. As I indicated earlier, this case is expected to take five days to try. But there is a lot to cover in those five days, so if we are going to get through everything we have to cover, it is absolutely critical that we start on time each day. That means everyone needs to be in the jury room and ready to go at 9:00 a.m. Please make it a point to be on time each day. If anyone is late, the entire trial will be delayed, and as a result it is possible that we will not be able to finish within the five days we have set aside for the trial.

That is all I have for now. I will now turn things over to the attorneys for their opening statements.