**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

RYANAIR DAC,

*Plaintiff/*
*Counterclaim Defendant,*

v.

BOOKING HOLDINGS INC., BOOKING.COM B.V., KAYAK SOFTWARE CORPORATION, PRICELINE.COM LLC, and AGODA COMPANY PTE. LTD.,

*Defendants,*

BOOKING.COM B.V.,

*Counterclaim Plaintiff.*

C.A. No. 1:20-cv-01191-WCB

**PLAINTIFF RYANAIR DAC'S BRIEF IN SUPPORT OF**
**MOTION FOR JUDGMENT AS A MATTER OF LAW**

Dated: July 18, 2024

R Touhey Myer (#5939)
KRATZ & BARRY LLP
800 N. West Street
Wilmington, DE 19801
(302) 527-9378
tmyer@kratzandbarry.com

R. David Donoghue (*pro hac vice*)
Anthony J. Fuga (*pro hac vice*)
HOLLAND & KNIGHT LLP
150 N Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600
david.donoghue@hklaw.com
anthony.fuga@hklaw.com

Cynthia A. Gierhart (*pro hac vice*)
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, DC 20011
(202) 469-5416
cindy.gierhart@hklaw.com

Ji Mao (*pro hac vice*)
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
(212) 513-3420
ji.mao@hklaw.com

William H. Oliver III (*pro hac vice*)
HOLLAND & KNIGHT LLP
10 St. James Ave. 11th Floor
Boston, MA 02116
(617) 573-5863
william.oliver@hklaw.com

*Attorneys for Plaintiff/*
*Counterclaim Defendant Ryanair DAC*

**TABLE OF CONTENTS**


I. INTRODUCTION ....................1

II. LEGAL STANDARD ....................1

III. ARGUMENT ....................1

A. Monetary Damages: Tortious Interference and Unfair Competition ....................1

B. Booking.com's Statements at Issue in the Counterclaims ....................2

i. Booking.com's First Statement at Issue ....................2

ii. Booking.com's Second Statement at Issue ....................2

C. Defamation ....................3

D. Tortious Interference and Unfair Competition ....................4

E. Deceptive Trade Practice Act ....................5

F. Punitive Damages ....................6

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Accenture Glob. Servs. GMBH v. Guidewire Software Inc.*,
581 F. Supp. 2d 654 (D. Del. 2008)........................................................................1

*Agrofresh Inc. v. Essentive LLC*,
16-662-MN, D.I. 575 (D. Del. Oct. 11, 2019)..........................................................6

*CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc.*,
357 F.3d 375 (3d Cir. 2004)........................................................................................5

*Com. Nat. Ins. Servs., Inc. v. Buchler,*
120 F. App'x 414 (3d Cir. 2004)..............................................................................1, 5

*Cooper Distributing Co. v. Amana Refrigeration*,
63 F.3d 262 (3d Cir. 1995)..........................................................................................6

*Empire Fin. Servs., Inc. v. Bank of N.Y.* (Del.),
900 A.2d 92 (Del. 2006).............................................................................................4

*Ethypharm S.A. France v. Abbott Lab'ys*,
598 F. Supp. 2d 611 (D. Del. 2009)............................................................................4

*Express Mobile, Inc. v. GoDaddy.com, LLC*,
680 F. Supp. 3d 517 (D. Del. 2023)............................................................................1

*Grubbs v. Univ. of Del. Police Dep't*,
174 F. Supp. 3d 839 (D. Del. 2016).........................................................................3, 6

*Lipson v. Anesthesia Services, P.A.*,
790 A.2d 1261 (Del. Super. 2001)...........................................................................4, 5

*Preston Hollow Cap. LLC v. Nuveen LLC*,
No. N19C-10-107, 2022 WL 2276599, at *4 (Del. Super. Ct. June 14, 2022).................4

*Registered Agent Sols., Inc. v. Corp. Serv. Co.*,
No. 21- 786, 2022 WL 911253, at *6 (D. Del. Mar. 28, 2022).......................................5

*Riley v. Moyed*,
529 A.2d 248 (Del. 1987)...........................................................................................3

