**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RYANAIR DAC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 20-1191-WCB |
| BOOKING.COM B.V., | § § § | |
| *Defendant, and Counterclaim Plaintiff.* | § § § § | |

**FINAL JURY INSTRUCTIONS**

**1. Introduction**

Ladies and gentlemen of the jury, you have heard all the evidence in this case. I will now instruct you on the law that you are to apply. Following my instructions, the lawyers for each side will make their final arguments to you. After that, you will retire to the jury room to begin your deliberations.

These instructions will be a little lengthy, and they may be somewhat difficult to follow at times. That is because the law for this case is complex. To help you, I have made copies of the instructions that you can use during your deliberations. I mention this so you won't feel that you have to take notes right now or try to memorize anything as I speak. In fact, I would suggest that you just listen to these instructions, without trying to write anything down. If you miss something, you will be able to check the written copy of these instructions once you return to the jury room.

When you return to the jury room, your job will be to consider the evidence you have heard and to decide the case in light of the legal principles that I will explain now. You will record your

1

decisions on the various issues in the case by answering the questions on the verdict form that will be waiting for you in the jury room.

The decision you make is yours and yours alone. Please remember that nothing I say now or may have said, or any questions I may have asked during the trial, are intended to suggest, or should be taken by you as suggesting, what I think your verdict should be.

### 1.1. Burdens of Proof

I am going to start by returning to the subject of the burden of proof, which we discussed briefly at the beginning of the case.

With respect to its claims, Ryanair has the burden to prove by a preponderance of the evidence that Booking.com has violated the Computer Fraud and Abuse Act, which is referred to as the CFAA. With respect to its counterclaims, Booking.com has the burden to prove by a preponderance of the evidence that Ryanair has committed one or more of the acts of defamation or unlawful business conduct alleged by Booking.com. As you will recall, the preponderance of the evidence means that the party with the burden of proof has the burden of persuading you that its assertion of unlawful conduct is more likely to be true than untrue.

If the evidence persuades you that Ryanair's assertion as to any of its claims is more likely to be true than untrue, that means Ryanair has satisfied its burden with regard to that claim. If that happens, you should find in favor of Ryanair on that claim. If the evidence does not persuade you that Ryanair's assertion is more likely to be true than untrue, that means Ryanair has failed to satisfy its burden. If that happens, you should find in favor of Booking.com on that claim. The same is true with respect to Booking.com's counterclaims. Booking.com bears the burden of proof as to those claims, except where I instruct you otherwise.

If you find any claim is satisfied, you will need to decide how much money to award the winning party.

### 1.2. Evidence in the Case; Credibility of Witnesses

As the finders of fact, you are responsible for weighing the evidence in this case, including the testimony of the witnesses you have heard, the exhibits that have been introduced as evidence, and any facts that the parties have agreed are true. As a reminder, the lawyers' statements and characterizations of the evidence are not evidence. While the opening statements and closing arguments may have been helpful to you, your decision should ultimately depend on your evaluation of the evidence.

As part of your role as jurors, you are entitled to weigh the testimony of the witnesses. That's a job well suited for jurors like yourselves who have heard and seen the witnesses. For example, if two witnesses offer testimony that is in conflict, you should use your common sense in deciding whether the testimony can be reconciled, and, if not, which witness you think is more believable. You can consider, for example, each witness's motive, state of mind, knowledge, and manner while on the witness stand. If there is a question as to the relative expertise of two witnesses, you should again use your common sense to decide which witness you find more knowledgeable and more believable. The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. You are entitled to give the testimony of each witness whatever weight you feel is appropriate. You may choose to believe or disbelieve any witness's testimony, either entirely or in part.

### 1.3. Expert Witnesses

Some of the witnesses have testified as expert witnesses because of their special knowledge in their relevant fields. The fact that a witness has testified as an expert does not mean that you must accept that witness's opinions as true. As with all other witnesses, it is up to you to decide whether you find the expert witness's testimony convincing.

3

**1.4. Depositions – Use as Evidence**

During the trial, some of the testimony was presented not through a live witness, but through a deposition. The deposition testimony that you heard at trial is entitled to the same consideration as any other evidence in the case, and you should judge its credibility and weight just the same as if the witness had been present and testified in person here in the courtroom.

