IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RYANAIR DAC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 20-1191-WCB |
| BOOKING.COM B.V., | § § § | |
| *Defendant, and Counterclaim Plaintiff.* | § § § § | |

# **VERDICT FORM**

## SECTION 1: RYANAIR'S CLAIMS UNDER THE COMPUTER FRAUD AND ABUSE ACT

**Part A: Civil Loss**

1. Did Ryanair prove by a preponderance of the evidence that Booking.com's violation of the CFAA caused Loss to Ryanair totaling at least $5,000 during a one-year period?

   __✓__ Yes   ____ No

*If your answer to that question is "no," do not answer the remaining questions in Section 1.*

*If your answer to that question questions is "yes," procced to Section 1, Part B, below.*

**Part B: Accessing a Protected Computer Without Authorization**

1. Did Ryanair prove by a preponderance of the evidence that Booking.com intentionally directed, encouraged, or induced Etraveli to access the myRyanair portion of Ryanair's website without authorization?

   __✓__ Yes   ____ No

*If your answer to that question is "no," do not answer the next two questions and proceed to Section 1, Part C, below.*

*If your answer to that question is "yes," please answer the following questions:*

2. Did Ryanair prove by a preponderance of the evidence that Etraveli recklessly caused Damage to a protected computer by way of such access to the myRyanair portion of Ryanair's website without authorization?

   __✓__ Yes   ____ No

3. Did Ryanair prove by a preponderance of the evidence that Etraveli caused both Damage to a protected computer and Loss by way of such access to the myRyanair portion of Ryanair's website without authorization?

   __✓__ Yes   ____ No

**Part C: Accessing a Protected Computer with Intent to Defraud**

1. Did Ryanair prove by a preponderance of the evidence that Booking.com knowingly and with an intent to defraud, directed, encouraged, or induced a third party to access the myRyanair portion of Ryanair's website without authorization and by means of such conduct furthered the intended fraud and obtained something of value for Booking.com?

   ✓ Yes ____ No

*If your answer to that question is "no," do not answer the next two questions and proceed to Section 1, Part D, below.*

*If your answer to that question is "yes," please answer Question 2 below:*

2. Was the object of the fraud and the thing of value obtained by Booking.com only the use of the myRyanair portion of Ryanair's website?

   ✓ Yes ____ No

*If your answer to Question 2 is "no," proceed to the Section 1, Part D, below.*

*If your answer to Question 2 is "yes," please answer Question 3, below:*

3. Did Ryanair prove by a preponderance of the evidence that the value of the use of the myRyanair portion of Ryanair's website was $5,000 or more in a one-year period?

   ✓ Yes ____ No

**Part D: Conspiring to Violate the Computer Fraud and Abuse Act**

1. Did Ryanair prove by a preponderance of the evidence that Booking.com entered into a conspiracy with Etraveli to intentionally access the myRyanair portion of Ryanair's website in violation of the Computer Fraud and Abuse Act?

   ____ Yes ✓ No

3

**Part E: Computer Fraud and Abuse Act Loss**

Did Ryanair prove by a preponderance of the evidence that it suffered actual economic harm caused by Booking.com violating the Computer Fraud and Abuse Act and, if yes, state the amount.

✓ Yes  ____ No

$ 5000.—

*Proceed to Section 2, below.*

### SECTION 2: BOOKING.COM'S COUNTERCLAIMS AGAINST RYANAIR

**Part A: Defamation**

1. Did Booking.com prove by a preponderance of the evidence that Ryanair defamed Booking.com?

    ____ Yes  ✓ No

*If you answered yes to Question 1 above, proceed to Question 2 immediately below. If you answered no, proceed to Part B, below.*

2. Did Ryanair prove by a preponderance of the evidence that the defamatory communications about Booking.com were true or substantially true?

    ____ Yes  ____ No

**Part B: Unfair Competition**

1. Did Booking.com prove by a preponderance of the evidence each of the elements of its unfair competition claim against Ryanair?

    ____ Yes  ✓ No

**Part C: Tortious Interference with Business Relations**

1. Did Booking.com prove by a preponderance of the evidence each of the elements of its tortious interference with business relations claim against Ryanair?

    ____ Yes  ✓ No

**Part D: Deceptive Trade Practices**

1. Did Booking.com prove by a preponderance of the evidence each of the elements of its claim against Ryanair under the Delaware Deceptive Trade Practices Act?

    ____ Yes  ✓ No

5

**Part E: Nominal Damages**

1. If you checked yes for any of Parts A through D, please enter nominal damages below in the amount of one dollar.

$ 0 

**Part F: Punitive Damages**

1. If you answered "Yes" to any of the Questions in Section 2 above, what amount of punitive damages, if any, do you award to Booking.com against Ryanair?

$ 0 

<u>**UNANIMOUS VERDICT**</u>

*Upon reaching a unanimous verdict on each question above, the foreperson shall sign below.*

We, the jury, unanimously agree to the answers to the above questions and return them as our verdict in this case.

[signature redacted]
Foreperson