# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RYANAIR DAC, | : |
| *Plaintiff/* | : C.A. No. 1:20-cv-01191-WCB |
| *Counterclaim Defendant,* | : |
| v. | : |
| BOOKING HOLDINGS INC., BOOKING.COM B.V., KAYAK SOFTWARE CORPORATION, PRICELINE.COM LLC, and AGODA COMPANY PTE. LTD., | : |
| *Defendants,* | : |
| BOOKING.COM B.V., | : |
| *Counterclaim Plaintiff.* | : |

**PLAINTIFF RYANAIR DAC'S LETTER BRIEF IN SUPPORT OF
MOTION FOR AWARD OF TAXABLE COSTS AND
<u>INTEREST AND UPDATE ON FURTHER PROCEEDINGS</u>**

| | |
|---|---|
| Dated: August 8, 2024 | R Touhey Myer (#5939)<br>KRATZ & BARRY LLP<br>800 N. West Street<br>Wilmington, DE 19801<br>(302) 527-9378<br>tmyer@kratzandbarry.com<br><br>*Of Counsel:*<br><br>R. David Donoghue (*pro hac vice*)<br>Anthony J. Fuga (*pro hac vice*)<br>HOLLAND & KNIGHT LLP<br>150 N Riverside Plaza, Suite 2700<br>Chicago, IL 60606<br>(312) 263-3600<br>david.donoghue@hklaw.com<br>anthony.fuga@hklaw.com<br><br>Cynthia A. Gierhart  (*pro hac vice*)<br>HOLLAND & KNIGHT LLP<br>800 17th Street NW, Suite 1100<br>Washington, DC 20011<br>(202) 469-5416<br>cindy.gierhart@hklaw.com<br><br>Ji Mao (*pro hac vice*)<br>HOLLAND & KNIGHT LLP<br>787 Seventh Avenue, 31st Floor<br>New York, New York 10019<br>(212) 513-3420<br>ji.mao@hklaw.com<br><br>William H. Oliver III (*pro hac vice*)<br>HOLLAND & KNIGHT LLP<br>10 St. James Ave. 11th Floor<br>Boston, MA 02116<br>(617) 573-5863<br>william.oliver@hklaw.com<br><br>*Attorneys for Plaintiff/*<br>*Counterclaim Defendant Ryanair DAC* |

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | UPDATE ON FURTHER PROCEEDINGS | 1 |
| II. | INTRODUCTION | 1 |
| III. | RYANAIR IS ENTITLED TO COSTS | 2 |
| | A. Filing and Subpoena Fees | 2 |
| | B. Transcript Costs | 3 |
| | C. Deposition Costs | 4 |
| | D. Witness Fees | 6 |
| | E. Copies of Papers | 6 |
| IV. | RYANAIR IS ENTITLED TO PREJUDGMENT AND POST-JUDGMENT INTEREST | 7 |
| V. | CONCLUSION | 8 |

# TABLE OF AUTHORITIES

**Cases** Page(s)

*Bass v. Spitz*,
    522 F. Supp. 1343 (E.D. Mich. 1981) ................................................................................2

*Honeywell Int'l Inc. v. Nokia Corp.*,
    No. CV 04-1337-LPS, 2014 WL 2568041 (D. Del. May 30, 2014) ................................1, 2, 4

*Pronova BioPharma Norge AS v. Teva Pharms. USA, Inc.*,
    708 F. Supp. 2d 450 (D. Del. 2010) ....................................................................................3

*Walker Digital, LLC v. Google, Inc.*,
    No. CV 11-318-LPS, 2016 WL 1553974 (D. Del. Apr. 12, 2016) ....................................4, 5

**Statutes**

18 U.S.C.
    § 1030 ..................................................................................................................................1

28 U.S.C.
    § 1821 ..................................................................................................................................5
    § 1920 ..................................................................................................................................6
    § 1920(1) .............................................................................................................................2
    § 1920(2) .........................................................................................................................3, 4
    § 1920(4) .............................................................................................................................6
    § 1961 ..................................................................................................................................7
    § 1961(a) ..........................................................................................................................1, 7
    § 1961(b) .............................................................................................................................8

