## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RYANAIR DAC,<br><br>    Plaintiff,<br><br>    v.<br><br>BOOKING HOLDINGS INC.,<br>BOOKING.COM B.V., KAYAK SOFTWARE<br>CORPORATION, PRICELINE.COM LLC,<br>and AGODA COMPANY PTE. LTD,<br><br>    Defendants. | C.A. No. 20-01191-WCB<br><br>**REDACTED**<br>**PUBLIC VERSION** |

## **MOTION TO PRECLUDE NEW KAYAK "LOSS" CALCULATION**

OF COUNSEL:

John H. Hemann
Kathleen Hartnett
Kristine Forderer
Alexander J. Kasner
Jessie Simpson LaGoy
Hannah Pollack
COOLEY LLP
3 Embarcadero Center, 20th Fl.
San Francisco, CA 94111
(415) 693-2200
jhemann@cooley.com
khartnett@cooley.com
kforderer@cooley.com
akasner@cooley.com
jsimpsonlagoy@cooley.com
hpollack@cooley.com

Dated: July 11, 2024

Jeffrey L. Moyer (#3309)
Alexandra M. Ewing (#6407)
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
moyer@rlf.com
ewing@rlf.com

*Attorneys for Defendants*

Defendant KAYAK Software Corporation ("KAYAK") ("Defendant") hereby requests that the Court issue an order precluding Plaintiff Ryanair DAC ("Ryanair") from relying on a Loss[1] calculation for KAYAK that was first disclosed to Defendants five days before trial on July 10, 2024, and that was not authorized by the Court's summary judgment order allowing for recalculation of Loss based on the legal rulings in that order.[2]

At all times prior to July 10, 2024, Ryanair's Loss calculation for KAYAK covered the period from March 1, 2019 to February 29, 2020. *See, e.g.*, D.I. 345 (Hemann Ex. 41) (Plaintiff's Amended and Supplemental Expert Report of Iain Lopata), ¶ 168 (allocating costs to KAYAK "[d]uring the period from March 1, 2019 to February 29, 2020"), ¶ 171 ("I therefore estimate that in the period March 1, 2019 to February 29, 2020, Kayak were responsible for a total of ▮ bookings"), ¶ 173 ("These values lead to the conclusion that between March 1, 2019 to February 29, 2020, KAYAK's facilitated bookings alone accounted for approximately ▮ of OTA bookings."); D.I. 345 (Hemann Ex. 45), ¶¶ 7, 28, 30 (Defendants' Supplemental Expert Rebuttal Report and Disclosure of Basil Imburgia relying on Mr. Lopata's loss calculations for KAYAK between March 1, 2019 to February 29, 2020); D.I. 348 (Ryanair's Opening Brief in Support of Motion for Summary Judgment) at 15-16 (describing and including a table of "the losses Ryanair incurred during the one-year period from March 1, 2019 to February 29, 2020 due to Kayak's conduct" and no other period of loss for KAYAK); D.I. 376 (Plaintiff's Opposition to Defendant's

---

[1] References to "Loss" indicate the term defined in 18 U.S.C. § 1030(e)(11): "the term 'loss' means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service."

[2] Today, pursuant to the Court's directive, Defendants also are filing a 10-page brief concerning Monex-related issues, including belated and inadequately disclosed theories of harm. This brief concerns a separate issue of an untimely disclosure by Ryanair.

Motion for Summary Judgment) at 31 (arguing that summary judgment should be denied based on a showing of "well over $5,000 in loss in a one-year period" with citation to March 1, 2019-February 29, 2020 period).

On July 10, 2024, for the first time, Ryanair disclosed an entirely new Loss period for KAYAK—March 1, 2022 - February 28, 2023—with an accompanying new loss calculation based on Ryanair's expenses during that period. *See* Ex. A, July 10, 2024 email from Ji Mao. KAYAK has at all times litigated this case (including hiring experts and moving for summary judgment) in reliance on the prior loss period and calculation since it was disclosed last summer. Ryanair should be precluded from changing its loss period just five days before the beginning of trial, when KAYAK has no meaningful opportunity to adapt its strategy, challenge this new period, or otherwise respond. KAYAK respectfully seeks an order from the Court preventing Ryanair from introducing a new loss period for KAYAK at trial, given the inherent prejudice to Defendants from the late disclosure.

***Background.*** In its summary judgment order, the Court concluded that several of Ryanair's previously disclosed categories of loss were either impermissible or required further allocation between pre and post myRyanair activities. *See generally,* D.I. 399 at 28-34. Following the order, Defendants requested that Ryanair disclose any new allocation it intended to make in its loss calculations to reflect the Court's direction that only costs related to possible CFAA violations (i.e. access to the website after myRyanair login occurs) should be included. Ex. B. June 19, 2024, Email from K. Forderer. Defendants requested the information by June 26, but Ryanair ultimately agreed to produce this information only by July 10, 2024. D.I. 407, ¶ 77.

***Ryanair's Revised Loss Calculation****.* On July 10, 2024, counsel for Ryanair emailed revised loss calculations for Booking.com and KAYAK to counsel for Defendants. *See* Ex. A.

2

The revised calculations contained no citations to the record and otherwise raised questions that counsel for Defendants are seeking to constructively address with counsel for Ryanair.

With respect to KAYAK, Ryanair did not simply revise its calculation to purportedly account for the Court's summary judgment order. Rather, Ryanair disclosed an entirely new one-year Loss period than what it disclosed in discovery, which has been the basis for the parties' discovery and litigation of this matter. Disclosure of a new Loss period has nothing to do with the Court's rulings in the MSJ order concerning what categories of Loss may be claimed at trial, and the allocation thereof. D.I. 399 at 28-34. This late disclosure—five days before trial—also prejudices KAYAK, which relied upon Ryanair's prior disclosure in conducting expert discovery, seeking summary judgment, and preparing for trial. For instance, the new period includes a different percentage breakdown of flights between third party bookings ("link out bookings") and "Book on KAYAK" flights and it includes entirely new costs (online verification) that were not included as to KAYAK in the original loss calculation because they had not been implemented yet during the years comprising the earlier period.

KAYAK presented these concerns to Ryanair just hours after Ryanair provided this unauthorized and belated disclosure, and requested that Ryanair withdraw its revised loss calculation period. Ryanair did not respond, necessitating this motion.

KAYAK respectfully requests an order precluding Ryanair from relying on a new one-year period for its KAYAK Loss calculation. Ryanair should be required to rely on the one-year loss period that was previously, and timely, disclosed.

3

| | |
|---|---|
| OF COUNSEL:<br><br>John H. Hemann<br>Kathleen Hartnett<br>Kristine Forderer<br>Alexander J. Kasner<br>Jessie Simpson LaGoy<br>Hannah Pollack<br>Zoë Helstrom<br>COOLEY LLP<br>3 Embarcadero Center St.,20th Fl.<br>San Francisco, CA 94111<br>(415) 693-2200<br>jhemann@cooley.com<br>khartnett@cooley.com<br>kforderer@cooley.com<br>akasner@cooley.com<br>jsimpsonlagoy@cooley.com<br>hpollack@cooley.com<br>zhelstrom@cooley.com<br><br>Dated: July 11, 2024 | */s/ Jeffrey L. Moyer*<br>Jeffrey L. Moyer (#3309)<br>Alexandra M. Ewing (#6407)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>Wilmington, DE 19801<br>(302) 651-7700<br>moyer@rlf.com<br>ewing@rlf.com<br><br>*Attorneys for Defendants* |