## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RYANAIR DAC,<br><br>        Plaintiff,<br><br>    v.<br><br>BOOKING HOLDINGS INC., BOOKING.COM B.V., KAYAK SOFTWARE CORPORATION, PRICELINE.COM LLC, and AGODA COMPANY PTE. LTD,<br><br>        Defendants. | C.A. No. 20-01191-WCB |

## DEFENDANT BOOKING.COM'S OBJECTIONS TO PLAINTIFF RYANAIR DAC'S LETTER BRIEF IN SUPPORT OF MOTION FOR AWARD OF TAXABLE COSTS AND INTEREST

OF COUNSEL:

John H. Hemann
Kathleen Hartnett
Kristine Forderer
Alexander J. Kasner
Jessie Simpson LaGoy
Hannah Pollack
Zoë Helstrom
COOLEY LLP
3 Embarcadero Center, 20th Fl.
San Francisco, CA 94111
(415) 693-2200
jhemann@cooley.com
khartnett@cooley.com
kforderer@cooley.com
akasner@cooley.com
jsimpsonlagoy@cooley.com
hpollack@cooley.com
zhelstrom@cooley.com

Jeffrey L. Moyer (#3309)
Alexandra M. Ewing (#6407)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
moyer@rlf.com
ewing@rlf.com

Orin S. Kerr
Law Office of Orin S. Kerr
334 Law Building
Berkeley, CA 94720-7200
(510) 664-5257
orin@orinkerr.com

*Attorneys for Defendant/Counterclaim Plaintiff Booking.com B.V.*

Dated: August 15, 2024

## I. UPDATE ON FURTHER PROCEEDINGS

Pursuant to paragraph four of the Judgment on the Verdict, Booking.com includes an update regarding further proceedings. D.I. 460 ¶ 4. Booking.com filed a renewed motion for judgment as a matter of law under Rule 50(b) or, in the alternative, for a new trial under Rule 59 ("Renewed JMOL") on August 8, 2024. *See* D.I. 467. Booking.com understands that Ryanair intends to file a motion for a preliminary injunction. The Court approved the Parties' stipulated proposed briefing schedules for both motions. *See* D.I. 479.

## II. RYANAIR'S APPLICATION FOR COSTS AND INTEREST

Pursuant to L.R. 54.1(a)(3), Defendant Booking.com B.V. ("Booking.com") hereby objects to certain costs sought by Plaintiff Ryanair DAC ("Ryanair").

### A. LEGAL STANDARD

"Federal Rule of Civil Procedure 54(d) gives courts the discretion to award costs to prevailing parties." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565 (2012). However, the "costs" allowable under Rule 54(d) are narrowly defined by 28 U.S.C. § 1920. *Id.* at 573 ("Taxable costs are limited to relatively minor, incidental expenses as is evident from § 1920, which lists such items as clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification and copies, docket fees, and compensation of court-appointed experts.").

This Court has further defined the scope of recoverable costs pursuant to its Local Rules. *See generally* D. Del. LR 54.1(b). This District's Local Rules impose certain "requirements for taxation of costs that are not present in Section 1920," which is a "proper exercise of the Court's discretion, discretion which is recognized in Section 1920." *Honeywell Int'l Inc. v. Nokia Corp.*, C.A. No. 04-1337-LPS, 2014 WL 2568041, at *5 (D. Del. May 30, 2014). Local Rule 54.1 "directs the Clerk's analysis of requests for taxation of costs" and outlines the "general requirements that must be satisfied in order to trigger a Clerk's award of costs." *Id.* Costs not enumerated in Local

1

Rule 54.1(b) "ordinarily will not be allowed" absent reference to statute or court case. D. Del. LR 54.1(b)(11).

Pursuant to this Court's Local Rules, the movant bears the burden of demonstrating with specificity that each item of taxable costs it seeks is allowable under the Local Rules and was actually and necessarily incurred in the litigation. *See* D. Del. LR 54.1(a)(2) ("The bill of costs shall clearly describe each item of cost and comply with the provisions of 28 U.S.C. § 1924.").

### B.  ARGUMENT

Ryanair has not met its burden regarding certain of the costs, and Ryanair seeks costs extending beyond what this Court's Local Rules allow. For the reasons discussed below, Ryanair's request for costs should be reduced.