*Tygon Peak Cap. Mgmt., LLC v. Mobile Invs. Investco, LLC*,
No. CV 2019-0847, 2022 WL 34688, at *28 (Del. Ch. Jan. 4, 2022)..............................5

**Statutes**

6 Del C. § 2532(a)(8).....................................................................................................5
6 Del. C. § 2532(a)(8)....................................................................................................5
Uniform Deceptive Trade Practices Act (6 Del. C. § 2531 *et seq.*)....................................5

**Rules**

Fed. R. Civ. P. 50(a)......................................................................................................1
Fed. R. Civ. P. 50(a)(1)..................................................................................................1

## I. INTRODUCTION

Plaintiff Ryanair DAC ("Ryanair") hereby moves pursuant to Federal Rules of Civil Procedure 50(a)(1) judgment as a matter of law on all of Defendant Booking.com B.V.'s ("Booking.com") remaining claims in this action. Booking.com has been fully heard, presented its affirmative evidence and rested its case.

## II. LEGAL STANDARD

The Court may grant a Rule 50(a) motion if, "viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find" for the nonmovant." *Express Mobile, Inc. v. GoDaddy.com, LLC*, 680 F. Supp. 3d 517, 524 (D. Del. 2023). "The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party." *Id.*

## III. ARGUMENT

### A. Monetary Damages: Tortious Interference and Unfair Competition

Booking.com has said it will not seek compensatory damages, which defeats two of Booking.com's remaining counterclaims. Therefore, tortious interference and unfair competition claims should be dismissed, as there is no proof of monetary harm.

Tortious interference requires that defendant proximately caused "resulting damages." *Com. Nat. Ins. Servs., Inc. v. Buchler,* 120 F. App'x 414, 418–19 (3d Cir. 2004). Unfair competition claims typically rise and fall with tortious interference. *Accenture Glob. Servs. GMBH v. Guidewire Software Inc.*, 581 F. Supp. 2d 654, 666 (D. Del. 2008).

Even if Booking.com were allowed to proceed on the basis of its claim of harm (even if there is no claim of monetary damage), Booking.com still cannot prove harm, including injury to

its reputation. The testimony at trial suggests only that customers were upset to learn that Booking.com was not authorized to sell Ryanair flights. Or they were upset that Booking.com did not warn them about fees they would incur if they booked on Booking.com. Neither of those are Ryanair's fault. To the extent Booking.com's reputation was injured, it was its own doing.

### B. Booking.com's Statements at Issue in the Counterclaims

After the Court's summary judgment order Booking.com has only two statements at issue in its counterclaims. The Court held Booking.com's third statement from the summary judgment order substantially overlaps with the second statement and "cannot be treated as a separate defamatory statement." D.I. 399 at 58.

#### i. Booking.com's First Statement at Issue

Booking.com's first statement at issue is OTAs use screen scraper software. The Court has held the only portion of the statement still at issue for being false is whether Etraveli uses screen scraper software. D.I. 399 at 53. "It is no more damaging to say Booking.com uses third party vendors to screen scrape the Ryanair website than to say that Booking.com does the screen scraping itself." D.I. 399 at 55.

Booking.com's witness Mr. Guerrero confirmed the first part of the statement is true. He confirmed they knew Etraveli used scraped content for Ryanair. Trial Tr. vol. II, 448:21 - 449:12. Further, Mr. Guerrero confirmed it is not derogatory to say Etraveli scrapes content. Trial Tr. vol. II, 436:17 – 437:4.

#### ii. Booking.com's Second Statement at Issue

Booking.com's second statement at issue relates to screen scraper OTAs providing Ryanair with false customer details; and false payment and contact details. The Court has already held, if Etraveli is providing false customer details the statement would be substantially true. *See* D.I. 399 at 56 n.25.

Ryanair and its expert Iain Lopata has consistently testified that OTAs like Booking.com provide false customer details, such as customer credit cards and customer emails. For example, Mr. Lopata definitively testified that each of Booking.com's myRyanair email addresses were not the customer's email. *See e.g.,* Trial Tr. vol. II, 379:11 – 380:16.