**1.5. Demonstratives**

During the course of the trial, the lawyers and witnesses occasionally presented slides and charts that were not admitted into evidence. Those items are commonly referred to as demonstratives. They are not evidence and were intended only to aid in your understanding of the evidence in the case. It is the underlying testimony of the witnesses and the admitted trial exhibits that are the evidence in this case on which you should base your decisions.

**2. The Computer Fraud and Abuse Act**

Ryanair alleges that Booking.com has violated various provisions of the CFAA. The following instructions will explain the elements of Ryanair's CFAA claims and provide definitions for some of the words and concepts incorporated in those elements.

**2.1. Civil Suit Loss**

To begin with, in order to bring any claim against Booking.com under the CFAA, Ryanair must prove that Booking.com's violation of the CFAA caused Ryanair to suffer a loss totaling at least $5,000 in a one-year period.

The term "loss" under the CFAA means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

The term "loss" is focused on technological harms, such as the corruption of files, that unauthorized users cause to computer systems. However, the cost of responding to an offense may be considered a loss even if no actual technological harm has occurred, as long as the response is directed at technological harm, such as preventing an impending unauthorized access or investigating the method by which an offender accessed the computer, rather than business or other harms, such as investigating how the offender used the access for commercial gain.

In determining whether Ryanair suffered a loss, you should not offset any losses by any profits Ryanair may have received as a result of Booking.com's actions. Losses do not include any costs that are not borne by Ryanair.

If you find that Ryanair did not suffer a loss totaling at least $5,000 during any one-year period due to the conduct of Booking.com, Booking.com cannot be liable for violating any provision of the CFAA.

**2.2. Violations of the Computer Fraud and Abuse Act**

Ryanair claims that Booking.com violated the CFAA in three ways:

- First, Ryanair claims that Booking.com intentionally directed, encouraged, or induced a third party to access Ryanair's website, and thus a Ryanair computer, without authorization, and recklessly caused damage or caused both damage and loss to a Ryanair computer.

- Second, Ryanair claims that Booking.com knowingly and with the intent to defraud, directed, encouraged, or induced a third party to access Ryanair's website, and thus a Ryanair computer, without authorization, and by means of such conduct furthered the intended fraud and obtained something of value for Booking.com.

- Third, Ryanair claims that Booking.com entered into a conspiracy with third parties to commit one of the two other violations I just described. Now let's take these claims one-by-one.

### 2.2.1. Accessing a Protected Computer Without Authorization

In its first claim, Ryanair alleges that Booking.com intentionally accessed a protected computer, by accessing Ryanair's website, without authorization, either directly or by directing, encouraging, or inducing another party to do so, and recklessly caused damage or both damage and loss to Ryanair.

Accessing any portion of the Ryanair website other than the myRyanair portion does not require authorization because it is public. Obtaining information from the public portion of the Ryanair website, such as by screen scraping, is not unlawful even if Ryanair objects to such conduct. You should not consider Booking.com's access to portions of the Ryanair website other than the myRyanair portion when considering whether there was a violation of the CFAA.

Accessing the myRyanair portion of the Ryanair website, however, requires authorization. A person accesses the myRyanair portion of the website without authorization if Ryanair has denied that person permission to access myRyanair or if Ryanair has rescinded permission to access myRyanair and the person accesses myRyanair anyway. Cease-and-desist letters can withdraw authorization to access the myRyanair portion of the website. If Booking.com accessed the myRyanair portion of the website, either directly or by having a third party do so at Booking.com's behest, after receiving notice that Ryanair had withdrawn its authorization to access myRyanair, Booking.com has accessed myRyanair "without authorization" within the meaning of the CFAA.

Now let me define a few of the terms I have just used. These definitions apply to all the claims brought by Ryanair under the CFAA.

### 2.2.2. Definition of "Protected Computer"

The term "protected computer" means a computer or data storage facility or a communications facility that is in, has moved in, or otherwise affects interstate or foreign commerce.