**Other Authorities**

D. Del. LR 54.1(b)(1) ................................................................................................................2

D. Del. LR 54.1(b)(2) ................................................................................................................3

D. Del. LR 54.1(b)(3) ................................................................................................................4

D. Del. LR 54.1(b)(4) ................................................................................................................5

D. Del. LR 54.1(b)(5) ................................................................................................................6

Fed. R. Civ. P. 54(d)(1) .............................................................................................................1

10 Wright & Miller, *Fed. Prac. & Proc. Civ.* § 2677 (4th ed.) ...............................................3

## I. UPDATE ON FURTHER PROCEEDINGS

The parties have met and conferred on further proceedings as instructed by the Court on July 31, 2024. D.I. 460. Booking.com B.V. ("Booking.com") expressed that it would file a renewed motion for judgment as a matter of law prior to the August 22, 2024 deadline, and has subsequently filed its motion, today. Depending on the length and complexity of Booking.com's motion, Ryanair DAC ("Ryanair") may request a reasonable extension of time to respond. Additionally, Ryanair intends to file a motion for a permanent injunction by August 22, 2024.

## II. INTRODUCTION

After a four-day trial, the jury rendered a verdict finding that Booking.com violated two counts of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. D.I. 460; D.I. 457. Additionally, the jury found that Booking.com did not prove any of its counterclaims. *Id.*

The Federal Rules of Civil Procedure Rule 54(d)(1) states "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule 54(d)(1) uses the word 'costs' as a term of art, rather than to refer to all expenses a prevailing party may incur in a given action." *Honeywell Int'l Inc. v. Nokia Corp.*, No. CV 04-1337-LPS, 2014 WL 2568041, at *3 (D. Del. May 30, 2014) (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 458 (3d Cir. 2000)). As the prevailing party, Ryanair is entitled to costs from Booking.com. *See* D.I. 460.

Ryanair is also entitled to prejudgment interest on the award from the jury. *Id.* As a matter of right, Ryanair is also entitled to post-judgment interest on the award. 28 U.S.C. § 1961(a).

Ryanair provided its estimated costs ahead of today's filing but, admittedly, it was only a day before today's filing. The parties will continue to attempt to find agreement where possible over the next week to avoid unnecessary disputes.

### III.     RYANAIR IS ENTITLED TO COSTS

Booking.com has caused Ryanair to incur taxable costs of $81,924.88, which were actually and necessarily performed in this litigation. *See generally* Fuga Dec. ¶¶ 3-9. This total includes filing and subpoena fees, transcript costs, deposition costs, witness fees, and costs associated with copies of papers.

Under the District of Delaware Local Rule (generally "Local Rules") 54.1(b)(1), "[c]osts shall be taxed in conformity with the provisions of 28 U.S.C. §§ 1920, 1921, and 1923 and such other provisions of law as may be applicable and the remaining paragraphs of subpart (b) of this Rule." D. Del. LR 54.1(b)(1).

#### A.     Filing and Subpoena Fees

Ryanair incurred $400.00 in court filing fees. Fuga Dec. Ex. A. Section 1920(1) provides that the Court may tax as costs "[f]ees of the clerk and marshal." 28 U.S.C. § 1920(1); s*ee* D. Del. LR 54.1(b)(1). The court filing fee was reasonably and necessarily incurred in this litigation and summarized in the table below. Fuga Dec. ¶ 3.

| Filing Fee | Cost |
|---|---|
| Complaint Filing Fee | $400 |

Subpoenas to third-party witnesses "are generally granted as reasonable expenses, consistent with the reasoning underlying 28 U.S.C. § 1920(1)." *Honeywell Int'l Inc.*, 2014 WL 2568041, at *7 (quoting *Federal Ins. Co. v. Bear Indus.*, 2006 WL 3334951, at *1 (D. Del. Nov. 16, 2006)). Private process servers have been included in the meaning of Section 1920(1). *Bass v. Spitz*, 522 F. Supp. 1343, 1359 (E.D. Mich. 1981).