***Filing and Subpoena Fees.*** Ryanair seeks to tax costs for pursuing evidence from Etraveli, a Swedish company, through letters rogatory ("Hague Evidence Requests"). D.I. 469 at 3. Booking.com objects to Ryanair's request for $6,011 related to the Hague Evidence Requests. Local Rule 54.1(b) contains a list of costs that a prevailing party is entitled to recover; costs associated with seeking evidence through letters rogatory are not included. *See* D. Del. LR 54.1(b). Rule 54.1(b) specifically states that such non-enumerated costs are ordinarily not permitted absent support from a statute or court case, which was not made in Ryanair's submission. In addition, neither Ryanair nor Booking.com relied at trial on any evidence from the Hague Evidence Requests. The Court should deny Ryanair's requests for $6,011 related to the Hague Evidence Requests.

Booking.com does not object to Ryanair's request for $400 in initial filing fees.

***Hearing Transcript Costs.*** Booking.com objects to Ryanair's requests for $14,714.53 in hearing transcript costs. Ryanair's argument that transcripts are taxable if Ryanair "necessarily obtained the listed hearing and trial transcripts for use in the case" (D.I. 469 at 4) is contrary to the

2

Local Rules. The Local Rules permit taxation of transcript costs only if the transcripts are "furnished to the Court . . . when requested by the Court or prepared pursuant to stipulation," noting expressly that *"[c]opies of transcripts for counsel's own use are not taxable*." D. Del. LR 54.1(b)(2) (emphasis added). The hearing transcripts Ryanair seeks to tax were not requested by the Court, nor were they prepared pursuant to a stipulation, and Ryanair concedes that it sought the transcripts for counsel's own use. D.I. 469 at 4. Thus, the $14,714.53 in hearing transcript costs are not taxable.

Booking.com also specifically objects to certain transcript requests for additional reasons. First, Ryanair's request for costs associated with two separate invoices for a discovery dispute on September 12, 2023 for $564.39 and $959.88. Ryanair has failed to substantiate or even explain the need for two invoices associated with a single dispute. *See* D. Del. LR 54.1(a)(2). Booking.com also objects to Ryanair's request for costs related to the Link Out Flight Data Discovery Dispute Transcript on September 25, 2023 for $838.78. The sole Defendant involved in that dispute was KAYAK Software Corporation, which Ryanair voluntarily dismissed, with prejudice, before trial. *See* D.I. 265.

***Deposition Costs.*** Under Local Rule 54.1(b)(3) a party is entitled to seek reasonable costs associated with taking a deposition "only where a substantial portion of the deposition is used in the resolution of a material issue in the case." Booking.com objects to all $56,122.12 of Ryanair's requested deposition costs for the reasons below.

First, under Local Rule 54.1(b)(3) Ryanair can only seek deposition costs for "the original and one copy of a deposition[,]" yet the invoices Ryanair submitted include additional fees for items such as expedited delivery and RealTime. *See, e.g.*, D.I. 470-4 at 8 ($1,111.32 for "5-Day Expedited Delivery"), 17 ($1,409.35 for "Priority Request"), 69 ($2,604 for three "RealTime"

3

feeds).  Thus, as to the deposition costs, Ryanair has failed to meet its burden to "clearly describe each item of costs" permitted to be taxed because its submission includes and does not distinguish between potentially taxable and non-taxable costs, and instead seeks all of them.  D. Del. LR 54.1(a)(2).

Second, to recover taxable costs at all, Ryanair has the "burden of showing that a *substantial* portion [of the deposition] was actually *used* in the resolution of a material issue." *Honeywell Int'l, Inc. v. Hamilton Sunstrand Corp.*, C.A. No. 99-309 (GMS), 2009 WL 3153496, at *2 (D. Del. Sept. 30, 2009).  Ryanair's submission simply lists the depositions; it does not meet Ryanair's burden to show how or that a substantial portion of each deposition was used to resolve a material issue in the case.  *See, e.g.*, *Cordance Corp. v. Amazon.com, Inc.*, 855 F. Supp. 2d 244, 252 (D. Del. 2012) (rejecting deposition transcript costs where attorney declaration "fail[ed] to confirm [the depositions] were actually used at trial, how the deposition resolved a material issue or what she means by substantial portion."); *Sanofi v. Glenmark Pharms., Inc. USA,* No. 1:14-CV-00264-RGA, 2018 WL 6427870, at *2 (D. Del. Dec. 7, 2018) (denying costs under Local Rule where party did "not attempt to meet this standard").  Booking.com objects to all of Ryanair's claimed deposition costs because Ryanair has failed to meet its burden, including for the reasons set forth below:

- John Hurley:  Ryanair seeks to tax three invoices related to Mr. Hurley's depositions—(1) an October 4, 2023 invoice for $2,265.60; (2) a December 14, 2023 invoice for $2,036.05, and a January 3, 2024 invoice for $603.  D.I. 469 at 5.  Booking.com objects to all three invoices.  Mr. Hurley was Ryanair's witness, who Defendants deposed three times.  The first deposition was because Ryanair offered him as its 30(b)(6) deponent, the second deposition was only required because Ryanair disclosed key information about its Loss

4

theory only after the first deposition had taken place. The third deposition, ordered over Ryanair's objection, was entirely related to the Monex incident. Mr. Hurley appeared and testified at trial. His depositions were not read or played at trial, except by Booking.com for purposes of impeachment, and Booking.com only played 33 seconds of Mr. Hurley's first deposition (or 0.1% of the video, which was a total of 362 minutes) and 13 seconds of Mr. Hurley's third deposition (or 0.2% of the video, which was a total of 124 minutes) In any event, with its summary judgment motion Ryanair cited only nine out of 219 pages (4.1%) of Mr. Hurley's first deposition, 34 out of 182 pages of Mr. Hurley's second deposition (18.7%), and 12 out of 136 pages of Mr. Hurley's third deposition (8.8%). These do not constitute a substantial portion of any deposition, nor does Ryanair explain how the depositions, which Booking.com took, were used to resolve material issues.

- Aine Murphy: Ryanair requests costs for an October 4, 2023 invoice for $2,850.40 related to Ms. Murphy's deposition. D.I. 469 at 5. Booking.com objects to this invoice. Ms. Murphy was Ryanair's witness who Defendants deposed. Ryanair did not rely on Ms. Murphy's deposition at trial, and Defendants played only 13 minutes and 24 seconds of her deposition. Her total deposition video was 401 minutes (6 hours and 41 minutes), so only 3.4% of her deposition was used, and only by Defendants, not by Ryanair. Thus, a substantial portion of her testimony was not used at trial. *See Cordance*, 855 F. Supp. 2d at 255 (finding that 12% of a video deposition is not substantial). In addition, no portion of her testimony was used to resolve a material issue.

- Anne Housseau: Ryanair seeks costs for two invoices related to Ms. Housseau's deposition—an October 18, 2023 invoice for $4,027.52 and an October 30, 2023 invoice for $1,882.50. D.I. 469 at 5. Booking.com objects to both invoices. Ryanair played only

23 minutes and 22 seconds of Ms. Housseau's deposition at trial. Her total deposition video was 362 minutes (6 hours and two minutes), therefore, only 6.5% of her deposition was used. Accordingly, a substantial portion of her testimony was not used at trial. *Id.*

- Chris Humphries: Ryanair requests to tax two invoices related to Mr. Humphries' deposition—an October 11, 2023 invoice for $3,383.45 and an October 23, 2023 invoice for $1,220. D.I. 469 at 5. Booking.com objects to both invoices. Mr. Humphries testified live at trial. No portion of his deposition was relied upon at trial, nor used to resolve a material issue. In connection with summary judgment, Ryanair only cited two out of 308 pages of Mr. Humphries' deposition (0.6%), which is not a substantial portion of the deposition.

- Marcos Guerrero: Ryanair seeks costs for two invoices related to Mr. Guerrero's depositions—a December 29, 2023 invoice for $620 and a December 29, 2023 invoice for $2,375.33. D.I. 469 at 5-6. Booking.com objects to both invoices. Mr. Guerrero appeared at trial and testified live; his depositions were not used during the trial. Ryanair relied only on eight out of 315 pages of Mr. Guerrero's first deposition (2.5%), taken in August 2023, for its summary judgment motion, and none of his second deposition. This is not a substantial portion, and Ryanair is not entitled to recover costs for Mr. Guerrero's depositions.

- Anthony Vance: Ryanair requests costs for two invoices related to Mr. Vance's depositions—an October 18, 2023 invoice for $4,263.90 and a May 23, 2024 invoice for $475. D.I. 469 at 5. Booking.com objects to both invoices. Mr. Vance was Ryanair's rebuttal expert, who Defendants deposed. Mr. Vance did not testify at trial and his deposition video was not played. Further, most of Mr. Vance's opinions were limited or

6

excluded under the Court's *Daubert* rulings. None of his testimony was used at all, let alone used to resolve a material issue. *Cordance*, 855 F. Supp. 2d at 253 (costs not recoverable for depositions not used at trial).