Ryanair has testified that bookings through the Booking.com website provide incorrect email addresses. *See e.g.,* Trial Tr. vol. I, 224:3-15. Defendants could only refute this evidence by saying that it is another one of their vendors and not Booking.com specifically providing these bookings. Trial Tr. vol. II, 468:12 - 467:2.

Further, Mr. Guerrero testified the Booking.com *never* passes a customer's credit card details to Ryanair or any airline. Trial Tr. vol. II, 447:7 – 448:3, 489:23 – 490:15.

**C. Defamation**

Under Delaware law for defamation a plaintiff must show "(1) the defamatory character of the communication; (2) publication; (3) that the communication' refers to the plaintiff; (4) a third party's understanding of the communication's defamatory character; and (5) injury." D.I. 399 at 57 n.26 (citing *Grubbs v. Univ. of Del. Police Dep't*, 174 F. Supp. 3d 839, 861 (D. Del. 2016)).

As explained above, no reasonable jury would understand the defamatory character of the first statement at issue because Mr. Guerrero explained the statement is "not derogatory" or "actually bad." Trial Tr. vol. II, 436:25 – 437:4.

The second statement at issue does not have a defamatory character either because no reasonable juror would understand this more than a statement of fact. "Truth is an absolute defense" to defamation. *Grubbs*, 174 F. Supp. 3d at 861. "If the alleged libel no more damaging to the plaintiff's reputation in the mind of the average reader than a truthful statement would have been, then the statement is substantially true." *Riley v. Moyed*, 529 A.2d 248, 253 (Del. 1987); *see*

*also* D.I. 399 at 55. Testimony is clear that Ryanair does not receive a customer's payment details when a Ryanair flight is booked through Booking.com. *See e.g.*, Trial Tr. vol. I, 224:3-15.

In showing damages for defamation, harm to reputation is not presumed. D.I. 399 at 73. A plaintiff must show that injury to reputation occurred. *Id.* (citing *Preston Hollow Cap. LLC v. Nuveen LLC*, No. N19C-10-107, 2022 WL 2276599, at *4 (Del. Super. Ct. June 14, 2022)). Booking.com has failed to prove harm to Booking.com's reputation for any of the statements. The customer complaints were not tied to the statements at issue and the customer complaints showed that the harm to Booking.com's reputation, if any, was caused by Booking.com, not Ryanair. *See e.g.,* Trial Tr. vol. III, 588:10 – 589:8.

**D. Tortious Interference and Unfair Competition**

Tortious interference with prospective business relations requires "(1) a reasonable probability of a business opportunity; (2) intentional interference by the defendant with that opportunity; (3) proximate causation; and (4) damages." D.I. 399 at 61 (citing *Empire Fin. Servs., Inc. v. Bank of N.Y.* (Del.), 900 A.2d 92, 98 n.19 (Del. 2006)).

Unfair competition requires "(1) that the plaintiff has a reasonable expectancy of entering a valid business relationship; (2) that the defendant wrongfully interferes with that relationship; and (3) that the defendant thereby defeats the plaintiff's legitimate expectancy and causes him harm." D.I. 399 at 61 (citing *Ethypharm S.A. France v. Abbott Lab'ys*, 598 F. Supp. 2d 611, 618 (D. Del. 2009), *vacated on other grounds*, 707 F.3d 223 (3d Cir. 2013)).

Unfair competition and tortious interference with prospective business relations "substantially overlap." D.I. 399 at 61.

A party who brings a tortious interference claim bears the burden of proof to show the interference was wrongful and not permissible competition. D.I. 399 at 62 (citing *Lipson v. Anesthesia Services, P.A.*, 790 A.2d 1261, 1287 (Del. Super. 2001)). A competitor must use tactics

that are independently actionable to be wrongful means. D.I. 399 at 62 (citing C*GB Occupational Therapy, Inc. v. RHA Health Servs. Inc.*, 357 F.3d 375, 388 (3d Cir. 2004)).