### 2.2.3. Definition of "Intentionally"

Certain of Ryanair's claims under the CFAA require proof that Booking.com acted intentionally. "Intentionally" means that Ryanair must prove by a preponderance of the evidence either (1) that it was Booking.com's conscious desire or purpose to act in a certain way or to cause a certain result, or (2) that Booking.com knew it was acting in that way or would be practically certain to cause that result.

### 2.2.4. Definition of "Recklessly"

"Recklessly" means that Ryanair must prove by a preponderance of the evidence that Booking.com was aware of a substantial and unjustifiable risk that a violation would be caused by its actions, and that Booking.com consciously disregarded that risk.

### 2.2.5. Definition of "Damage"

The term "damage" under the CFAA means any impairment to the integrity or availability of data, a program, a system, or information. The term "damage" focuses on technological harms—such as the corruption of files—of the type unauthorized users cause to computer systems and data.

**2.2.6. Definition of "Loss"**

As I discussed earlier, the term "loss" for purposes of the CFAA means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

**2.3. Accessing a Protected Computer with an Intent to Defraud**

Ryanair's second claim under the CFAA requires Ryanair to prove by a preponderance of the evidence that Booking.com accessed a protected computer with the intent to defraud. Accessing Ryanair's website has the effect of accessing a computer.

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat. In considering whether Booking.com acted with an intent to defraud, you may consider, among other things, whether Booking.com acted with a desire or purpose to bring about some gain or benefit to itself or someone else or with a desire or purpose to cause some loss to someone.

To prevail on this claim, Ryanair must prove either that Booking.com obtained something of value other than the use of the Ryanair website, such as a document accessible only on the myRyanair portion of the website, or that the use of the Ryanair website itself was valued at more than $5,000.

**2.4. Conspiring to Violate the Computer Fraud and Abuse Act**

Ryanair's third claim under the CFAA is that Booking.com has engaged in a conspiracy to violate the CFAA. To find that Booking.com conspired to violate the CFAA, you must find that Ryanair proved by a preponderance of the evidence that Booking.com knowingly agreed with one or more other parties to commit an act that violated the CFAA.

8

To prove the conspiracy claim, you must unanimously agree on whom Booking.com conspired with and what the illegal object of their agreement was. Ryanair must also prove that the object of the conspiracy was to violate one of the other two charged CFAA offenses.

### 2.5. Liability of a Corporation

There are a couple of general points I would like to emphasize that apply to all of Ryanair's claims. Booking.com is a corporation. A corporation is a legal entity that can act only through its agents. The agents of a corporation are its officers, directors, employees, and other persons who are authorized by the corporation to act for it. Therefore, to find Booking.com liable for violating the CFAA you must find that Ryanair proved by a preponderance of the evidence each of the following three requirements: First, that each of the elements of the CFAA violation in question was committed by an officer, director, or employee of Booking.com. Second, that each of the acts committed by the officer, director, or employee were within the course and scope of that person's employment. Third, that the officer, director, or employee committed each of these acts with the intent to benefit Booking.com.

You must give to a corporate defendant the same impartial consideration of the evidence that you would give to an individual defendant.

### 2.6. Actual Economic Damages

If you find that Ryanair has not sustained its burden of proof on its CFAA claims, you must enter a verdict for Booking.com on those claims. If you find that Ryanair has sustained its burden of proof against Booking.com on any of those claims, you must consider whether to award compensatory economic damages against Booking.com.

Damages, if any, should be restricted to such losses, if any, as are proved by the evidence at trial. Damages should be awarded for all losses that you find resulted from a wrong that was done to Ryanair, and should not include losses that are contingent and uncertain, or merely

9

speculative. Finally, a "wrong" under the CFAA is "any impairment to the integrity or availability of data, a program, a system, or information." If you find that Booking.com has violated the CFAA, Ryanair may recover any actual, quantifiable damages caused by the violator in the form of costs and expenses that flow from such a wrong. In determining what compensatory damages are owed to Ryanair, you may consider whether any profits Ryanair received as a result of Booking.com's actions offset its damages.