Ryanair incurred $6,011.00 in fees related to its Hague Evidence Request. Fuga Dec. ¶ 4, Ex. B. The Court should grant costs related to issuance of a subpoena when issuance "was

2

reasonable necessary in light of the facts known at the time of service." *Honeywell Int'l Inc.*, 2014 WL 2568041, at *7 (citing *Schering Corp. v. Amgen, Inc.*, 198 F.R.D. 422, 427 (D. Del. 2001)). Like a subpoena, "Hague Evidence Convention serves as an alternative or 'permissive' route to the [F]ederal Rules of Civil Procedure for the taking of evidence abroad from litigants and third parties alike." *Pronova BioPharma Norge AS v. Teva Pharms. USA, Inc.*, 708 F. Supp. 2d 450, 452 (D. Del. 2010). Booking.com maintained that it did not know how its third-party vendor Etraveli obtained Ryanair flight information and booked Ryanair flights. *See* D.I. 168 at 6. Therefore, it was reasonably necessary to file and serve a Hague Evidence Request to attempt to obtain evidence from Etraveli at its principal place of business in Sweden.

While Ryanair also pursued Hague Evidence Requests for other third-party vendors used by the other defendants, Ryanair only seeks costs related to the third-party subpoena applicable to Booking.com—Etraveli. The below table shows the itemized costs in each invoice for the Etraveli subpoena. Fuga Dec. ¶ 4.

| Invoice Date | Purpose | Etraveli Cost |
|---|---|---|
| 06/05/2023 | Review and Submission of Hague Evidence Request | $2,525.00 |
| 08/01/2023 | Translation of Hague Evidence Documents to Swedish | $3,486.00 |
| | Total: | $6,011.00 |

**B.      Transcript Costs**

Ryanair incurred $14,714.53 in taxable court hearing and trial transcript costs. Fuga Dec. ¶ 5, Ex. C. The Local Rules provide that "costs of the originals of a trial transcript, a daily transcript and a transcript of matters prior or subsequent to trial, furnished to the Court, are taxable when requested by the Court or prepared pursuant to stipulation." D. Del. LR 54.1(b)(2). Similarly, Section 1920(2) provides the Court may tax as costs "[f]ees for printed or electronically recorded

3

transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Even if a transcript was not directly requested by the Court, a transcript is a taxable cost if it was "necessary to counsel's effective performance or the court's handling of the case." 10 Wright & Miller, *Fed. Prac. & Proc. Civ.* § 2677 (4th ed.).

Ryanair necessarily obtained the listed hearing and trial transcripts for use in the case. The below table summarizes the purpose for each transcript and the cost. Fuga Dec. ¶ 5.

| Transcript Date | Purpose | Cost |
|---|---|---|
| 07/20/2022 | Motion to Amend Hearing Transcript | $462.84 |
| 10/18/2022 | Motion to Dismiss Hearing Transcript | $1,110.20 |
| 07/21/2023 | Motion to Compel Hearing Transcript | $673.03 |
| 08/10/2023 | Discovery Dispute Transcript | $593.26 |
| 09/12/2023 | Deposition Discovery Dispute Transcript | $564.39 |
| 09/12/2023 | Deposition Discovery Dispute Transcript | $959.88 |
| 09/25/2023 | Link Out Flight Data Discovery Dispute Transcript | $838.78 |
| 10/18/2023 | Discovery Dispute Transcript | $512.10 |
| 07/08/2024 | Pretrial Conference Hearing Transcript | $1,040.00 |
| 07/15/2024 – 07/18/2024 | Trial Transcripts | $7,960.05 |
| | Total: | $14,714.53 |

C.   **Deposition Costs**

Ryanair incurred $56,122.12 in reasonable costs for depositions. Fuga Dec. Ex. D, ¶ 5 The costs include taking the listed depositions for Booking.com deponents and the cost for the original and one copy of a deposition transcript as permitted by the Local Rules. *See* D. Del. LR 54.1(b)(3). The Local Rules permit deposition costs when "a substantial portion of the deposition is used in the resolution of a material issue in the case." *Id*. Transcripts can be taxed if "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *Honeywell Int'l Inc.*, 2014 WL 2568041, at *9 (citations omitted). Deposition transcripts used with summary judgment motions; taken for discovery