- Basil Imburgia: Ryanair seeks to tax costs for two invoices related to Mr. Imburgia's deposition—an October 19, 2023 invoice for $5,236.64 and an October 23, 2023 invoice for $1,557.50. D.I. 469 at 5. Booking.com objects to both invoices. Mr. Imburgia testified live at trial and none of his deposition video was played. His opinions were also limited by the Court's *Daubert* order. Thus, a substantial portion of Mr. Imburgia's deposition was not used to resolve a material issue.

- Iain Lopata: Ryanair requests costs for two invoices related to Mr. Lopata's deposition—an October 17, 2023 invoice for $3,590.40 and an October 27, 2023 invoice for $758. Booking.com objects to both invoices. Mr. Lopata was Ryanair's expert witness, who Defendants deposed. Mr. Lopata testified live at trial, and no portion of his deposition was used or played. Many opinions that were explored during his deposition, particularly related to damages, were heavily limited under *Daubert*.

- Jordan Kelly: Ryanair seeks to tax costs for two invoices related to Ms. Kelly's deposition—an October 11, 2023 invoice for $1,178.50 and an October 17, 2023 invoice for $8,488. Booking.com objects to both invoices. Ms. Kelly did not testify at trial, the video of her deposition was not played, and her opinions were limited by the Court's *Daubert* order. Her deposition did not resolve any material issues.

- Michael O'Leary: Ryanair seeks to tax costs for an October 4, 2023 invoice for $1,680.80 invoice related to the deposition of Mr. O'Leary. Booking.com objects to the invoice. Ryanair played only five minutes and 55 seconds of Mr. O'Leary's deposition video at

7

trial, and Defendants played only seven minutes and seven seconds of the video. The total video of the deposition was 172 minutes, meaning only 7.6% of the deposition was used by either party. This is not a substantial portion of the deposition. *Cordance*, 855 F. Supp. 2d at 255. Further, Ryanair does not explain how the deposition was used to resolve any material issues.

- Timothy O'Neil-Dunne:  Ryanair seeks to tax costs for two invoices related to the deposition of Mr. O'Neil-Dune—a September 28, 2023 invoice for $6,259.52 and a September 29, 2023 invoice for $1,370. Booking.com objects to both invoices. Mr. O'Neil-Dunne did not testify at trial, his deposition video was not played, and his deposition was not used to resolve any material issues.

*Witness Fees.*  Booking.com does not object to the requested costs for witness fees.

*Copies of Papers.*  Booking.com does not object to the requested costs for copies of papers.

*Interest.*  Booking.com does not object to Ryanair's request for $598.80 in prejudgment interest.

## III.   CONCLUSION

For the foregoing reasons, Booking.com respectfully submits that Ryanair's request to tax a total of $76,847.65 in costs related to the following items should be denied: the Hague Convention Request; the hearing transcripts; and all depositions. Booking.com does not object to Ryanair's request for and calculation of prejudgment interest in the amount of $598.80. Booking.com also does not object to Ryanair's request to tax $5,077.23 in costs for filing fees, witness fees, and copies of papers, as described above.

| | |
|---|---|
| OF COUNSEL:<br><br>John H. Hemann<br>Kathleen Hartnett<br>Kristine Forderer<br>Alexander J. Kasner<br>Jessie Simpson LaGoy<br>Hannah Pollack<br>Zoë Helstrom<br>COOLEY LLP<br>3 Embarcadero Center St., 20th Fl.<br>San Francisco, CA 94111<br>(415) 693-2200<br>jhemann@cooley.com<br>khartnett@cooley.com<br>kforderer@cooley.com<br>akasner@cooley.com<br>jsimpsonlagoy@cooley.com<br>hpollack@cooley.com<br>zhelstrom@cooley.com<br><br>Dated: August 15, 2024 | */s/ Jeffrey L. Moyer*<br>Jeffrey L. Moyer (#3309)<br>Alexandra M. Ewing (#6407)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>moyer@rlf.com<br>ewing@rlf.com<br><br>Orin S. Kerr<br>Law Office of Orin S. Kerr<br>334 Law Building<br>Berkeley, CA 94720-7200<br>(510) 664-5257<br>orin@orinkerr.com<br><br>*Attorneys for Defendant/Counterclaim Plaintiff Booking.com B.V.* |

9