Permissible competition provides a right for a competitor "to compete or protect his business interests in a fair and lawful manner." D.I. 399 at 62 (quotations omitted) (quoting *Lipson v. Anesthesia Services, P.A.*, 790 A.2d 1261, 1285 (Del. Super. 2001)). "A competitor does not 'wrongfully interfere' with its competitor's at-will customers by simply competing for their business." *Com. Nat. Ins. Servs., Inc. v. Buchler*, 120 F. App'x 414, 419 (3d Cir. 2004); *see also* D.I. 399 at 63.

Ryanair did not tortiously interfere with Booking.com's customers by sending emails to its own customers. As stated above, Ryanair's emails were true and not defamatory, and Ryanair therefore did not employ wrongful means. Moreover, Booking.com has failed to show that it has suffered any harm, as indicated above.

**E. Deceptive Trade Practice Act**

Booking.com's has the burden of proof to show the statements are false in the Delaware Uniform Deceptive Trade Practices Act (6 Del. C. § 2531 *et seq.*; hereinafter "DTPA") claim. D.I. 339 at 51 n.22 (citing 6 Del. C. § 2532(a)(8)).

Under DTPA a deceptive trade practice occurs when a person "[d]isparages the goods, services, or business of another by false or misleading representation of fact." 6 Del C. § 2532(a)(8); *see also* D.I. 134 at 18. A violation of the DTPA must be supported by "facts that create a reasonable apprehension of a future wrong." *Tygon Peak Cap. Mgmt., LLC v. Mobile Invs. Investco, LLC*, No. CV 2019-0847, 2022 WL 34688, at *28 (Del. Ch. Jan. 4, 2022); *see also Registered Agent Sols., Inc. v. Corp. Serv. Co.*, No. 21- 786, 2022 WL 911253, at *6 (D. Del. Mar. 28, 2022).

As stated above, the statements in Ryanair's emails are true. They are also not misleading. *Grubbs v. Univ. of Delaware Police Dep't*, 174 F. Supp. 3d 839, 861 (D. Del. 2016) ("If the alleged defamatory statement is demonstrated not to be false, it is unnecessary to consider any of the additional factors."). The Delaware Deceptive Trade Practices Act counterclaim should therefore be denied.

Ryanair did not tortiously interfere with Booking.com's customers by sending emails to its own customers. As stated above, Ryanair's emails were true and not defamatory, and Ryanair therefore did not employ wrongful means. Moreover, Booking.com has failed to show that it has suffered any harm, as indicated above.

**F. Punitive Damages**

Booking.com is not entitled to punitive damages for its remaining counterclaims. The Third Circuit, applying New Jersey law, held that punitive damages could not be awarded on a tortious interference claim because the jury awarded "$0 in actual damages." *Cooper Distributing Co. v. Amana Refrigeration*, 63 F.3d 262, 282 (3d Cir. 1995).

Moreover, Punitive damages requires "outrageous" conduct, which is defined as "malicious, wanton, willful, or oppressive behavior – or shows reckless indifference to the interests of others. *See Agrofresh Inc. v. Essentive LLC*, 16-662-MN, D.I. 575 (D. Del. Oct. 11, 2019) (actual jury instructions). Nothing that Booking.com presented rises to that level.

Dated: July 18, 2024

Respectfully Submitted,

**KRATZ & BARRY LLP**

*/s/ R Touhey Myer*
R Touhey Myer (#5939)
800 N. West Street
Wilmington, DE 19801
(302) 527-9378
tmyer@kratzandbarry.com

*Of Counsel:*

**HOLLAND & KNIGHT LLP**

R. David Donoghue (*pro hac vice*)
Anthony J. Fuga (*pro hac vice*)
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600
david.donoghue@hklaw.com
anthony.fuga@hklaw.com

Cynthia A. Gierhart (*pro hac vice*)
800 17th Street NW, Suite 1100
Washington, DC 20011
(202) 469-5416
cindy.gierhart@hklaw.com

Ji Mao (*pro hac vice*)
31 West 52nd Street
New York, New York 10019
(212) 513-3420
ji.mao@hklaw.com

William H. Oliver III (*pro hac vice*)
10 St. James Ave. 11th Floor
Boston, MA 02116
(617) 573-5863
william.oliver@hklaw.com

*Attorneys for Plaintiff/*
*Counterclaim Defendant Ryanair DAC*