### 3. Booking.com's Counterclaims

I will now turn to Booking.com's counterclaims. As you know from the parties' presentations during the trial, Booking.com has countersued Ryanair and has asserted a number of what are called counterclaims. In those counterclaims, Booking.com accuses Ryanair of four legal wrongs, all based on two statements that Ryanair made in emails to customers. The first statement is that Online Travel Agencies "use 'screen scraper' software." The second statement is that "Screen scraper OTAs provide Ryanair with false customer details" and that "screen scraper OTAs provide Ryanair" with "false payment and contact details." Those statements, Booking.com alleges, constituted defamation, unfair competition, tortious interference with prospective business relations, and violations of the Delaware Deceptive Trade Practices Act. There is a lot to unpack there, so I will go through each of those terms for you.

#### 3.1 Defamation

Defamation is the communication of a false statement that tends to injure another party's reputation; that is, some statement or action that diminishes the esteem, respect, goodwill, or confidence in which the other party is held and tends to cause bad feelings or opinions about that party. A communication is defamatory if it tends to lower the party in the estimation of the community or if it deters third parties from associating or dealing with the party that was the victim of the defamation.

Defamation occurs only when the statement in question is communicated to a third party, which is sometimes referred to as the "publication" of the statement.  So, for example, if I say something false about another person to that same person, it doesn't constitute defamation.  It only becomes defamation if I say it a third person or persons.

### 3.1.1.  The Elements of Defamation

To prove defamation, Booking.com must prove each of the following elements by a preponderance of the evidence: (1) that the communication was defamatory: (2) that it was communicated to one or more third persons; (3) that the communication would be understood to refer to Booking.com; (4) that the third person or persons understood the communication's defamatory character; and (5) that the communication caused an injury to Booking.com.  To establish its claim of defamation, Booking.com has the burden to show each of these by a preponderance of the evidence.

### 3.1.2.  Defamation: Fault

You must determine whether Ryanair acted at least negligently when making the challenged statements.  A person negligently publishes a defamatory communication when that person does not take reasonable steps to determine whether the published statement was true.

### 3.1.3.  Injury to Reputation

If you find that Booking.com's reputation was harmed, you must determine the extent of that harm as part of your task to determine what damages, if any, to award to Booking.com.  To do so, you must consider the reputation that Booking.com enjoyed before the defamatory statement as compared to the reputation that it enjoyed after the publication, and whether any injury to its reputation was caused by the defamatory statement.  You may also consider the manner in which

11

the defamatory matter was distributed, the extent of its circulation, and whether those who read the communications understood the communications to refer to Booking.com.

### 3.1.4. Presumption of Good Reputation

In the absence of contrary evidence, the law presumes that at the time any defamatory statements were made, Booking.com enjoyed a good name and reputation.

### 3.1.5. Truth or Substantial Truth as a Defense

It is a defense to a claim of defamation that the alleged defamatory statements were true or substantially true at the time the statements were made. So even if you find that Ryanair made critical statements about Booking.com that caused Booking.com injury, you cannot award damages if you find that the statements were true or substantially true.

The alleged defamatory statements don't have to be absolutely true for Ryanair to successfully assert this defense. Substantially true statements are not defamatory. To determine if a statement is substantially true, you must determine if the alleged defamation was no more damaging to Booking.com's reputation than an absolutely true statement would have been. In other words, if the "gist" or "sting" of the allegedly defamatory statement produces the same effect in the mind of the recipient as the precise truth would have produced, then the statement is "substantially true" and you cannot award damages to Booking.com for the statement.

To prevail on this defense, Ryanair bears the burden of proving by a preponderance of the evidence that the alleged defamatory statements were true or substantially true.

### 3.1.6. Defamation Damages

If you find that Booking.com has not sustained its burden of proof on its defamation claim, the verdict must be for Ryanair. In this case, Booking.com is not seeking compensatory damages.

If you find that Booking.com has been defamed, you may grant what are called nominal damages in the amount of one dollar.

### 4. Unfair Competition

Booking.com alleges that Ryanair engaged in unfair competition. To prevail on a claim of unfair competition, Booking.com must prove by a preponderance of the evidence the following: that Ryanair intentionally caused harm to the commercial relations of Booking.com by engaging in a wrongful practice.