4

purposes; or otherwise determined by the court was necessary, are each satisfactory ways to meet Section 1920's requirement the deposition be used in the case. *Honeywell Int'l Inc.*, 2014 WL 2568041, at *9. As long as a deposition is not purely investigative, the court has discretion to award deposition costs even if the deposition was not introduced at trial. *Walker Digital, LLC v. Google, Inc.*, No. CV 11-318-LPS, 2016 WL 1553974, at *4 (D. Del. Apr. 12, 2016) (quotations omitted) (quoting *Smith v. Tend Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006)). Video recordings of depositions are also taxable costs. *See Walker Digital, LLC v. Google, Inc.*, No. CV 11-318-LPS, 2016 WL 1553974, at *4 (D. Del. Apr. 12, 2016).

The listed depositions, transcripts, and video recordings were necessarily obtained for use in this case. Ryanair includes only those deposition costs associated with Booking.com and Ryanair deponents; Ryanair does not include deposition costs associated with the other defendants. The transcripts were all used in connection with briefings, they were used at trial to ensure the truthfulness of witness statements, or deposition clips were played at trial for the jury. A summary of the costs are provided below. Fuga Dec. Ex. D, ¶ 6.

| Witness | Invoice Date | Cost of Deposition |
|---|---|---|
| Aine Murphy | 10/4/2023 | $2,850.40 |
| Anne Housseau | 10/18/2023 | $4,027.52 |
| Anne Housseau | 10/30/2023 | $1,882.50 |
| Anthony Vance | 10/18/2023 | $4,263.90 |
| Anthony Vance | 5/23/2024 | $475.00 |
| Basil Imburgia | 10/18/2023 | $5,236.64 |
| Basil Imburgia | 10/23/2023 | $1,557.50 |
| Chris Humphries | 10/11/2023 | $3,383.45 |
| Chris Humphries | 10/23/2023 | $1,220.00 |
| Iain Lopata | 10/17/2023 | $3,590.40 |
| Iain Lopata | 10/27/2023 | $758.00 |
| John Hurley | 10/4/2023 | $2,265.60 |
| John Hurley | 12/14/2023 | $2,036.05 |
| John Hurley | 1/3/2024 | $603.00 |
| Jordan Kelly | 10/11/2023 | $1,178.50 |
| Jordan Kelly | 10/17/2023 | $8,488.00 |
| Marcos Guerrero | 12/29/2023 | $620.00 |

| | | |
|---|---|---|
| Marcos Guerrero | 12/29/2023 | $2,375.33 |
| Michael O'Leary | 10/4/2023 | $1,680.80 |
| Timothy O'Neill-Dunne | 9/28/2023 | $6,259.53 |
| Timothy O'Neill-Dunne | 9/29/2023 | $1,370.00 |
| | Total: | $56,122.12 |

### D. Witness Fees

Ryanair incurred $880.00 in taxable costs for witnesses to attend trial. Fuga Dec. ¶ 7. The statutory witness fee is $40 per day of attendance, as well as travel to and from trial. D. Del. LR 54.1(b)(4); 28 U.S.C. § 1821. These fees are taxable if the witness attends Court, even if the witness does not take the stand. D. Del. LR 54.1(b)(4). Witness fees for experts are taxable up to the statutory witness fee of $40 per day. *Id.*

Each witness required one day of travel to go to Delaware and one day of travel to return home. Fuga Dec. ¶ 7. Lukasz Stocki, Anthony Vance, and Dara Brady were required to be available for two days of trial. *Id*. John Hurley and Iain Lopata were required to be available for three days of trial. *Id*. A summary of the witness fees is provided in the table below.

| Witness Name | Attendance Days for Trial | Witness Fee at $40 per day |
|---|---|---|
| Dara Brady | 4 | $160 |
| Lukasz Stocki | 4 | $160 |
| Anthony Vance | 4 | $160 |
| John Hurley | 5 | $200 |
| Iain Lopata | 5 | $200 |
| | Total: | $880 |

### E. Copies of Papers

Ryanair incurred $3,797.23 in taxable costs for copies of papers. Fuga Dec. ¶¶ 8, 9, Exs. E, F. The Local Rules provide two examples of taxable costs for paper copies: first, the "cost of copies of an exhibit necessarily attached to a document required to be filed and served" and, second, the "cost of one copy of a document is taxable when admitted into evidence." Del. LR

6

54.1(b)(5). Section 1920(4) provides that the Court may tax "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920.