Ryanair has the right to compete with Booking.com if it does so in a fair and lawful manner. In other words, even if you find that Ryanair interfered with Booking.com's commercial relations, that is not enough to render Ryanair's activity unlawful; unfair competition can be established only if you determine that Ryanair employed wrongful means to do so.

"Wrongful means" as used in these instructions can include conduct in violation of statutory provisions, unfair competition, or other unlawful means. If you find that Ryanair did not engage in such conduct, you should find in favor of Ryanair on the unfair competition claim.

In considering whether Ryanair's conduct injured Booking.com, you must focus on whether Booking.com was harmed specifically by Ryanair's emailed statements. Booking.com cannot rely on generalized allegations of harm for that purpose.

### 5. Tortious Interference with Prospective Business Relations

Booking.com contends that Ryanair intentionally interfered with Booking.com's prospective business relationships. This claim is quite similar to the unfair competition claim. In order to prove its claim for tortious interference with prospective business relations, Booking.com must prove each of the following elements by a preponderance of the evidence:

13

(1) the existence of a prospective business relationship between Booking.com and a third party;

(2) an intent on the part of Ryanair to harm Booking.com by interfering with that prospective business relationship;

(3) knowledge of the relationship or expectancy on the part of Ryanair;

(4) the absence of a privilege or justification on the part of Ryanair;

(5) actual damage to Booking.com caused by Ryanair's interference; and

(6) a reasonable likelihood that the prospective relationship between Booking.com and a third party would have occurred if not for Ryanair's interference.

A "prospective" relationship is something less than an actual contract but more than just hope on Booking.com's part that it would enter into the relationship with the third party.

You cannot find in favor of Booking.com unless you find Ryanair employed "wrongful means" to interfere with Booking.com's prospective relationship with a third party. "Wrongful means" has the same meaning in this context as it does for unfair competition.

### 6. Delaware Deceptive Trade Practices Act

To prevail on its claim against Ryanair under the Delaware Deceptive Trade Practices Act, Booking.com must prove both of the following propositions by a preponderance of the evidence:

(1) Ryanair disparaged the goods, services, or business of Booking.com by false or misleading representation of fact; and

(2) The disparagement occurred in the course of Ryanair's business, vocation, or occupation.

Booking.com is not required to prove that there was competition between the parties or that there was any actual confusion or misunderstanding on the part of customers.

### 7. Damages

I previously instructed you as to how to award damages to Booking.com if you find in its favor on its defamation claim.  If you find that Booking.com is entitled to a verdict in accordance with these instructions on any other claim, then you may return a verdict for Booking.com on one or more of the theories of liability and award it nominal damages in the amount of one dollar.

### 8. Punitive Damages

If you find that Ryanair's conduct was outrageous, you may award punitive damages in order to punish Ryanair for its conduct and to deter it and others from committing similar acts in the future.

A person's conduct is outrageous when it is malicious, wanton, willful, or oppressive, or shows reckless indifference to the interests of others.

#### 8.1. Amount of Punitive Damages

If you decide that Booking.com is entitled to an award of punitive damages, you must fix the amount of such damages.  In determining any award of punitive damages, you may consider the nature of Ryanair's conduct and the degree to which that conduct was reprehensible.  You may assess an amount of damages that will deter Ryanair and others like it from similar conduct in the future.  You may consider Ryanair's financial condition when evaluating deterrence.

You are not to consider Ryanair's financial condition in deciding whether to award punitive damages, but you may consider it in fixing the amount of punitive damages to the extent that the actual damages are insufficient to justly punish Ryanair for its behavior or dissuade Ryanair or others from acting the same way in future, similar situations.

15

### 8.2. Effect of Instructions as to Punitive Damages

The fact that I have instructed you about the proper measure of punitive damages should not be considered as an indication that Booking.com is entitled to recover punitive damages from Ryanair. The instructions on punitive damages are given only for your guidance in the event you find in favor of Booking.com on its claims for punitive damages.

That completes my instructions to you on the law. The parties will now make their closing arguments to you. After that, I will give you a few additional instructions regarding the procedures you should follow during your discussions of the case. And then you will be asked to return to the jury room for your deliberations and verdict.