The table below provides the cost of one copy of a document admitted into evidence at trial. Fuga Dec. ¶ 8.

| Cost Description | Cost |
|---|---|
| One copy of admitted exhibits at trial | $535.89 |

The table below provides the cost of copies of documents required to be filed and served. Fuga Dec. ¶ 9.

| Cost Description | Invoice Date | Cost |
|---|---|---|
| D.I. 66, 67 for Court | 6/27/2022 | $423.79 |
| D.I. 70, 71 for Court | 7/17/2022 | $34.84 |
| D.I. 73 for Court | 7/14/2022 | $37.53 |
| D.I. 121, 122 for Court | 1/19/2023 | $159.23 |
| D.I. 168, 169 for Court | 7/7/2023 | $131.24 |
| D.I. 189 for Court | 7/19/2023 | $26.34 |
| D.I. 184 for Court | 7/20/2023 | $43.97 |
| D.I. 202 for Court | 8/11/2023 | $35.68 |
| D.I. 234 for Court | 9/11/2023 | $34.26 |
| D.I. 229, 230 for Court | 9/12/2023 | $168.79 |
| D.I. 259, 260 for Court | 9/23/2023 | $92.51 |
| D.I. 288, 289 for Court | 10/11/2023 | $68.16 |
| D.I. 307, 308 for Court | 12/13/2023 | $53.28 |
| D.I. 317, 318 for Court | 12/14/2023 | $189.93 |
| D.I. 349, 350 for Court | 12/29/2023 | $1,318.59 |
| D.I. 376, 377 for Court | 1/23/2024 | $314.33 |
| D.I. 380, 381 for Court | 2/23/2024 | $128.87 |
| | Total: | $3,261.34 |

IV.   **RYANAIR IS ENTITLED TO PREJUDGMENT AND POST-JUDGMENT INTEREST**

Ryanair is entitled to prejudgment interest of $598.80. This number was calculated using the applicable post-judgment interest rate of 4.86% compounded annually from the start of the period used at trial to calculate the $5,000 loss requirement (March 1, 2022) to the day the jury

verdict was rendered (July 18, 2024). This number strikes a reasonable balance as it does not go as far back as the start of the complaint, filed in 2020, but instead focuses on the loss timeframe presented to the jury.

Ryanair is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961(a) in an amount determined on the date of payment. Section 1961 states the "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Id*. Judgment was entered on July 25, 2024, and the weekly average interest rate for a 1-year constant maturity Treasury yield for the preceding week ending July 19, 2024, is 4.86%. *See* https://www.federalreserve.gov/releases/h15/. Section 1961 further states that "[i]nterest shall be computed daily to the date of payment." 28 U.S.C. § 1961(b).

### V.     CONCLUSION

For the foregoing reasons, Ryanair respectfully requests the Court grant Ryanair relief in the form of costs and interest.

Dated: August 8, 2024

Respectfully Submitted,

**KRATZ & BARRY LLP**

*/s/ R Touhey Myer*
R Touhey Myer (#5939)
800 N. West Street
Wilmington, DE 19801
(302) 527-9378
tmyer@kratzandbarry.com

*Of Counsel:*

**HOLLAND & KNIGHT LLP**

R. David Donoghue (*pro hac vice*)
Anthony J. Fuga (*pro hac vice*)
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600
david.donoghue@hklaw.com
anthony.fuga@hklaw.com

Cynthia A. Gierhart (*pro hac vice*)
800 17th Street NW, Suite 1100
Washington, DC 20011
(202) 469-5416
cindy.gierhart@hklaw.com

Ji Mao (*pro hac vice*)
787 Seventh Avenue, 31st Floor
New York, New York 10019
(212) 513-3420
ji.mao@hklaw.com

William H. Oliver III (*pro hac vice*)
10 St. James Ave. 11th Floor
Boston, MA 02116
(617) 573-5863
william.oliver@hklaw.com

*Attorneys for Plaintiff/
Counterclaim Defendant Ryanair DAC*