**10.     Jury Deliberations**

**10.1    Designation of a Foreperson**

At the outset, I will designate one of you as foreperson of the jury. Ms. Greenlee-Sparks, as juror number one, you will be designated as foreperson will be responsible for communicating with the court as needed.

**10.2    Verdict – Unanimous – Duty to Deliberate**

You should then begin your deliberations. Your verdict on each issue must be unanimous. There will be a verdict form in the jury room waiting for you when you retire for your deliberations. You will note that the verdict form has a series of questions to be answered during the course of your deliberations. The questions on the form correspond to the jury instructions that I have just given you. When you reach a unanimous verdict as to each question on the verdict form, the foreperson is to fill in the answers on the verdict form, and then sign and date the verdict form.

Please make sure to read the questions carefully, and note that some of the questions may not require answers, depending on how you answer other questions.

Do not reveal your answers to any of the questions to anyone outside of the jury until you finish your deliberations and return to the courtroom to deliver your verdict. If there is a divided vote on any of the issues at some point during your deliberations, you should not reveal how the vote is divided on any issue, even to me. It frequently happens that there is disagreement among jurors when they begin deliberating. But part of your responsibility as jurors is to continue to deliberate in order to attempt to reach a unanimous verdict on each of the questions you are being asked to answer. In the course of respectful discussion among the jurors, it almost always happens that the jurors can reach a unanimous verdict, even if they are divided at the outset.

When you return to the courtroom to announce your verdict, please bring the completed verdict form with you. You will give the completed and signed verdict form to the court security officer, who will give it to me. I will then examine the verdict form to be sure everything is filled out that needs to be filled out, and I will read the verdict aloud.

At that point, I may do what is called "polling the jury," which means asking each of you if the verdict I just read is your verdict. That is not because there is a problem or because I am skeptical of what you have reported. It is just a standard procedure to ensure that each juror agrees to the verdict. I will then ask you to return to the jury room where you can gather your things. I will then come to the jury room to thank you for your service and to discharge you.

**10.3    Outside Communications**

During your deliberations you must not communicate with or obtain any information relating to this case from any source other than your fellow jurors. This means that you may not consult any outside sources, such as the Internet, during your deliberations. Of course, you can have contact with the court security officer or other court staff as necessary to deal with any needs you may have, but you should not discuss the case itself with anyone outside the jury.

**10.4.   Jury's Responsibility**

I expect that when you get to the jury room to begin your deliberations, you may feel a little overwhelmed. That is not uncommon. This has been a complicated case, and there will be a lot of evidence and argument to think about. But I think you will be pleasantly surprised that as you start working methodically through the case, things will begin to seem more manageable.

I hope and expect that you will listen to one another's views respectfully, even if initially you disagree on some issues. Discussing the issues from different perspectives can often help in formulating your own ideas about how particular issues should be decided.

### 10.5.  Communications Between Court and Jury During Deliberations

If you have a question or otherwise want to communicate with me at any time, all you need to do is have your foreperson give a note with a message or question to the court security officer who is taking care of you during your deliberations.  He will then bring it to me.  You probably will not get a reply right away, as I will usually need to summon all the lawyers and get their input before I can respond to the question.  That just means I usually cannot get back to you right away, but we will do our best to get you an answer to your question as soon as we can.

You can ask to see all the exhibits or you can just ask for some of them if you like.  Just let us know what you want, and we will get those exhibits for you.  If you wish to have certain testimony read back to you, we should be able to do that if you can identify the witness and the general subject matter of the testimony you are interested in.

There is one thing, however, that we cannot do.  Once the case is submitted to you, we will not be able to take any additional evidence or recall any witnesses.  Depending on the nature of your question, I may just have to tell you to rely on your collective recollection of what the evidence was and tell you that you have to decide the case based on the evidence you have heard.  I think you will find in most instances, if you put your heads together, you will recall the evidence that you need to get over the problem.  That's one of the reasons there are eight of you.  Eight memories are better than one.

Finally, and most importantly, trust your common sense throughout.  One of the strongest traditions of our justice system is the confidence we place in the sound common sense of an American jury.  The parties in this case have confidence in you.  And so do I.  You may now retire for your deliberations.